UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ, and
RAFAELA VALIENTE,

       Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, and
ANDREA GONZALEZ QUINTERO,

       Defendants.
_____/

## COMPLAINT

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, sue Defendants, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.      **Plaintiff, Delio Batista**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.      Mr. Batista was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.      Mr. Batista was a non-exempt employee of Defendants from about October 2020 to June 20, 2022.

4.      Mr. Batista consents to participate in this lawsuit.

1

5.      **Plaintiff, Carlos Lopez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

6.      Mr. Lopez was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

7.      Mr. Lopez was a non-exempt employee of Defendants from November 15, 2021 through June 16, 2022.

8.      Mr. Lopez consents to participate in this lawsuit.

9.      **Plaintiff, Mariana Lopez**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

10.      Mrs. Lopez was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

11.      Mrs. Lopez was a non-exempt employee of Defendants from about September 2021 to July 8, 2022.

12.      Mrs. Lopez consents to participate in this lawsuit.

13.      **Plaintiff, Rafaela Valiente**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

14.      Ms. Valiente was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

15.      Ms. Valiente was a non-exempt employee of Defendants from October 2020 to June 2022.

16.      Ms. Valiente consents to participate in this lawsuit.

17.      **Defendant, Avant Assurance Inc**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business

2

in Miami-Dade County.

18.     **Defendant, Reinier Cortes,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiffs' wages.

19.     **Defendant, Andrea Gonzalez Quintero,** was and is an owner / officer / director of the corporate Defendant for the relevant time period. She also ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiffs' wages.

20.     Defendants were Plaintiffs' direct employers, joint employers, and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

21.     This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

22.     Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most, if not all of the operational decisions were made in this District, while Plaintiffs worked in Miami-Dade County, where payment was to be received.

23.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

24.     Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA OVERTIME WAGE VIOLATION(S)

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, reincorporate and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

25.     Defendants have been, at all times, material engaged in interstate commerce in the course of their marketing, sales, and service of health and other insurance services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

26.     Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

27.     Furthermore, Defendants engage in interstate commerce in their submission of billings and receipt of payment involving out-of-state insurers and customers.

28.     Defendant's corporate annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or exceeded $125,000.00 for each relevant fiscal quarter.

29.     Defendants own and operate an insurance agency that markets and sells health insurance policies to clients using computers, software, phones, computer networking equipment, toner, printers, pens, paper, supplies, furniture, phone systems, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

30.     Defendants regularly and routinely place and receive packages engaged in interstate commerce to conduct their business.

4

31.     Defendants also regularly and routinely exchanged digital information outside of the State of Florida in the course of their submitting insurance policy applications and corresponding with potential and actual customers.

32.     Plaintiffs were each engaged in interstate commerce for Defendants in their course of their regular and recurrent sales of health insurance policies to customers located outside of the State of Florida, which involved their regular and recurrent communication with both people and insurers located outside of the State of Florida.

33.     Plaintiffs worked for Defendants from Defendants' office.

34.     Defendants provided the computers, software, and telephones for Plaintiffs to use in their work

35.     Defendants provided the inbound leads for Plaintiffs to market/sell to.

36.     Defendants provided the telephone lines for Plaintiffs to use in their work.

37.     Defendants controlled all job-related activities of Plaintiffs.

38.     Defendants coordinated all job-related activities of Plaintiffs.

39.     Defendants provided Plaintiffs with the forms to utilize in their work.

40.     Defendants supervised Plaintiffs in their work.

41.     Defendants provided Plaintiffs a schedule of when they needed to be in the office.

42.     Plaintiffs regularly and routinely worked for Defendants more than 40 hours per week during the "open enrollment" period that runs from November 1 to January 15.

43.     Defendant failed and refused to pay Plaintiffs overtime wages calculated at time and one-half of their regular hourly rate(s) of pay for the hours that each worked beyond 40 hours in any given workweek.

5

44.     Defendants willfully and intentionally refused to pay Plaintiffs wages at a rate of time and one-half times their regular rate(s) of pay for the overtime hours each worked prior to the filing of the Complaint.

45.     Defendant either recklessly failed to investigate whether their failure to pay Plaintiffs an overtime wage for the hours they worked during the relevant time period violated the Federal Wage Laws of the United States, Defendants intentionally misled Plaintiffs to believe that Defendants were not required to pay an overtime rate of at one and one-half times Plaintiffs' regular rate(s) of pay, Defendants failed to post the required notice(s) regarding minimum wage and overtime pay, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiffs the overtime pay earned.

46.     Plaintiffs are entitled to a backpay award of overtime wages for all overtime hours they worked prior to the filing of the initial Complaint, plus an equal amount as liquidated damages, plus all attorneys' fees and costs

WHEREFORE Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, demand the entry of a judgment in their favor and against Defendants, Avant Assurance Inc, Reinier Cortes, and Andrea Gonzalez Quintero, jointly and severally, after trial by jury and as follows:

a.     That Plaintiffs recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiffs recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

c.      That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.      That Plaintiffs recover all interest allowed by law;

e.      That Defendants be Ordered to make Plaintiffs whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.      That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.      Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## (AGAINST AVANT ASSURANCE INC.)

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, reincorporate and re-allege paragraphs 1 through 24 as though set forth fully herein and further alleges as follows:

47.      Through this claim, Plaintiffs seek recover of the "pure gap time" wages that they worked and earned, but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

48.      Plaintiffs and Defendant agreed that in exchange for Plaintiffs expending time and effort on its behalf, it would compensate each as follows as their commission payment:

---

[1]      *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

**II-**    **Insurance Company - Tier 1 (Per Member)**

| Ambetter | Friday | Oscar |
|----------|--------|-------|
| $35.00 | $35.00 | $35.00 |

**III-**    **Insurance Company - Tier 2 (Per Member)**

| Aetna | BCBSTX | Cigna | UHC | Bright |
|-------|--------|-------|-----|--------|
| $20.00 | $20.00 | $20.00 | $20.00 | $20.00 |

**IV-**    **Insurance Company – Tier 3 (Per Member)**

| Anthem | BCBSIL | Molina |
|--------|--------|--------|
| $5.00 | $5.00 | $5.00 |

49.    Defendant also offered, and Plaintiffs each accepted, a non-discretionary bonus that was based on the policies sold by Plaintiffs.

50.    Plaintiffs performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

51.    Defendants, however, failed and refused to perform its obligation to timely pay Plaintiffs the commissions and bonuses that each earned while working for Defendant.

52.    Plaintiffs have been damaged as a result of Defendant's failure to pay them at the agreed-upon rates for the commissions and bonuses they earned in a timely manner.

WHEREFORE Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, demands the entry of a judgment in their favor and against Defendant, Avant Assurance Inc, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

<u>COUNT III – UNJUST ENRICHMENT</u>

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, reincorporates and re-alleges paragraphs 1 through 12 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

53.     Through this claim, Plaintiffs seek recover of the "pure gap time" wages that they worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

54.     Plaintiffs provided labor and services for Defendant, and it received and accepted the benefits of the labor and services supplied by her.

55.     Plaintiffs expected to be paid a reasonable value for the labor and services they provided to Defendant.

56.     Plaintiffs provided services on behalf of Defendant for its business, as requested, they submitted insurance policies through Defendant for which Defendant was paid, and Defendant received and accepted the benefits of the work, efforts, and labor that Plaintiffs provided.

57.     Defendant was unjustly enriched in that it failed and refused to make payment in the appropriate amount to Plaintiffs for the benefits they conferred upon it in selling insurance policies for Defendant.

WHEREFORE Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, demand the entry of a judgment in their favor and against Defendant, Avant Assurance Inc, after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs

---

[2]     *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, demands a trial by jury of all issues so triable.

Respectfully submitted this 23rd day of August 2022,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:  305.230.4884
> *Counsel for Plaintiffs*

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*
