UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22671-CIV-ALTONAGA/Torres

DELIO BATISTA, *et al.*,

      Plaintiffs,

v.

AVANT ASSURANCE INC., *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion for Extension of Discovery Deadline [ECF No. 47], filed on February 7, 2023. The parties seek to alter the deadlines contained in the Scheduling Order [ECF No. 18], entered on October 27, 2022. (*See generally* Mot.).[1] The parties request a 60-day extension of the discovery deadline, as well as corresponding extensions to the deadlines to file pre-trial motions and certain pre-trial documents. (*See generally id.*).[2]

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g., Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears in the header on all filings.

[2] The parties begin with a request for a 60-day "extension of time to conduct discovery" (Mot. 1), yet subsequently seek "an extension of the discovery deadline . . . from March 6, 2023 to April 6, 2023" (*id.* ¶ 9). The parties' Proposed Order [ECF No. 47-1] presumably attempts to reflect a 60-day extension but shows the new deadline as May 6, 2022 — not May 6, 2023. (*See id.*). Further complicating matters, May 6, 2023 is a Saturday. The Court will grant the 60-day request, but the new discovery deadline will be May 8, 2023. The parties are cautioned to carefully review future filings.

CASE NO. 22-22671-CIV-ALTONAGA/Torres

have recognized that Rule 16[b]'s good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration added; other alteration adopted; citations omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)).

The parties have minimally satisfied this standard. Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Joint Motion for Extension of Discovery Deadline **[ECF No. 47]** is **GRANTED in part**. The Scheduling Order **[ECF No. 18]** is amended as follows:

1. **May 8, 2023**. All discovery, including expert discovery, is completed.

2. **May 15, 2023**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that Daubert motions must contain the Local Rule 7.1(a)(3) certification**.

3. **June 12, 2023**. Parties must file and submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine* which may exceed the page limits allowed by the Rules. **The parties are reminded that motions in *limine* must contain the Local Rule 7.1(a)(3) certification**.

4. **No extensions of time will be given for response and reply memoranda.**

CASE NO. 22-22671-CIV-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 8th day of February, 2023.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3