UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
MARIANA LOPEZ,
CARLOS LOPEZ, AND
RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ
QUINTERO,

    Defendants.
_____/

## **PLAINTIFFS' MOTION FOR DISCOVERY HEARING**

Plaintiffs, by and through their undersigned counsel, request this Court to hold a discovery hearing before Magistrate Judge Edwin G. Torres at **2:30 p.m. on May 18, 2023** to define the scope of inquiry for the deposition of Defendant, Andrea Gonzalez, and the depositions all other witnesses, and states the following:

1. Avant Assurance, Inc. ("Avant") is an insurance agency.

2. Plaintiff served Avant with a Corporate Representative Deposition Notice pursuant to Federal Rule 30(b)(6) on or around March 29, 2023. *See* Exhibit A.

3. Avant assigned Defendant, Reiner Cortes, as the corporate representative for purpose of deposition.

4. Avant did not advise Plaintiffs that the corporate representative role would be split amongst more than one employee/officer to address the areas of inquiry in the Rule 30(b)(6) notice.

5. The corporate representative deposition was conducted on April 11, 2023.

6. Defendant, Andrea Gonzalez, is the vice president of Avant.

7. Her deposition commenced on April 12, 2023.

8. During her deposition, defense counsel frequently objected that questions being asked by the undersigned were improper because Ms. Gonzalez was not a corporate representative and she was only produced to answer questions about her personal involvement with Avant. *See e.g.* Exhibit B, Gonzalez Depo. at p.17:6-11; p.18:8-9; p.18:15-16; p.26:21-24.

9. In particular, defense counsel stated that Plaintiffs should "re-notice [Ms. Gonzalez] as a corporate officer" so that she could answer questions being posed to her. *Id.* at p.17:12-13.

10. Ms. Gonzalez refused to answer a question as simple as what types of equipment Avant's sales agents use to do their jobs. *Id.* at pp.27:20 -28:1.

11. Ms. Gonzalez determined that she was "not authorized to discuss legal matters" or "any matters of the company of Avant." *Id.* at p.27:10-19.

12. More specifically, she stated that she would only answer questions "regarding Andrea Gonzalez as a person". *Id.* at p.27:1-5.

13. It appears that Defendants believe an employee of a company cannot be asked questions about how the company works unless the Plaintiffs designate the deponent as a corporate representative. *Id.* at p.23:11-24.

14. As a result, Ms. Gonzalez's deposition was impeded, and unnecessary time and expense was wasted because a court reporter and Spanish interpreter had to be hired, and now have to be rehired to complete her deposition. *Id.*

15. Therefore, Plaintiff requests this Court to allow any and all non-harassing and non-privileged deposition questions to be asked of Ms. Gonzalez and any other Avant employee, with the understanding that their responses do not bind the corporation.

## **LOCAL RULE 7.1 CERTIFICATION**

Undersigned counsel had extensive dialogue with Defense counsel on the record during the above-referenced deposition regarding their respective positions on the issue presented in the motion. Defense counsel was advised on the record that this matter would be presented to the Court. The dialogue can be read in the deposition transcript attached as Exhibit B.

Dated May 4, 2023.

> *s/*Toussaint Cummings, Esq.
> Toussaint Cummings, Esq.
> Fla. Bar No. 119877
> toussaint@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:   305.230.4884
> *Counsel for Plaintiff*