UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ, and
RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, and
ANDREA GONZALEZ QUINTERO,

    Defendants.
_____/

**DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendants, AVANT ASSURANCE INC., and REINIER CORTES, and ANDREA GONZALEZ QUINTERO, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, Defendants hereby submits the following facts in support of her Motion for Partial Summary Judgment:[1]

**UNDISPUTED FACTS**

1. The Plaintiffs consist of four (4) collective insurance sales agents' [hereinafter referred to "Plaintiffs"]. The Plaintiffs complaint alleges "were each employee['s] of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e). (Complaint ¶¶ 1-CMF 1) and that each were "non-exempt employee of Defendants from about October 2020 to June 20, 2022". (Complaint ¶¶ 2 ). The Plaintiff's lawsuit is against

1

Defendant, AVANT ASSURANCE INC., A Florida Corporation, [hereinafter referred to as "AVANT"] and the company's President/Owner, Renier Cortes, individually [hereinafter referred to as 'CORTES"] and its managing officer , ANDREA GONZALES QUINTERO. [hereinafter referred to as "ANDREA'].

2.  Count one (1) of Plaintiff's complaint alleges Plaintiffs are entitled to and seeking unpaid and owed overtime wages in violation of FLSA. (Complaint, pg. 3). The remaining counts II & III consist of Breach of Contract pursuant to Fla. Stat. §448.08 and Unjust Enrichment, respectively, for work "Plaintiffs performed under the parties' contract/agreement by performing work for Defendants. (Complaint ¶¶ 50) based on the insurance policies sold by Plaintiffs and alleges Plaintiffs are owed "commissions and bonuses" based on the policies sold by Plaintiffs. (Complaint ¶¶ 46-52 ).

3.  Essentially, the plaintiff' complaint seek "backpay award of overtime wages for all overtime hours they worked prior to the filing of the initial Complaint, plus an equal amount as liquidated damages, plus all attorneys' fees and costs" (Complaint ¶¶ 3" further alleging " Defendants were Plaintiffs' direct employers, joint employers, and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).  (Complaint ¶¶ 20). .

4. Interestingly, plaintiff's 53 paragraph complaint, about 46 said paragraphs all relate to or involve the FLSA Count for overtime with only three (3) paragraphs alleging generally without any supporting facts that "Defendants acted "willfully' and "recklessly" [Complaint ¶¶ 43 & 44]. The remaining 3-5 paragraphs referring to Count II contact and Unjust Enrichment, which incidentally was not pled in the alternative, alleging "Plaintiffs seek recovery of the "pure gap time" wages that they worked and earned, but did not

receive'(Complaint ¶¶ 47) that were "performed under the parties' contract/agreement by performing work' (Complaint ¶¶ 50).

5. The Plaintiff's lawsuit alleges that the Jurisdictional Basis of Plaintiff's action is based on Defendants were Plaintiffs' direct employers, joint employers, and co-employers, as that term "employer" is defined by 29 U.S.C. §203 and (2) and that , "this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim. (Complaint ¶¶ 20 & 21).

### A. Job Description Of The Parties Work

9. In short, the description of what the parties work and position entailed Plaintiff alleges relate to FLSA overtime and contract allege Plaintiffs "submitted insurance policies for which Defendant was paid, received and accepted the benefits of the work, efforts, and labor that Plaintiffs provided"(Complaint ¶¶ 56 ) i.e "marketing, sales, and service of health and other insurance services " ( Complaint ¶¶ 20] involving "insurance agency that markets and sells health insurance policies to clients" (Complaint ¶¶ 29) and "submitting insurance policy applications and corresponding with potential and actual customers" and "regular and recurrent sales of health insurance policies to customers " (Complaint ¶¶ 30-32)

19. At all times material to this action as it pertains to each of the Plaintiff's, each of the Plaintiffs were solely in the capacity of Independent Contractors who, at their own insistence and request, would be paid with a W-2 and listed as 1099 independent contractors. (Defendant Renier Cortes deposition P. 66, L. 16-20; P. 68, L. 10-20) .

20. According to the Plaintiff's Statement of Claim (CME Number 32), Plaintiff Mariana Lopez seeks overtime during the open enrollment period from November 1st 2021 – January 31st 2022.,

claims entitlement to minimum wages not pled in the complaint, and notwithstanding purported commissions and bonuses owed, indicates **Mariana Lopez**, Plaintiff was paid a total of $82,495.00 in commissions in 2021 and 2022. (CMF #32 statement of Claim P. 3); Plaintiff Carlos Lopez was paid $53,455.00 in commissions in 2022.(CMF #32 at page 3); Plaintiff Rafaela Valiente was paid $58,630.00.00 in commissions in 2022.(CMF #32 page 3),; and Plaintiff Delio Batista paid $72,845.00 in commissions in 2022.(CMF #32 page 4-5).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via electronic communication this 15TH DAY OF May, 2023 with the Clerk of Court and served upon all Counsel of Record.

    **Daniel E. Tropp**

Daniel E. Tropp, Esq.
Florida Bar No.: 948128
4000 Ponce de Leon Blvd. Ste 470
Coral Gables, FL 33146
Tel.: (305) 777 0377
Primary Email: dantropp@cuetolawgroup.com
Secondary email dantroppesq@gmail.com