UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671

DELIO BATISTA, CARLOS
LOPEZ, MARIANA LOPEZ,
and RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC., REINIER
CORTES, and
ANDREA GONZALEZ QUINTERO,

    Defendants.
_____/

**MOTION FOR SUMMARY JUDGMENT & INCORPORATED
MEMORANDUM OF LAW**

COMES NOW the Defendants, AVANT ASSURANCE INC., and REINIER CORTES, and ANDREA GONZALEZ QUINTERO, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, and file this, their Motion for Summary Judgment and Incorporated Memorandum of Law against Plaintiffs as follows:

    **a.**   **UNDISPUTED FACTS**

    1.    The Plaintiffs consist of four (4) collective insurance sales agents' [hereinafter referred to "Plaintiffs"]. The Plaintiffs complaint alleges "were each employee['s] of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e). (Complaint ¶¶ 1-CMF 1)and that each were "non-exempt employee of Defendants from about October 2020 to June 20,2022". (Complaint ¶¶ 2 ). The Plaintiff's lawsuit is against Defendant, AVANT

1

ASSURANCE INC., A Florida Corporation, [hereinafter referred to as "AVANT"] and the company's President, Renier Cortes, individually [hereinafter referred to as 'CORTES"] and its managing officer, ANDREA GONZALES QUINTERO. [hereinafter referred to as "ANDREA'].

2. Count one (1) of Plaintiff's complaint alleges Plaintiffs are seeking unpaid and owed **overtime** wages in violation of FLSA. (Complaint, pg. 3). The remaining counts II & III consist of Breach of Contract pursuant to Fla. Stat. §448.08 and Unjust Enrichment, respectively, for work "Plaintiffs performed under the parties 'contract/agreement by performing work for Defendants. (Complaint ¶¶ 50) based on the insurance policies sold by Plaintiffs and alleges Plaintiffs are owed "commissions and bonuses" based on the policies soldby Plaintiffs. (Complaint ¶¶ 46-52 **)**.

3. Essentially, the plaintiff' complaint seek "backpay award of overtime wages for all overtime hours they worked prior to the filing of the initial Complaint, plus an equal amount as liquidated damages, plus all attorneys' fees and costs" (Complaint ¶¶ 3" further alleging "Defendants were Plaintiffs' direct employers, joint employers, and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). (Complaint ¶¶ 20). .

4. Interestingly, plaintiff's 53 paragraph complaint, about 46 said paragraphs all relate to or involve the FLSA Count for overtime with only three (3) paragraphs alleging generally without any supporting facts that "Defendants acted "willfully' and "recklessly" [Complaint ¶¶ 43 & 44]. The remaining 3-5 paragraphs referring to Count II contact and Unjust Enrichment, which incidentally was not pled in the alternative, alleging "Plaintiffs seek recovery of the "pure gap time" wages that they worked and earned, but did not

receive'(Complaint ¶¶ 47) that were "performed under the parties' contract/agreement by performing work' (Complaint ¶¶ 50).

5. The Plaintiff's lawsuit alleges that the Jurisdictional Basis of Plaintiff's action is based on "Defendants were Plaintiffs' direct employers, joint employers, and co-employers, as that term "employer" is defined by 29 U.S.C. §203 and (2) and that , "this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim. (Complaint ¶¶ 20 & 21).

### b. MOTION

6. Defendants, AVANT ASSURANCE INC., and REINIER CORTES, and ANDREA GONZALEZ, move this Court for entry of a summary judgment finding that where Plaintiffs, DELIO BATISTA, CARLOS LOPEZ, MARIANA LOPEZ, and RAFAELA VALIENTE, were independent contractors not subject to FLSA for purpose of overtime wages, that their positions were not subject to FLSA for the purpose of overtime wages, and further, that their position further meet the Outside Sales Retail, the Administrative, and Salary Test Exemptions. The Plaintiffs simply need to show one exemption and under any facts and law applicable herein clearly and squarely meet all four exemptions therefor Plaintiffs have no claim under the FLSA as a matter of law and judgment

### c. Legal Standard for Summary Judgment

7. Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to

the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox.*, 64 F.3d 590, 593 (11th Cir. 1995) (per curiam) (quoting Celotex, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.v. Zenith Radio Corp*. 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); see also Celotex, 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; see also *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The Court must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Anderson, 477 U.S. at 251-52)).

d. MEMORANDUM OF LAW AND ARGUMENT

i. The Plaintiff/Insurance sales agents are independent contractors exempt from the FLSA

8. On January 7, 2021, the Department published a final rule titled "Independent Contractor Status Under the Fair Labor Standards Act," with an effective date of March 8, 2021 (2021 IC Rule). *See* 86 FR 1168. The 2021 IC Rule set forth regulations to be added to a new part (part 795) in title 29 of the Code of Federal Regulations titled "Employee or Independent Contractor Classification

under the Fair Labor Standards Act, providing guidance on the classification of independent contractors under the FLSA applicable to workers and businesses in any industry. The 2021 IC Rule also addressed the Department's prior interpretations of independent contractor status in 29 CFR 780.330(b) and 788.16(a)—both of which applied to specific industries—by cross-referencing part 795. See 86 FR 1246-48. The 2021 IC Rule explained that independent contractors are not employees under the FLSA and are therefore not subject to the Act's minimum wage, overtime pay, or recordkeeping requirements. It adopted an economic reality test under which a worker is an employee of an employer if that worker is economically dependent on the employer for work. "By contrast, the worker is an independent contractor if the worker is in business for themself. *Id.* at 1168, 1246 (§ 795.105(a) & (b)).

    ii. **Plaintiff /Insurance Agents are exempt from FLSA based on the Outside Sales, Administrative and Salary Test Exemptions .**

9. Section 13(a)(1) of the FLSA provides an exemption from the statute's minimum wage and overtime requirements for "any employee employed . . . in the capacity of outside salesman." The Department's regulations define that phrase as including "any employee": (1) Whose primary duty is: (i) making sales within the meaning of section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and (2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty. 29 C.F.R. § 541.500. "Primary duty" means "the principal, main, major, or most important duty that the employee performs." 29 C.F.R. § 541.700. Section 3(k) of the FLSA defines "sale" as "any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." See also 29 C.F.R. § 541.501. U

5

10. Under 29 C.F.R. § 541.701, "[t]he phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks." The regulations provide further guidance regarding what it means to be "engaged away from the employer's place of business" for purposes of 29 C.F.R. § 541.500. "The outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home. Outside sales does not include sales made by mail, telephone or the Internet unless such contact is used merely as an adjunct to personal calls." 29 C.F.R. § 541.502. Outside sales employees may perform promotional work as an exempt outside sales activity if it "is actually performed incidental to and in conjunction with an employee's own outside sales or solicitations." 29 C.F.R. § 541.503. Whether promotional work is to be considered exempt is determined on a case-by-case basis. Id.

11. Finally, the Plaintiffs/Agents qualify for the outside sales exemption even though they perform some activities at their employers' place of business, so long as the inside sales activity is incidental to and in conjunction with qualifying outside sales activity. See 69 Fed. Reg. 22,160, 22,163 (Apr. 23, 2004) (copy enclosed); 29 C.F.R. §§ 541.500(b); *Olivo v. GMAC Mortgage* Co., 374 F. Supp. 2d 545, 551 (E.D. Mich. 2004). The performance of activities related to the sales of insurance and financial products made outside the employer's place of business does not disqualify the agents from the exemption. Activities such as making phone calls, sending e-mails, and meeting with clients in the office are considered exempt if performed incidental to or in conjunction with the agent's outside sales activities. 29 C.F.R. § 541.503; FOH § 22e02; Opinion Letter FLSA2006-11 (Mar. 31, 2006).

12. Therefore, taking facts applicable to each individual Plaintiff/Insurance sales agents, there is no question under facts and law that Plaintiffs qualify for the outside sales exemption, since each of their job duties match the duties described above thereby making each exempt from the minimum wage and overtime requirements of the FLSA. The salary basis test is inapplicable to outside sales employees. 29 C.F.R. § 541.500(Section 13(a)(1) of the FLSA provides a minimum wage and overtime pay exemption for any employee employed in a bona fide administrative capacity as defined in 29 C.F.R. Part 541. An employee may qualify for an exemption if all of the duties and salary tests are met.

13. Under 29 C.F.R. § 541.200(a), "employee employed in a bona fide administrative capacity" means "any employee": (1) Compensated on a salary or fee basis at a rate of not less than $455 per week ; (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.  Based upon the amounts of compensation the Plaintiffs themselves have conceded in their own Plaintiffs statement of facts , they clearly  meet the salary basis test. "Work directly related to the management or general business operations" of the employer refers to work in such functional areas as quality control, research, and marketing. 29 C.F.R. § 541.201(b). An employee's primary duty is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Section 541.203 includes specific examples of occupations that would generally meet the administrative duties test, including in paragraph (b) "[e]mployees in the financial services industry" who perform duties as the agents described in their own complaint statement of the case.

14. The Plaintiffs are considered to meet the duties requirements for the administrative exemption since their duties include: work such as collecting and analyzing information regarding the customer's income, assets, investments or debts; determining which financial products best meet the customer's needs and financial circumstances; advising the customer regarding the advantages and disadvantages of different financial products; and marketing, servicing or promoting the employer's financial products. Servicing existing customers, promoting the employer's financial products, and advising customers on the appropriate financial product to fit their financial needs are duties directly related to the management or general business operations of the Defendants or Defendant's customers, and which require the exercise of discretion and independent judgment. Defining and Delimiting the Exemption for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 21,122, 22,146 (Apr. 23, 2004); see also *Hogan v. Allstate Ins*. Co., 361 F.3d 621 (11th Cir. 2004); *Reich v. John Alden Life Ins. Co*., 126 F.3d 1 (1st Cir. 1997); *Wilshin v. Allstate Ins. Co., 212 F. Supp. 2d 1360* (M.D. Ga. 2002); Opinion Letter FLSA2006-43 (Nov. 27, 2006).

15. The Plaintiff/Insurance sales agents satisfy the duties requirements of the administrative exemption by performing office or non-manual work directly related to the management or general business operations of the employer, and by performing duties that include the exercise of discretion and independent judgment with respect to matters of significance. See 29 C.F.R. §§ 541.200(a)(2)-(3); 541.203(b).  Each of the four (4) Plaintiff/agents satisfy the duties requirements of the administrative exemption—the agents service their employer's financial services business by engaging in promotion and business development activities, including the marketing, servicing, and promoting of the employing firm's insurance and financial services and products, and by making themselves visible to the appropriate segments of the public in order to meet and retain potential

new clients for their employing firm. See *Hogan,* 361 F.3d at 626-28 (insurance agents administratively exempt who serviced and advised existing customers, adapted customer's policies to their needs, promoted sales, and hired and trained staff, among other duties); *John Alden*, 126 F.3d at 8-14 (administrative exemption applied to insurance marketing representatives who represented company to third party agents, promoted sales, and kept informed about market to help match products with customer needs); *Wilshin*, 212 F. Supp. 2d at 1376-79 (administrative exemption applied to insurance agents who stayed knowledgeable about market and needs of customers, recommended products to clients, provided claims help, promoted company, and directed day-to-day affairs of the office).

16. The Plaintiff/agents duties are to sell insurance to current and prospective clients and compare and evaluate insurance products to develop individualized advice and strategies for each client based upon each client's insurance and financial status, risk tolerance, needs, and objectives, thus satisfying this element of the administrative exemption. Therefore, although each Plaintiff/Agent unequivocally and on an individual basis qualifies for the above stated exemptions, since their primary duties would be exempt from the minimum wage and overtime requirements of the FLSA.

17. Finally, an administrative employee's work must be "office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2).  These regulations give examples of such duties in an illustrative list of "work in functional areas such as tax; finance; accounting; budgeting; auditing; **insurance;** quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; … legal and regulatory compliance; and similar activities."  29 C.F.R. § 541.201(b). (Emphasis added)

ii. **Plaintiffs Count II & III Contract Supplemental claims seeking "GAP" time fails.**

The Plaintiffs contractual based supplemental causes of action in their Counts I & II both state in their complaint on both counts :

" Plaintiffs seek to recover the "pure gap time" wages that they worked and earned, but did not receive. See e.g., *Jernigan v. 1st Stop Recovery, Inc*., 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp*., 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996)." (complaint counts II & III)

18. The cases cited and relied upon by Plaintiff, upon inspection, hold "Courts widely agree that there is no cause of action under the FLSA for "pure" gap time wages—that is, wages for unpaid work during pay periods without overtime. *See, e.g., Nakahata,* 723 F.3d at 201 ("[T]he FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime") Id. .

19. The *Altare* case held, "Where a plaintiff's state law claims are merely the FLSA claims recast in state law terms, those state law claims are preempted by the FLSA." *Garcia v. Nachon Enters., Inc*., 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016); *Bule v. Garda CL Southeast, Inc*., No. 14-21898, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014) (unjust enrichment claim preempted where plaintiffs "[pled] under a theory of unjust enrichment to avoid the statutory framework of the FLSA" and asserted claims "dependent on a finding of the same violations of the FLSA"). But it's not clear whether a claim for unjust enrichment survives a preemption challenge where it's pled solely as an *alternative* to the FLSA. *See e.g*., *Botting v. Goldstein*, No. 15-CV-62113, 2015 WL 10324134, at *3-4 (S.D. Fla. Dec. 21, 2015).

## CONCLUSION

**WHEREFORE**, Defendants prays that this Court grant its motion in all respects along with such other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via CMF efiling portal .to attorney for Plaintiffs on May 16, 2023.

          Respectfully submitted,
          **CUETO LAW GROUP P.L.**
          Attorneys for Employer/Contractor
          4000 Ponce de Leon Blvd.,
          Suite 470 Coral Gables, Florida 33146
          Tel.:   (305) 777-0377
          By: */s/* Daniel E. Tropp, Esq.
          Fla. Bar #948128
          Tel.: (direct line) (786) 306-1293
          Email: dantroppesq@gmail.com


          By: **Daniel Tropp**
          _____
          **DANIEL E. TROPP, ESQ.**
          Fla. Bar Lic. #948128