UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22671-CIV-ALTONAGA/Torres

**DELIO BATISTA**, *et al.*,

    Plaintiffs,

v.

**AVANT ASSURANCE INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs' Amended Second Motion for Extension of Discovery Deadline *Nunc Pro Tunc* [ECF No. 62], filed on May 16, 2023. Plaintiffs seek to again extend the case's discovery period (*see generally* Mot.), which the Court previously extended by two months (*see generally* February 8, 2023 Order [ECF No. 48]). Plaintiffs advise that Defendants have "no objections to the motion." (Mot. 2).[1]

Plaintiffs request an additional 45 days to conduct discovery; but they otherwise make no mention of how such an extension will impact this case's remaining deadlines, including the June 27, 2023 calendar call. (*See generally id.*). According to Plaintiffs, the additional time is required because of outstanding issues regarding "the scope of allowable inquiry" during a deposition that occurred on April 12, 2023. (*Id.* ¶¶ 3–4). A hearing on the matter is to be held on May 18, 2023, following which Plaintiffs claim to need "additional time . . . to depose Defendants' witnesses." (*Id.* ¶ 5).

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears in the header on all filings.

CASE NO. 22-22671-CIV-ALTONAGA/Torres

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g.*, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16[b]'s good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration added; other alteration adopted; citations omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)).

Plaintiffs have — once more — "minimally satisfied this standard." (Feb. 8, 2023 Order 2). A brief extension is warranted to account for the upcoming discovery hearing and any discovery that may be permitted. But Plaintiffs' concerns over the scope of a single deposition do not support the requested 45-day extension, particularly considering the extension that has already been provided. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 62]** is **GRANTED in part**. The Scheduling Order **[ECF No. 18]** and February 8, 2023 Order **[ECF No. 48]** are amended as follows:

1. **June 2, 2023**. All discovery, including expert discovery, is completed.

2. **No extensions of time will be given for response and reply memoranda to pretrial motions, including those for Defendants' Motion for Summary Judgment [ECF No. 63].**

CASE NO. 22-22671-CIV-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 17th day of May, 2023.

*[signature]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record