UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22671-CIV-ALTONAGA/Torres

**DELIO BATISTA**, *et al.*,

    Plaintiffs,

v.

**AVANT ASSURANCE INC.**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants Avant Assurance, Inc., Reinier Cortes, and Andrea Gonzalez Quintero's Motion for Summary Judgment [ECF No. 63], filed on May 16, 2023. Defendants also filed a Statement of Material Facts (the "SOF") [ECF No. 59] on May 15, 2023. The SOF and the Motion are both deficient.

The SOF fails to comply with Local Rule 56.1. (*See generally* SOF). Specifically, the SOF must: (1) "[n]ot exceed ten pages in length[;]" (2) "[c]onsist of separately numbered paragraphs, limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to particulars part of record material[;]" and (3) either "provide the ECF number of all previously filed materials used to support the Statement of Material Facts[,]" or "[i]f not already in the record on CM/ECF," attach the materials "as exhibits specifically titled within the CM/ECF system[.]" Local Rule 56.1(b)(1)(A), (B) (alterations added).

While the SOF contains "separately numbered paragraphs," each paragraph does not appear to be "limited as far as practicable to a single material fact[.]" Local Rule 56.1(b)(1)(B); (*see, e.g.*, SOF ¶ 20 (detailing overtime claims of each individual Plaintiff)). More troublesome, however, is Defendants' failure to attach the necessary exhibits, despite referring to external

Case No. 22-22671-CIV-ALTONAGA/Torres

materials "not already in the record on CM/ECF[.]" Local Rule 56.1(b)(1)(B); (*see, e.g.*, SOF ¶ 19 (citing a deposition transcript not filed with the Court)).[1]

Putting aside the SOF's issues, Defendants' Motion also suffers from its own flaws. Namely, the Motion fails to cite either the SOF or any other record materials. (*See generally* Mot.). "The Court is under no duty to scour the record for facts not cited by the parties[,]" *Nixon v. Nationwide Mut. Ins. Co.*, No. 15-cv-00186, 2017 WL 4538921, at *4 (N.D. Ala. Oct. 11, 2017) (alteration added; citations omitted); nor is the Court aware of how it might determine whether a genuine dispute of material fact exists without Defendants properly identifying those facts in the first instance, *see* Federal Rule of Civil Procedure 56(a) ("The court shall grant summary judgment *if the movant shows* that there is no genuine dispute as to any material fact[.]" (alteration and emphasis added)).

The Local Rule serves "to make review of summary judgment motions less burdensome on the Court." *Carolina Acquisition, LLC v. Double Billed, LLC*, 627 F. Supp. 2d 1337, 1339 (S.D. Fla. 2009) (citation and quotation marks). The Local Rule is also consistent with determining the appropriateness of summary judgment under the Federal Rules of Civil Procedure. *See Phillips v. City of Dawsonville*, 499 F.3d 1239, 1241 (11th Cir. 2007) ("Summary judgment is appropriate *when no genuine issue of material fact exists* and the moving party is entitled to judgment as a matter of law." (emphasis added; citation omitted)). Both the Court and the litigants are served well by adhering closely to the requirements of both sets of Rules. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 63]** is **DENIED without prejudice**. Should Defendants wish to refile a properly supported motion for summary

---

[1] The SOF contains paragraphs 1–5, paragraph 9, and paragraphs 19 and 20. The Court relies on the paragraph numbering providing by Defendants within the SOF but is left to wonder as to the status of paragraphs 6–8 and 10–18.

Case No. 22-22671-CIV-ALTONAGA/Torres

judgment — and an accompanying statement of facts compliant with the Local Rules — they must do so by **May 19, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of May, 2023.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record