UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ, and
RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, and
ANDREA GONZALEZ QUINTERO,

    Defendants.
_____/

## DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendants, AVANT ASSURANCE INC., and REINIER CORTES, and ANDREA GONZALEZ QUINTERO, by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendants hereby submits the following facts in support of her Motion for Partial Summary Judgment:

### FACTS NOT GENUINELY DISPUTED

1. The four (4) collective Plaintiffs, DELIO BATISTA CARLOS LOPEZ, MARIANA LOPEZ, and RAFAELA VALIENTE [hereinafter referred to "Plaintiffs"] allege in their complaint that "Plaintiffs were each engaged in interstate commerce for Defendants in their course of their regular and recurrent sales of health insurance policies to customers…" (ECF No. 1, Complaint ¶¶ 32)

2. The Plaintiff's lawsuit alleges Defendant, AVANT ASSURANCE INC., A Florida Corporation, [hereinafter referred to as "AVANT"] and the company's owner/officer director, Reiner Cortes, individually [hereinafter referred to as 'CORTES"] and its owner/officer/director, ANDREA GONZALES QUINTERO. [hereinafter referred to as "ANDREA']" (ECF No. 1, Complaint ¶¶'s 17-19)

3. The Defendants are in the business of "marketing, sales, and service of health and other insurance services…" (ECF No. 1 Complaint ¶¶ 25)

4. Count one (1) of Plaintiff's complaint alleges Plaintiffs are entitled to and seeking unpaid and owed overtime wages in violation of FLSA. (ECF No. 1, Complaint, pg. 3, ¶¶ 21).

5. The Plaintiffs FLSA overtime violation claim is based on the allegation that "plaintiffs regularly and routinely worked for Defendants more than 40 hours per week during the "open enrollment" period that runs from November 1 to January 15". (ECF No. 1 Complaint, ¶¶ 42).

6. More precisely, each of the plaintiffs FLSA overtime violation claim seeks unpaid overtime during open enrollment period from "November 1, 2021-January 31, 2022=13 weeks" (ECF No. 32, Plaintiff's Statement of Claim Page 2-4).

7. The Plaintiffs complaint's remaining counts II & III consist of Breach of Contract pursuant to Fla. Stat. §448.08 and Unjust Enrichment, respectively, for work "Plaintiffs performed under the parties' contract/agreement by performing work for Defendants. (ECF No. 1 Complaint, ¶¶ 50).

8. The Plaintiffs allege that they provided services on behalf of its business, as requested, they submitted insurance policies through Defendant for which Defendant was paid, and

    Defendant received and accepted the benefits of the work, efforts, and labor that Plaintiffs provided. (ECF No. 1, Complaint ¶¶ 56).

9. Furthermore, Plaintiffs allege Defendant was unjustly enriched in that it failed and refused to make payment in the appropriate amount to Plaintiff's for the benefits they conferred upon it selling insurance policies for Defendant" (ECF No. 1 Complaint ¶¶ 57).

10. Interestingly, of the Plaintiff's 53 paragraph complaint, about 46 said paragraphs all relate to or involve the FLSA Count for overtime with only three (3) paragraphs generally alleging "Defendants acted "willfully' and "recklessly" [ECF No. 1, Complaint ¶¶'s 43 & 44].

11. The remaining 3-5 paragraphs referring to Count II contract and unjust Enrichment, are not pled in the alternative, and allege "Plaintiffs seek recovery of the "pure gap time" wages that they worked and earned, but did not receive'(ECF No. 1 Complaint, ¶¶'s 47 & 53)

12. The Plaintiff's lawsuit alleges that the Jurisdictional Basis of Plaintiff's action is based on Defendants were Plaintiffs' direct employers, joint employers, and co-employers, as that term "employer" is defined by 29 U.S.C. §203 and (2) and that, "this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim. ( ECF No. 1 Complaint ¶¶'s 20-21).

13. At all times material to this action as it pertains to each of the Plaintiff's, each of the Plaintiffs worked solely in their capacity as Independent Contractors who, at their own insistence and request, would be paid with a W-9 and listed as 1099 independent contractors. (Defendant RENIER CORTES deposition P. 66, L. 16-20; P. 68, L. 10-20).

14. Plaintiff MARIANA LOPEZ was engaged and involved with Avant Assurance Inc solely

performing her duties as an independent contractor and before "open enrollment" from November 1, 2021- July 11, 2022. (Defendant Reiner Cortes' Affidavit Section II. )

15. Plaintiff MARIANA LOPEZ requested her individual status as a 1099, agreed to be paid via w-9, and on March 8th, 2022, requested that Avant pay her company Suprani Service LLC. (Defendant Reiner Cortes' Affidavit Section II. )

16. Plaintiff CARLOS LOPEZ was engaged and involved with Avant Assurance Inc solely performing his duties as an independent contractor from December 8, 2021-June 16, 2022. (Defendant Reiner Cortes' Affidavit Section III. )

17. Plaintiff CARLOS LOPEZ requested his individual status as a 1099, agreed to be paid via W-9, and on may 18th, 2022, requested Avant pay his company Carlos Eduardo Lopez PA. (Defendant Reinier Cortes' Affidavit Section III)

18. Plaintiff RAFAELA VALIENTE was engaged and involved with Avant Assurance Inc solely performing her duties as an independent contractor and before "open enrollment" from November 1, 2020- July 11, 2022. (Defendant Reiner Cortes' Affidavit Section IV. )

19. Plaintiff RAFAELA VALIENTE requested her individual status as a 1099, agreed to be paid via W-9, and on March 4th, 2021, requested Avant pay her company Valiente Insurance LLC. (Defendant REINIER CORTES' Affidavit Section IV)

20. Plaintiff DELIO BATISTA was engaged and involved with Avant Assurance Inc solely performing his duties as an independent contractor at all relevant times to this action from September 18, 2020-June 20, 2022. (Defendant REINER CORTES' Affidavit Section V. )

21. Plaintiff DELIO BATISTA, requested his individual status as a 1099, agreed to be paid via W-9 at all relevant times to this action by Avant. (Defendant RENIER CORTES'

Affidavit Section V)

19. Each of the Plaintiffs, in their Plaintiffs Statement of Claim, seek entitlement to minimum wages not pled in the complaint (ECF No. 32-Plaintiff's Statement of Claim)

20. Plaintiff Mariana Lopez's Statement of Claim indicates she was paid a total of $82,495.00 in commissions in 2021 and 2022. (ECF No. 32 P's statement of Claim Pg. 3).

21. Plaintiff Carlos Lopez was paid $53,455.00 in commissions in 2022.( ECF No. 32, P's Statement of Claim , Pg. . 3).

22. Plaintiff Rafaela Valiente was paid $58,630.00.00 in commissions in 2022.(CMF No. 32 page 3,4).

23. Plaintiff Delio Batista was paid $72,845.00 in commissions in 2022.(CMF No. 32 page 4-5).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via electronic communication this 19TH DAY OF May, 2023 with the Clerk of Court and served upon all Counsel of Record.

   **Daniel E. Tropp**

Daniel E. Tropp, Esq.
Florida Bar No.: 948128
CUETO LAW GROUP P.L.

Attorneys for Defendants
4000 Ponce de Leon Blvd. Ste 470
Coral Gables, FL 33146
Tel.: (305) 777 0377
Primary Email: dantropp@cuetolawgroup.com
Secondary email dantroppesq@gmail.com