UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22671-CIV-ALTONAGA/Torres

**DELIO BATISTA**, *et al.*,

    Plaintiffs,
v.

**AVANT ASSURANCE INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs' Motion for Reconsideration of Second Extension of Time for Discovery *Nunc Pro Tunc* and Motion for Continuance of Trial [ECF No. 73], filed on May 25, 2023. Plaintiffs seek to extend the case's discovery period for a third time. (*See generally* Mot.; *see also* Feb. 8, 2023 Order [ECF No. 48] (granting first requested extension); May 17, 2023 Order [ECF No. 66] (granting second requested extension)). Plaintiffs made efforts to confer with Defendants, but Defendants have not yet provided their position on the Motion. (*See* Mot. 4).[1]

Having already received discovery extensions totaling three months, Plaintiffs now seek an additional one-month extension, through June 30, 2023, to conduct discovery. (*See* Mot. 1). Because this extension would impact the case's remaining pretrial and trial deadlines (*see* Scheduling Order [ECF No. 18] 1–2), Plaintiffs also request that those deadlines be extended, as well as a nearly two-month continuance of the trial date. (*See* Mot. ¶¶ 23–24).

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears in the header on all filings.

CASE NO. 22-22671-CIV-ALTONAGA/Torres

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the parties seeking the extension. *See, e.g.*, *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16(b)'s good cause standard 'precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (alteration adopted; citations omitted)); *Roberson v. BancorpSouth Bank, Inc.*, No. 12-0669, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) ("Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry." (citations omitted)).

According to Plaintiffs, the requested extensions are necessary because of various issues that have arisen during the parties' depositions, which required the intervention of the Magistrate to resolve. (*See generally* Mot.). These deposition issues are the same problems Plaintiffs previously raised in their Amended Second Motion for Extension of Discovery Deadline *Nunc Pro Tunc* [ECF No. 62], and which the Court already granted in part (*see* May 17, 2023 Order 2). While Plaintiffs may have "minimally satisfied" the good cause standard then (*see id.* (citing February 8, 2023 Order 2)), simply providing the Court with more details as to the substance of the deposition-dispute does not alter the Court's previous conclusion.

At most, the new justification Plaintiffs now provide for their requested extensions is that "Plaintiffs are still in need of depositions of two [of Defendant, Avant Assurance Inc.'s] employees, . . . which were requested on April 12, 2023 . . . but Defendants never responded to the request." (Mot. ¶ 20 (alteration added)). Surely, Plaintiffs are not suggesting that waiting more than a month to bring this issue to the Court's attention demonstrates "diligence[,]" particularly in

2

CASE NO. 22-22671-CIV-ALTONAGA/Torres

light of the already-granted extensions and the rapidly-approaching trial period. *Oravec*, 527 F.3d at 1232 (alteration added).

The parties are welcome to extend the close of the discovery deadline "by agreement, . . . so long as such extension does not impact any of the other deadlines[.]" (Scheduling Order 1 n.1 (alterations added)). But Plaintiffs do not justify a further amendment of the case's schedule. Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 73]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 26th day of May, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record