UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ and
RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ QUINTERO,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, and Defendants, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, through their respective counsel, pursuant to this Court's Order Setting Trial and Local Rule 16.1.E, file their Joint Pretrial Stipulation.

1.     STATEMENT OF THE CASE:

*Plaintiffs' Statement of the Case*

The Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, all worked as insurance agents for Defendant, Avant Assurance Inc., selling health insurance policies. They claim that Avant Assurance Inc., and its owners, Reinier Cortes, and Andrea Gonzalez Quintero, misclassified and paid Plaintiffs as independent contractors instead of as employees. Additionally, the Plaintiffs claim that the Defendants violated the Fair Labor Standards Act ("FLSA") by not paying overtime when they worked more than 40 hours in one or more

workweeks. The Plaintiffs also claim that although the Defendant, Avant Assurance Inc., offered to pay Mr. Batista, Mr. Lopez, Mrs. Lopez, and Ms. Valiente non-discretionary bonuses and commissions based on the insurance policies they sold, it violated Florida law by not paying them all the bonuses and commissions they earned.

*Defendants' Statement of the Case*

The Defendants hired all Plaintiffs as 1099 independent contractors insurance 'sales" agents who were never misclassified. The Plaintiffs are exempt from the FLSA and not covered "employees" under the Independent Contractor, Outside sales Exemption, Retail Sales exemption amd the Administrative exemption. Therefore, the Plaintiffs are not entitled to any overtime payments. That Reinier Cortes and Andrea Quintero Gonzalez never willfully or recklessly failed to violate any FLSA provision and they relied on the DOL opinion FLSA letters 2009-28 and FLSA WHD-2022-0003 which they relied on and would ask the court to take judicial notice of.[1] All due and owing Bonuses and/or commissions were paid to plaintiffs who are not owed any of same.

2. BASIS FOR FEDERAL JURISDICTION:

Federal jurisdiction in this matter is premised on 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1367.

3. PLEADINGS RAISING THE ISSUES:

    a. Plaintiffs' Complaint [ECF No. 1]; and

    b. Defendants' Answer & Affirmative Defenses [ECF No. 14].

---

[1] Plaintiffs object to the language proposed by Defendants as factually and legally improper. The suggestion that Defendants relied on any opinion letter is an inappropriate attempt to backdoor in documents that are hearsay. Plus, there is no reference in any Rule 26 Disclosure, any deposition, or in discovery that Defendants at all relied on any opinion letter. The inclusion of a reference to these opinion letters that do not deal with insurance agents who perform inside sales and are paid by commission only would also be confusing and more prejudicial than probative.

4.     UNDISPOSED OF MOTIONS AND OTHER MATTERS REQUIRING ACTION BY THE COURT:

    a.     Plaintiffs' Motion In Limine and Defendants' Motion in Limine, if any.

5.     STATEMENT OF UNCONTESTED FACTS WHICH SHOULD REQUIRE NO PROOF AT TRIAL:

    a.     Reinier Cortes is the President and CEO of Avant Assurance Inc.

    b.     Andrea Gonzalez Quintero is the Vice President of Avant Assurance Inc.

    c.     Mr. Cortes and Mrs. Gonzalez Quintero are married.

    d.     Avant Assurance Inc. is a health insurance agency.

    e.     Avant Assurance Inc. has its office at 3470 Northwest 82nd Avenue, Suite 700, Doral, Florida 33122.

    f.     The parties do not dispute that Avant Assurance Inc. is subject to the FLSA for 2020 through 2022, even if it was not an employer.*[2]

    g.     The parties do not dispute that the Plaintiffs engaged in interstate commerce at all times material to this action.

    h.     Avant Assurance Inc. had over $500,000 in gross annual revenues in 2021.

    i.     Avant Assurance Inc. had over $500,000 in gross annual revenues in 2022.

    j.     Avant Assurance Inc. engaged in interstate commerce in 2020.

    k.     Avant Assurance Inc. engaged in interstate commerce in 2021.

    l.     Avant Assurance Inc. engaged in interstate commerce in 2022.

    m.     Avant Assurance Inc. did not pay any of its insurance agents as employees until after all of the Plaintiffs were terminated from Avant.

---

#2. Defendant Objects to this language because at all times hereto Defendants have asserted that this is not a FLSA case/matter.

    n.    Defendants did not record when Mr. Batista, Mr. Lopez, Mrs. Lopez, and Ms. Valiente started and stopped working each day.

    o.    Delio Batista worked for Avant Assurance Inc. from approximately September 18, 2020, to June 20, 2022.

    p.    Carlos Lopez worked for Avant Assurance Inc. from approximately November/December 2021 to June 16, 2022.

    q.    Mariana Lopez worked for Avant Assurance Inc. from November 1, 2021, to July 11, 2022.

    r.    Rafaela Valiente worked for Avant Assurance Inc. from November 1, 2021, to June 23, 2022.

6. **STATEMENT OF THE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL:**

    a.    Whether, Defendant, Avant Assurance Inc., was Plaintiff Delio Batista's "employer" under the FLSA and/or Florida law.

    b.    Whether Defendant, Reinier Cortes, was Plaintiff Delio Batista's "employer" under the FLSA.

    c.    Whether Defendant, Andrea Gonzalez Quintero, was Plaintiff Delio Batista's "employer" under the FLSA.

    d.    Whether, Defendant, Avant Assurance Inc., was Plaintiff Carlos Lopez's "employer" under the FLSA and/or Florida law.

    e.    Whether Defendant, Reinier Cortes, was Plaintiff Carlos Lopez's "employer" under the FLSA.

    f.    Whether Defendant, Andrea Gonzalez Quintero, was Plaintiff Carlos Lopez's "employer" under the FLSA.

g. Whether, Defendant, Avant Assurance Inc., was Plaintiff Mariana Lopez's "employer" under the FLSA and/or Florida law.

h. Whether Defendant, Reinier Cortes, was Plaintiff Mariana Lopez's "employer" under the FLSA.

i. Whether Defendant, Andrea Gonzalez Quintero, was Plaintiff Mariana Lopez's "employer" under the FLSA.

j. Whether, Defendant, Avant Assurance Inc., was Plaintiff Rafaela Valiente's "employer" under the FLSA and/or Florida law.

k. Whether Defendant, Reinier Cortes, was Plaintiff Rafaela Valiente's "employer" under the FLSA.

l. Whether Defendant, Andrea Gonzalez Quintero, was Plaintiff Rafaela Valiente's "employer" under the FLSA.

m. Whether Plaintiff, Delio Batista, worked over 40 hours in one or more workweeks for Defendants.

n. Whether Plaintiff, Carlos Lopez, worked over 40 hours in one or more workweeks for Defendants.

o. Whether Plaintiff, Mariana Lopez, worked over 40 hours in one or more workweeks for Defendants.

p. Whether Plaintiff, Rafaela Valiente, worked over 40 hours in one or more workweeks for Defendants.

q. Whether Defendant Reinier Cortes is jointly and severally liable for any overtime owed under the FLSA as an "employer."

r. Whether Defendant Andrea Gonzalez Quintero is jointly and severally liable for any overtime owed under the FLSA as an "employer."

s. The amount of overtime wages owed to Plaintiff Delio Batista, if any.

t. The amount of overtime wages owed to Plaintiff Carlos Lopez, if any.

u. The amount of overtime wages owed to Plaintiff Mariana Lopez, if any.

v. The amount of overtime wages owed to Plaintiff Rafaela Valiente, if any.

w. Whether Defendants intentionally or willfully failed to pay Plaintiffs the overtime wages that they earned.

x. Whether Defendants knew or reasonably should have known of the hours that Plaintiffs claim to have worked.

y. Whether Avant Assurance Inc. agreed to pay bonuses and/or commissions to Plaintiffs.

z. Whether Defendant, Avant Assurance Inc., failed to pay any bonuses or commissions to Plaintiff Delio Batista.

aa. Whether Defendant, Avant Assurance Inc., failed to pay any bonuses or commissions to Plaintiff Carlos Lopez.

bb. Whether Defendant, Avant Assurance Inc., failed to pay any bonuses or commissions to Plaintiff Mariana Lopez.

cc. Whether Defendant, Avant Assurance Inc., failed to pay any bonuses or commissions to Plaintiff Rafaela Valiente.

dd. The total amount of bonuses and/or commissions that Defendant, Avant Assurance Inc., failed to pay to Plaintiff Delio Batista, if any.

    ee.    The total amount of bonuses and/or commissions that Defendant, Avant Assurance Inc., failed to pay to Plaintiff Carlos Lopez, if any.

    ff.    The total amount of bonuses and/or commissions that Defendant, Avant Assurance Inc., failed to pay to Plaintiff Mariana Lopez, if any.

    gg.    The total amount of bonuses and/or commissions that Defendant, Avant Assurance Inc., failed to pay to Plaintiff Rafaela Valiente, if any.

7. <u>STATEMENT OF THE ISSUES OF LAW ON WHICH THERE IS AGREEMENT:</u>

    a.    That there will be no reference at trial to attorneys' fees and/or to liquidated damages.

    b.    That there will be no evidence, argument, or inferences at trial regarding Defendants' (in)ability to satisfy a judgment.

    c.    All Plaintiffs were engaged in interstate commerce for the purposes of individual coverage under the FLSA (i.e commerce & revenue factors)- (however, the Defendants are not stipulating that the Plaintiffs were employees).

    d.    Enterprise coverage exists under the FLSA for the years 2021 and 2022.

8. <u>ISSUES OF LAW REMAINING FOR DETERMINATION BY THE COURT:</u>

    a.    The disputed issues identified in Defendants' Motion in Limine.

    b.    Whether the bonuses and commissions awarded by the jury, if any, are to be considered "wages" under Fla. Stat. §448.08 for purposes of an award of attorneys' fees after trial.

    c.    If Plaintiff, Delio Batista, prevails at trial, should the Court award him liquidated damages and the amount?

    d.    If Plaintiff, Carlos Lopez, prevails at trial, should the Court award him liquidated damages and the amount?

    e.    If Plaintiff, Mariana Lopez, prevails at trial, should the Court award her liquidated damages and the amount?

    f.    If Plaintiff, Rafaela Valiente, prevails at trial, should the Court award her liquidated damages and the amount?

    g.    If one or more Plaintiffs prevail at trial on Count I, the attorneys' fees and costs to be awarded to Plaintiffs against the Defendants under the FLSA.

    h.    If one or more Plaintiffs prevail at trial on Count II, the attorneys' fees and costs to be awarded to Plaintiffs against Defendant Avant Assurance Inc., under Fla. Stat. §448.08.

9. **TRIAL EXHIBITS AND WITNESSES:**

    a.    <u>For Plaintiffs</u>.

        Plaintiffs' Witness List is appended hereto as Exhibit "A"

        Plaintiffs' Exhibit List is appended hereto as Exhibit "B"

    b.    <u>For Defendants</u>.

        Defendants' Witness List is appended hereto as Exhibits "C."

        Defendants' Exhibit List is appended hereto as "D."

10. **PRETRIAL STIPULATION:**

The parties stipulate that during the trial of the case, including during voir dire, there will be no evidence or argument regarding:

    A.    Attorneys' fees;

    B.    Liquidated damages;

    C.    Any claimed inability by Defendants to pay or that Defendants are a small business and small business owners.

11.    <u>ESTIMATED TRIAL TIME</u>:

4-5 days.

12.    <u>EXPERT WITNESSES</u>:

Neither the Plaintiffs nor the Defendants disclosed any expert witnesses.

13.    <u>ATTORNEYS' FEES</u>:

    A.    *Plaintiffs*.

Plaintiffs anticipate they will have incurred over $95,000 in attorneys' fees and costs through trial and pre-trial motions.

    B.    *Defendants*.

Defendants assert that all plaintiffs are not covered employees under the FLSA and that no fees are owed to Plaintiffs and that any amounts found to be owed for commissions or bonuses would be based on their Breach of Contract related counts that would not involve or invoke the FLSA attorney fees provision or penalties.

Dated this <u>12th</u> day of June 2023.

| | |
|---|---|
| s/Brian H. Pollock, Esq. | By: *Daniel Tropp, Esq.* |
| Brian H. Pollock, Esq. (174742) | DANIEL E. TROPP, ESQ. |
| brian@fairlawattorney.com | Fla. Bar Lic. #948128 |
| Toussaint Cummings (119877) | **CUETO LAW GROUP P.L.** |
| toussaint@fairlawattorney.com | *Attorneys for Defendants* |
| FAIRLAW FIRM | 4000 Ponce de Leon Blvd., |
| 135 San Lorenzo Avenue | Suite 470 Coral Gables, Florida 33146 |
| Suite 770 | Tel.:   (305) 777-0377 |
| Coral Gables, FL 33156 | By: *Isl* Daniel E. Tropp, Esq. |
| Tel:   305.230.4884 | Fla. Bar #948128 |
| *Counsel for Plaintiffs* | Tel.:  (direct line) (786) 306-1293 |
| | Email: dantroppesq@gmail.com |