UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ and
RAFAELA VALIENTE,

      Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ QUINTERO,

      Defendants.

_____/

## **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, and Defendants, Avant Assurance Inc. Reinier Cortes, and Andrea Gonzalez Quintero, pursuant to the Court's Trial Order [ECF No. 18], Local Rule 16.1 of the Southern District of Florida and Fed. R. Civ. P. 51, hereby submit their Joint Proposed Jury Instructions and Verdict Form(s), as follows:

<u>Instructions proposed only by Plaintiffs are underlined.</u>
*Instructions proposed only by Defendants are italicized.*

Respectfully submitted this <u>12th</u> day of June 2023,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Toussaint Cummings (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33156
Tel:   305.230.4884
*Counsel for Plaintiff*

<u>s/Santiago A. Cueto, Esq.</u>
Santiago A. Cueto, Esq. (0162566)
sc@cuetolawgroup.com
CUETO LAW GROUP P.L.
4000 Ponce de Leon Blvd.
Suite 470
Coral Gables, FL 33146
Tel:   (306) 777-0377
*Counsel for Defendants*

**1.1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, claims the Defendants, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, misclassified and paid them as independent contractors instead of properly classifying and paying them as employees. As a result of this misclassification, The Plaintiffs claim that they were not paid overtime wages when the worked more 40 hours in a workweek in violation of United States law known as the Fair Labor Standards Act, or FLSA.  The Plaintiffs also claim that the Defendant, Avant Assurance, Inc., agreed to pay them nondiscretionary bonuses and commissions based on the sales they made, but that it failed and refused to pay them the bonuses and commissions they earned. Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero denies those claims and contend that:

***1st Affirmative Defense***

***Plaintiff's claims are barred by the exemptions, exclusions, and credits provided for under the FLSA and the regulations because at all material times the Plaintiffs were all self-classified as 1099 independent contractors.***

*2nd Affirmative Defense*

*Plaintiffs claim for overtime are not compensable. Plaintiffs are 1099 workers which cannot be compensated more than 40 hours per week because they are considered as exempt workers.*

*3rd Affirmative Defense*

*Plaintiffs' claims are barred by the doctrine of unclean hands because the Plaintiffs are 1099 independent contractor status with the United States Department of the Treasury, Internal Revenue Service and in internal documents and communications.*

*4th Affirmative Defense*

*Plaintiffs' claims for overtime wages are barred due to Plaintiffs' failure to accurately record the number of hours they claim to have worked.*

*5th Affirmative Defense*

*Plaintiffs failed to state a cause of action because they fail to allege that a contractual relationship existed and have failed to attach any purported "contract" to the Complaint. Moreover, Defendants did not receive any benefits that were outside the purported "contract" and Plaintiff's were compensated accordingly to any alleged "contract". Plaintiffs knew that they were 1099 independent contractors and were fully aware of they were 1099 workers*

*6th Affirmative Defense*

*Plaintiffs' failed to mitigate their damages.*

*7th Affirmative Defense*

*Plaintiffs were not "Employees" under the FLSA, but rather, Independent Contractors exempt from the FLSA, among other exemptions.*

*8th Affirmative Defense*

*Plaintiffs have failed to state a claim upon which relief may be granted against Reinier Cortes and Andrea Gonzalez Qunitero in their individual capacity because they were not an "Employer" under the FLSA.*

*9th Affirmative Defense*

*Defendants Avant Insurance and/or Reinier Cortes and Andrea Gonzalez Quintero paid any and all amounts due to Plaintiffs for any and all services Plaintiffs may have rendered.*

*10th Affirmative Defense*

*Defendants deny that they owe any overtime wages, minimum wages or other amounts to Plaintiff, However, if it is determined that such overtime wages, minimum wages or other amounts are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such overtime wages, minimum wages or other amounts were owed based upon the Plaintiffs' status as 1099 independent contractors.*

<u>Burden of proof</u>:

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove that, in light of all the evidence, what they claims is more likely true than not. So, if you could put the evidence favoring Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente and the evidence favoring x Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero on opposite sides of balancing scales, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente need to make the scales tip to their side. If Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente fail to meet this burden, you must find in favor of Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero have the burden of proving the

elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero must prove for any affirmative defense. After considering all the evidence, if you decide that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as

Facebook, Instagram, Snapchat, YouTube, and Twitter.   You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente will present their witnesses and ask them questions. After Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente question the witness, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero may ask the witness questions – this is called "cross-examining" the witness. Then Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero will present their witnesses, and Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente may cross-examine them. You

should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

### 1.3

### Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know *[Spanish]*, you must accept the English [interpretation/translation] provided and disregard any different meaning.

### 1.4

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness

has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## 1.5

### Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## 2.1

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

## 2.6

### Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called

"interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

## 2.5

## Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.4

## Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

## 3.1

## Introduction

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2.2**

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3**

## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### 3.4

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1

### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that [the Plaintiff's] [the party's] claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who

may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

### 3.7.2
### Responsibility for Proof – Affirmative Defense
### Preponderance of the Evidence

In this case, the Defendants assert the affirmative defense[s] *as stated above*. Even if the Plaintiffs prove their claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

### 4.14

### Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.

In this case, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, claim that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez

Quintero did not pay Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on their claim against Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove each of the following facts by a preponderance of the evidence:

First: Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente were employees of Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero and; and

Second: Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero **were required to and** failed to pay Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente the overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove by a preponderance of the evidence that they were employees engaged in commerce or in the production of goods for commerce/employed by an enterprise engaged in commerce or in the production of goods for commerce.

The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente were engaged in the "production of goods" if they were employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.

Overtime claim: The FLSA requires [an] employer(s) to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer(s) must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the **period during which commissions were paid** by the total number of hours Delio Batista, Carlos Lopez, Mariana Lopez, and

Rafaela Valiente **worked during each week that the commissions were intended to compensate them**.- *Defendants do not agree with "Commissions were intended to compensate]* To calculate how much overtime pay was owed to Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente for a certain week, subtract 40 from the total number of hours they worked and multiply the difference by the overtime rate. Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to pay Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente the required pay if they paid them less than that amount.

*The applicable minimum wage rates are as follows: federal minimum wage was $7.25 in  between the dates of sought by plaintiffs. If upon consideration of all the evidence you find that the Plaintiffs haves failed to prove his claims, your verdict should be for the Defendants. If, however, you find that Plaintiff has proved his claims then you must turn to the question of damages that Plaintiff is entitled to recover.Regarding the overtime claims, the measure of damages is the difference between what the employee should have been paid under the Act and Florida Constitution and the amount that you find (s)he actually was paid.*

*The Plaintiff is entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on August 23, 2022, unless you find Defendants  either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the Defendants  knew, or*

*showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.*

[Exemption: In this case, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero claim[s] that they are exempt from the FLSA's overtime provisions. To establish that they are exempt, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero must prove each of the following facts by a preponderance of the evidence: [List essential elements of the claimed exemption].

### *Exemption #1-Independent Contractor*

*It is not always clear under the law whether a person is an "employee" or not. Some people, for example, perform services for others while remaining self employed as "independent contractors."*

*So, a preliminary issue for your decision in this instance is the question whether each Plaintiff(s)  were "employees" of AVANT INSURANCE , or whether they were, instead, independent contractors. You should resolve this question in light of the economic realities of the entire relationship of the parties, and there are a number of factors you must consider, based on all the evidence in the case.*

*In an employer/employee relationship, the employer has the right to control the work of the employee, and to set the means and manner in which the work is done,*

*as well as the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which that assignment is accomplished are determined by the independent contractor, normally using special skills necessary to perform that kind of work.*

*An employee is usually paid on a time worked, piecework, or commission basis, and usually has vacation or sick time allowed, as well as insurance, retirement, and other fringe benefits provided by the employer. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job.*

*An independent contractor generally is one who has the opportunity to make a profit or faces a risk of taking a loss, while an employee generally is compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.*

*An independent contractor usually provides the tools, equipment, and supplies necessary to do the job, while an employee usually does not. Independent contractors generally offer their services to the public or others in a particular industry, have procured necessary licenses for the carrying on of their activities, and may have a business name or listing in the phone book. Employees ordinarily*

*work only for one or just a few employers, and do not have business names or listings.*

*The intent of the parties is, of course, always important, but the description the parties themselves give to their relationship is not controlling; substance governs over form.*

*Consideration of all of the circumstances surrounding the work relationship is essential, and no one factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.*

**ANNOTATIONS AND COMMENTS**

Whether a person is an employee or an independent contractor is a question of fact for the jury. *Id. see also Morrison v. Amway Corp.,* 323 F.3d 920 (11th Cir. 2003). In cases under the Fair Labor Standards Act, the Court of Appeals has applied an "economic realities" test under which persons are considered employees if they "are dependent upon the business to which they render service." *Mednick v. Albert Enterprises, Inc.,* 508 F.2d 297, 299-300 (5th Cir. 1975); *see also Villareal v. Woodham,* 113 F.3d 202, 205 (11th Cir. 1997). In other contexts the Court has adopted a standard that combines the "economic realities" test and the common law test. *Cobb v. Sun Papers, Inc.,* 673 F.2d 337 (11th Cir. 1982).

**Plaintiffs object to this proposed addition as it deviates from the standard instruction 4.24. The proposed addition does not accurately reflect the law on determining an employment relationship as pronounced in *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013). Moreover, independent contractor status is not an exemption.**

## EXEMPTION #2-Outside Sales Exemption

*Section 13(a)(1) of the FLSA provides an exemption from the statute's minimum wage and overtime requirements for "any employee employed ... in the capacity of outside salesman." The Department's regulations define that phrase as including "any employee":*

*(1) Whose primary duty is:*

*(i) making sales within the meaning of section 3(k) of the Act, or*

*(ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and*

*(2) Who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty.*

*29 C.F.R. §541.500."Primary duty" means "the principal, main, major, or most important duty that the employee performs."29 C.F.R. §541.700.Section 3(k) of the FLSA defines "sale" as "any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition."See also29 C.F.R. §541.501.*

*Under29 C.F.R. §541.701, "[t]he phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks."*

*Finally, the agents may qualify for the outside sales exemption even though they perform some activities at their employers' place of business, so long as the inside sales activity is incidental to and in conjunction with qualifying outside sales activity. See69 Fed. Reg. 22,160, 22,163 (Apr. 23, 2004) (copy enclosed); 29 C.F.R. §§ 541.500(b);Olivo v. GMAC Mortgage Co.,374 F. Supp. 2d 545, 551 (E.D. Mich. 2004). The performance of activities related to the sales of insurance and financial products made outside the employer's place of business does not disqualify the agents from the exemption. Activities such as making phone calls, sending e-mails, and meeting with clients in the office are considered exempt if performed incidental to or in conjunction with the agent's outside sales activities. 29C.F.R. § 541.503;FOH § 22e02; Opinion LetterFLSA2006-11 (Mar. 31, 2006)*

**Plaintiffs object to the inclusion of the Outside Sales Exemption language because there will be no evidence in this case that Plaintiffs were regularly engaged to work outside of the office provided by Defendants. Moreover, the opinion letter on which Defendants rely is not entitled to *Chevron* deference because it was not subject to the Administrative Procedures Act. Force. *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000)**

*Exemption #3 -Administrative Exemption*

*Under 29 C.F.R. § 541.200(a), "employee employed in a bona fide administrative capacity" means "any employee":*

*(1)Compensated on a salary or fee basis at a rate of not less than $684 [2021] per week ... ;*

*(2)Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and*

*(3)Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.*

*"Work directly related to the management or general business operations" of the employer refers to work in such functional areas as quality control, research, and marketing. 29 C.F.R. §541.201(b). An employee's primary duty is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. §541.700(a).*

*Section 541.203 includes specific examples of occupations that would generally meet the administrative duties test, including in paragraph (b) "[e]mployees in the financial services industry" Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks."*

*Section 13(a)(1) of the FLSA provides a minimum wage and overtime pay exemption for any employee employed in a bona fide administrative capacity as defined in 29 C.F.R. Part 541.*

**Plaintiffs object to the inclusion of this proposed language because the facts of this case are that Plaintiffs were insurance agents who were responsible for selling insurance products, not servicing clients or managing Defendants business, and that Defendants compensated Plaintiffs on a commission basis, not on a salary basis, making this exemption unavailable. Therefore, the exemption fails. 29 C.F.R. §541.200.**

*Exemption #4- - RETAIL SALES EXEMPTION*

*The Defendant claims that even if you should find that the Plaintiff has proved all the necessary facts that must be proved to establish this claim, the overtime pay law does not apply because of an exemption from the overtime pay requirements. The exemption claimed by Defendants is the Retail Sales Exemption.*

*Exemptions such as this one are to be narrowly construed. If there is any reasonable doubt whether the employees fit within exemption, then the exemption does not apply. In order to receive the benefit of this exemption, the Defendants have the burden of proving by clear and affirmative evidence: (1) that at least 75% of all sales for US Communications is derived from sales to the end-user (as opposed to sales of products for re-sale); (2) that at least 50% of Plaintiffs compensation was from commissions (as opposed to from salary, bonuses, piece-rate, or hourly pay); and (3) that each particular Plaintiff earned in excess of one and one-half times the minimum wage for every hour worked in that particular workweek. Defendants must show that Plaintiffs meet this last prong in each and every workweek they claim each Plaintiff was exempt pursuant to the Retail Sales Exemption.*

 **Authorities**

*Pattern Jury Instructions for the Eleventh Circuit* 1.7.1 (2005) (basic text of instruction).

     **Plaintiffs object to this proposed language because there is no pattern jury instruction for the retail sales exemption. Plus, the insurance business has traditionally been identified as one that lacks a retail concept. *See* 29 C.F.R. § 779.316 ("transactions of an insurance company are not ordinarily thought of as retail transactions"); *Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 295 (1959) (discussing "insurance" as one of the industries not exempted from the FLSA).**

If you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are exempt, you will not decide the issue of the Plaintiffs' damages. But if you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are not exempt, you must decide the issue of Plaintiffs' damages.

The amount of damages is the difference between the amount Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente should have been paid and the

amount they were actually paid.  Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente are entitled to recover lost wages from the date of your verdict back to no more than two years before they filed this lawsuit *[8/23/2022]* unless you find that the employer(s) either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the employer(s) knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente are entitled to recover lost wages from date of your verdict back to no more *than TWO YEARS  before they filed this lawsuit, OR three Years if you find that a willful violation commenced after the cause of action accrued.*

Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to keep and maintain adequate records of their hours and pay. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente also claim that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero's failure to keep and maintain adequate records has made it difficult for Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente to prove the exact amount of their claims.

If you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to keep adequate time and pay records for Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente and that Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente work for which they should have been paid, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente may recover a reasonable estimation of the amount of their damages. But to recover this amount, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

Individual Liability: An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor.  Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove that Reinier Cortes and Andrea Gonzalez Quintero had operational control over Avant Assurance Inc. In other words, Reinier Cortes and Andrea Gonzalez Quintero must have controlled significant aspects of Avant Assurance Inc.'s day-to-day functions, including employee compensation, or had direct responsibility for the supervision of Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente.

**4.24**

**Miscellaneous Issues – Employee or Independent Contractor**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: Were Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente employees of Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, or Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente independent contractors? You should answer this question in light of the economic realities of the entire relationship between the parties. There are a number of factors you must consider, based on all the evidence in the case:

(a) Who controls Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente's work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

(b) How are Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente paid? An employer usually pays an employee on a time worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is

ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

(c) How much risk or opportunity does Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente have? An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

(d) Who provides Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente's tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job – but an employee usually does not.

(e) How do Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente offer services? Independent contractors generally offer their services to the public or others in a particular industry, have procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

(f) What is the parties' intent? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling – substance governs over form.

You should consider all the circumstances surrounding the work relationship – no single factor determines the outcome. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor. **The factors listed above are guides for your determination of employee status under the FLSA, but the most important question is whether Plaintiffs were economically dependent upon Defendants or were they independent contractors in business for themselves. The question of employee or**

**independent contractor status is not governed by the "label" put on the relationship by the parties, nor is it relevant whether the parties intended to create an employment relationship. Whether an individual is an independent contractor or employee requires the Court to look past "the 'label' put on the relationship by the parties" and "look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence."**

———————

**Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311-12 (11th Cir. 2013).**

### *ECONOMIC REALITIES TEST*

*The following six factors have been set out and are typically reviewed by the Court in determining whether an individual is an employee or an independent contractor. Courts look at the totality of the circumstances in the employment relationship.*

*1. The degree to which the alleged employee's tasks are integral to the employer's business.*

*When the success or continuation of a business depends to an appreciable degree upon the performance of certain services, the worker who performs those services is more likely to be considered an employee than an independent contractor.*

*2. The degree of control exerted by the alleged employer over the worker.*

*In the total context of the relationship neither the right to hire employees nor the right to set hours indicates such lack of control. Occasional exercise of the right to hire helpers also has not been found sufficiently indicative of independence to*

*allow a finding of nonemployee status. Additionally, it is not significant how one 'could have' acted under the contracted terms. The controlling economic realities are reflected by the way one actually acts.*

*3. The worker's opportunity for profit or loss.*

*The opportunity for profit and/or loss has to do with relative investments, with control over larger aspects of the business, and with like forms of initiative. Additionally, minor additional income made from work which is not connected with the actual business under examination is not relevant to a court's determination of employee status.*

*4. The worker's investment in the business*

*An employer providing all investment and start up capital is indicative of an employer-employee relationship.*

*5. The permanence of the working relationship*

*The permanent nature of the relations between the employer and individual indicates dependence.*

*6. The degree of skill required to perform the work*

*Routine work which requires industry and efficiency is not indicative of independence and nonemployee status.*

*If the above factors indicate substantial dependence of the Plaintiff on Defendant, then the Plaintiff must be treated as an employee for FLSA purposes*

*Source: <u>Usery v. Pilgram Equipment, Co., Inc., 527 F.2d 1308 (5th Cir. 1976);</u> <u>Mednick v. Albert Enterprises, Inc., 508 F.2d 297 (5th Cir. 1975)</u>*

**<u>Plaintiffs object to the proposed language because it deviates from the Standard Jury Instruction 4.24 on the exact subject matter. Furthermore, the language proposed by Defendants does not comport with the factors (and discussion of the factors) identified in *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308 (11th Cir. 2013), and that, "the overarching focus of the inquiry is economic dependence."</u>**

*(Knowledge of Overtime Worked)*

*In order to have prevailed on an FLSA overtime claim, the Plaintiff is required to prove that 1) he worked overtime without compensation and 2) that the Defendant knew or should have known about the overtime work. In other words, a Defendant who is unaware of a Plaintiff-employee's overtime hours is not required under the FLSA to compensate the Plaintiff-employee for these hours.*

*Authorities*

Allen v. Board of Public Educ. For Bibb County, 495 F.3d 1306, 1314-15 (11th Cir. 2007); Reich v. Department of Conservation and Natural Resources, State of Ala., 28 F.3d 1076 (11th Cir. 1994).

_____

**Plaintiffs object to this proposed instruction as it provides and incomplete recitation of the law and propose the below instead:**

*OVERTIME WORKED – KNEW OR REASONABLY SHOULD KNOW*

**To prevail on their claims for unpaid overtime wages under the FLSA, Plaintiffs must prove that (1) they worked overtime without the receipt of overtime pay and (2) that Defendants knew or should have known about the overtime work.**

**An employer must exercise its control and see that work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating its employees for that work.**

"Numerous factual circumstances [indicate] an employer's knowledge of overtime work, including that (1) the employer was in a position to see the employee work, (2) work performed exceeded hours allotted, (3) there were repeated and numerous occasions of extra work, (4) there was a pattern or practice of employer acquiescence to the work, or (5) employees entered orders into a computer prior to clocking in."

_____

*Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1082 (11th Cir. 1994); *Sidell v. MedMark Services Inc.,* 2017 WL 6994574, at *6 (N.D. Ga. Aug. 3, 2017);

**4.25**

**Miscellaneous Issues – Joint Employers**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors. Others are clearly employees. But it may not always be clear who is an employer of the employee. Sometimes an employee may have more than one employer at the same time.

So, in this case, you must decide: Was Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente Avant Assurance Inc.'s employee as well as an employee of Reinier Cortes and Andrea Gonzlez Quintero? You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider all the following factors to the extent you decide that each applies to this case:

(a) the nature and degree of control over the employee and who exercises that control;

(b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c) who exercises the power to determine the employee's pay rate or method of payment;

(d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e) who is responsible for preparing the payroll and paying wages;

(f) who made the investment in the equipment and facilities the employee uses;

(g) who has the opportunity for profit and loss;

(h) the employment's permanence and exclusiveness;

(i) the degree of skill the job requires;

(j) the ownership of the property or facilities where the employee works; and

(k) the performance of a specialty job within the production line integral to the business.

Consideration of all the circumstances surrounding the work relationship is essential. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

### 3.8.1

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another

and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9**

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you

should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**COMMISSIONS ARE INCLUDED IN THE REGULAR RATE OF PAY (Proposed By Plaintiffs) -Defendant has objected to this since it applies to FLSA "employees" and not to Independent Contractors and other exempt persons.**

**Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.-Defendant objects to this sentence.**

**If it is not possible or practicable to allocate the commission among the workweeks of the period in proportion to the amount of commission actually earned or reasonably presumed to be earned each week, some other reasonable and equitable method must be adopted by allocating equal amounts of commission to each week. Assume that the employee earned an equal amount of commission in each week of the commission computation period and compute any additional overtime compensation due on this amount.**

———————

**29 C.F.R. §§778.117 and 778.120**

## WORK TIME
### (Proposed by Plaintiffs)

**"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. Permitting an employee to engage in an activity is considered "work" under the FLSA. Only time spent primarily benefiting the employer is compensable, that is, counts towards determining how many hours Plaintiff worked in a given week for determining whether Plaintiffs are owed any wages. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.**

———————

**29 U.S.C. §203(e)(1);** *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123,***321 U.S. 590 (1944);** *Bonilla v. Baker Concrete Const., Inc.,* **487 F.3d 1340, 1344 (11ᵗʰ Cir. 2007);** *Avery v. City of Talladega, Ala.,* **24 F.2d 1337, 1345 (11ᵗʰ Cit. 1994);** *Armour & Co. v. Wantock,* **323 U.S. 126 (1944); and** *Skidmore v. Swift & Co.,* **323 U.S. 134 (1944).**

## EMPLOYEE PERMITTED TO WORK
### (Proposed by Plaintiffs)

Permitting an employee to engage in an activity is considered "work" under the FLSA.

———————

29 U.S.C. 203 (e)(1)

## SUFFERED OR PERMITTED TO WORK
### (Proposed by Plaintiffs) -*Defendant Objects since they were not "employees" under the FLSA*

**Work not requested but suffered or permitted is work time. If Defendants knew or had reason to believe that a Plaintiff was continuing to work, including work performed away from the premises or the job site, then the time is work time and it is compensable.**

**"For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."**

"**[Defendants are] said to have constructive knowledge of [their] employee's overtime work when [they have] reason to believe that their employee[s] [are] working beyond his shift. 29 C.F.R. § 785.11. [Defendants'] knowledge "is measured in accordance with his 'duty ... to inquire into the conditions prevailing in his business.'" "If [Defendants] had an opportunity to acquire knowledge of an employee's work by using reasonable diligence, then [Defendants] can be charged with constructive knowledge."**

"**It is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.**"

"**It is not relevant that the employer did not ask the employee to do the work. The reason that the employee performed the work is also not relevant. '[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted.' _Reich v. Dep't of Conservation and Nat. Res._, 28 F.3d 1076, 1082 (11th Cir.1994) (citing 29 C.F.R. § 785.11).**

**In order to prevail on his claim in this case, Plaintiff must prove that he was suffered or permitted to work without compensation. 29 U.S.C. § 201 _et seq_. Courts have interpreted this to mean that a FLSA plaintiff must demonstrate**

**that (1) he or she worked overtime without compensation and (2) the [Defendants] knew or should have known of the overtime work.** ***See Reich*, 28 F.3d at 1081–82;** ***see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time.")."**

_____

**29 C.F.R. §§785.11; 785.12, 785.13;** ***Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007);** ***Reich v. Dep't of Conservation and Nat. Res.*, 28 F.3d 1076, 1082 (11th Cir.1994)**

## RIGHT TO OVERTIME PAY NON-WAIVABLE--* DEFENDANTS OBJECT SINCE THEY WERE NOT "EMPLOYERS" AND PLAINTIFFS WERE NOT "EMPLOYEES".

The rights and requirements of the FLSA are mandatory and cannot be waived, negotiated, or bargained away between employers and employees. These rights and requirements cannot be abridged by contract or otherwise waived by an employee and can only be compromised when supervised for fairness by either the United States Department of Labor or a Court. The rights and requirements of the FLSA do not apply to independent contractors.

———————————

*Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Barrentine v. Arkansas-Best Freight Sys.,* Inc., 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.,* 146 F.3d 1214 (10th Cir. 1998)

## <u>RECORDKEEPING</u>

### *DEFENDANT'S PROPOSED JURY INSTRUCTION*

### *RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA*

*It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act. "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.*

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

**(Proposed by Plaintiffs)**

**The FLSA requires employers to keep records of the number of hours worked by its employees, like the Plaintiff. This obligation includes the requirement that employers maintain records of the dates when wage payments were made and records of retroactive payment of wages when wages were not paid on time. It is the employer, not the employee that has the duty under the FLSA to maintain proper and accurate records of when wages were paid.**

**If you find that Defendants kept inaccurate or inadequate records and because of such inaccurate or inadequate records, the Plaintiff cannot offer any convincing substitutes for the inaccurate or inadequate records, the burden of proof on Plaintiff only requires that Plaintiff has, in fact, performed work for which he or she was paid late.**

**If a Plaintiff shows that he or she performed work for which he or she was paid as a matter of just and reasonable inference, that Plaintiff has satisfied his or her burden of proof, since the FLSA does not require that a Plaintiff prove damages with exactness or precision. In this event, the burden of proof shifts to Defendants to come forward with evidence of the hours that each Plaintiff worked.**

**29 U.S.C. §211(c); 29 C.F.R. §§516.2(1)(12) and 516.2(b)**

## **RECKLESS DISREGARD**

"An employer willfully violates the Act if he should inquire as to whether his actions violate the Act, but fails to do so."

"An employer knowingly violates the Act if he disregards the [FLSA] deliberately or intentionally, *McLaughlin*, 486 U.S. at 133, 108 S.Ct. at 1681, such as by ignoring "advice from a responsible official ... that the conduct in question is not lawful," 29 C.F.R. § 578.3(c)(2). An employer acts with reckless disregard for the Act if the employer's conduct is more than "merely negligent," *McLaughlin*, 486 U.S. at 133, 108 S.Ct. at 1681, and is blameworthy "if the employer should have inquired further into whether [his] conduct was in compliance with the Act, and failed to make adequate further inquiry," 29 C.F.R. § 578.3(c)(3); *see* 5 C.F.R. § 551.104. In other words, an employer does not commit a willful violation if he "acts unreasonably, but not recklessly, in determining [his] legal obligation" under the Act.

"Reckless disregard of the requirements of the [FLSA] means failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]."

5 C.F.R. § 551.104; Davila v. Menendez, 717 F.3d 1179, 1184-5 (11th Cir. 2013)

## **BREACH OF CONTRACT**

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that they and Avant Assurance Inc. entered into a contract to pay bonuses and commissions based on the insurance policies they sold.

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that Avant Assurance Inc. breached this contract by failing to pay them all the commissions and bonuses they earned, and that the breach resulted in damages to each of them.

*Avant Assurance Inc. denies THAT THEY DID NOT PAY ALL COMMISSIONS AND BONUSES DUE AND OWING AND THAT SAID COMMISSIONS AND BONUSES CLAIMED DUE BY PLAINTIFF'S ARE BASED IN CONTRACT AND NOT UNDER THE FLSA AND BASED ON THE AFFIRMATIVE DEFENSES DESCRIBED ABOVE*

---------------

**Florida Standard Jury Ins. 416-1.**

## <u>CONTRACT FORMATION — ESSENTIAL FACTUAL ELEMENTS</u>
### <u>(Proposed by Plaintiffs)</u>

**<u>Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente</u> claim that the parties entered into a contract. To prove that a contract was created, <u>Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente</u> must prove all of the following:**

**1.     The essential contract terms were clear enough that the parties could understand what each was required to do;**

**2.     The parties agreed to give each other something of value. [A promise to do something or not to do something may have value]; and**

**3.     The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  The making of a contract depends only on what the parties said or did.  You may not consider the <u>parties' thoughts or unspoken intentions.</u>**

*Note: If neither offer nor acceptance is contested, then element #3 should not be given.*

**<u>If Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente did not prove all of the above, then a contract was not created.</u>**

_____

**Florida Standard Jury Instruction 416.3**

### BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS
**(Proposed by Plaintiffs) (Defendants request to add – Pled in the alternative to Unjust Enrichment Count III)**

To recover damages from (defendant) for breach of contract, (claimant) must prove all of the following:

1. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente and Avant Assurance Inc. entered into a contract;

2. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente did all, or substantially all, of the essential things which the contract required them to do or that they were excused from doing those things;

3. All conditions required by the contract for Avant Assurance Inc.'s performance had occurred;

4. Avant Assurance Inc. failed to do something essential which the contract required it] to do; and

*Note: If the allegation is that the defendant breached the contract by doing something that the contract prohibited, use the second option.*

5. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente were damaged by that failure.

_____

**Florida Standard Jury Instruction 416.4**

## **ORAL OR WRITTEN CONTRACT TERMS**
### **(Proposed by Plaintiffs)**

**Contracts may be written or oral.**

**Contracts may be partly written and partly oral.**

**Oral contracts are just as valid as written contracts.**

—————————

**Florida Standard Jury Instruction 416.5**

## **CONTRACT IMPLIED IN FACT**
### **(Proposed by Plaintiffs)- Defendants object only to effect that the Unjust Enrichment Count III is pled in the alternative, that Plaintiffs are not entitled to double recovery and that Plaintiff's should select which count pled will apply before the trial begins.**

**Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.**

**Conduct will create a contract if the conduct of both parties is intentional and each knows, or under the circumstances should know, that the other party will understand the conduct as creating a contract.**

**In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all of the circumstances.**

**Florida Standard Jury Instruction 416.6**

**<u>CONTRACT IMPLIED IN LAW/UNJUST ENRICHMENT</u>**
**<u>(Proposed by Plaintiffs)- Defendants object only to effect that the Unjust</u>**
**<u>Enrichment Count III is pled in the alternative, that Plaintiffs are not entitled</u>**
**<u>to double recovery and that Plaintiff's should select which count pled will</u>**
**<u>apply before the trial begins.</u>**

**<u>Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim</u>**

**<u>that Avant Assurance Inc. owes them money for selling policies of insurance for</u>**

**<u>it.  To establish this claim, Delio Batista, Carlos Lopez, Mariana Lopez, and</u>**

**<u>Rafaela Valiente must prove all of the following:</u>**

**<u>1.      Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente</u>**

**<u>gave a benefit to Avant Assurance Inc.;</u>**

**<u>2.      Avant Assurance Inc. knew of the benefit;</u>**

**<u>3.      Avant Assurance Inc. accepted or retained the benefit; and</u>**

**<u>4.      The circumstances are such that Avant Assurance Inc. should, in</u>**

**<u>all fairness, be required to pay for the benefit.</u>**

**<u>Florida Standard Jury Instruction 416.7</u>**

**<u>INTERPRETATION — REASONABLE TIME</u>**
**<u>(Proposed by Plaintiffs)</u>**

**<u>If a contract does not state a specific time within which a party is to</u>**

**<u>perform a requirement of the contract, then the party must perform the</u>**

**<u>requirement within a reasonable time. What is a reasonable time depends on</u>**

**the facts of each case, including the subject matter and purpose of the contract and the expressed intent of the parties at the time they entered into the contract.**

**Florida Standard Jury Instruction 416.19**

**DEFENDANTS' PROPOSED JURY INSTRUCTION (Breach of Contract)**

*The next claim for your consideration is the breach of contract claim of the PlaintiffS against the Defendants to recover sums claimed by the Plaintiff to be due and unpaid. To prevail on a breach of contract claim, Plaintiff must prove the existence of a valid contract, breach of the contract, and damages. For a written contract, Plaintiff must prove that the agreement was signed by both parties and that the parties intended to enter into a binding contract. There is a difference between a price quotation and an actual contract or agreement to perform work at a definite price. For an oral contract, Plaintiff must also allege facts, that if true, show that the parties mutually reached a clear and definite agreement and left no essential terms open, for example, price of work to be performed, date by which the work would be performed, and an exact description of the work to be performed. Again, it is the intention of the parties, intention to contract, that controls.*

*If you do not find that there was no contract between the parties, you should find for the Defendants. On other hand, if you find that there was a contract with*

*definite terms, and the Defendants breached that contract, and the Plaintiff can prove his damages, then you should find for the Plaintiff.*

*Contracts can be modified. A modification occurs when there actually is a contract, and during performance the parties change an essential term, such as the date of completion of the price of the labor. If you find that there was a contract and it was modified, you will also have to decide whether the Plaintiff ratified that modification. Ratification occurs where a party with full knowledge of all of the material facts makes an affirmative showing of his or her express or implied intention to adopt an act or change to the contract. Moreover, if the party knows that something has occurred contrary to the terms of the contract, but he does not timely object, than the party ratifies the situation. Therefore, if you find that the Plaintiff had a contract that was modified, even if it was modified unilaterally, and you find that the Plaintiff was an at-will employee who continued to work under the modified contract without asserting a timely objection, then you must find for the Defendants with respect to the breach of contract claim since a ratification occurred. In other words, if you find that the Plaintiff accepted his paychecks after a modification occurred, then you must find that the Plaintiff ratified the modification, and find in favor of the Defendants with respect to this claim.*

*Another question that you will have to resolve is whether the contract was actually between the PlaintiffS and one or both of the Defendants, or whether it was between the Plaintiff and another entity. If the contract was between the Plaintiff and another entity, you must find for the Defendants since only parties to the contract may be liable for breach of contract.*

*Authorities*

*Zurstrassen v. Stonier*, 786 So.2d 65 (Fla. 4th DCA 2001); *Murray v. Playmaker Servs., L.L.C.*, 512 F.Supp.2d 1273 (S.D. Fla. 2007); *Boim v. National Data Prods., Inc.*, 932 F. Supp. 1402 (M.D. Fla. 1996); *Rubenstein v. Primedica Healthcare, Inc.*, 755 So.2d 746 (Fla. 4th DCA 2000); *Davis v. Friendly Express Inc.*, 2003 WL 21488682 (11th Cir. 2003); *Morningstar Healthcare, LLC v. Greystone & Co., Inc.*, 294 Fed.Appx. 542 (11th Cir. 2008); *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983). *See Herman v. RSR Sec. Services, Ltd.*, 172 F.3d 132 (2nd Cir. 1995); *Fedley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994); *Donovan v. Grim Hotel Co.*, 747 F.2d 966 (5th Cir. 1984); *U.S. Dept. of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775 (6th Cir. 1995); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991); and *Shultz v. Chalk-Fitzgerald Const. Co.*, 50 F.R.D. 480 (E.D.N.C. 1970).

### -Defendants proposed Single Recovery

*Should you decide in favor of the Plaintiff and determine that he should be awarded money damages, you must not award him compensatory damages more than once for the same injury. For example, if the Plaintiff prevails on each of his two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of*

*course, if different injuries are attributed to the separate claims, then you may compensate the Plaintiff fully for all of his injuries.*

*You may impose damages on a claim solely upon one Defendant or you may impose them on multiple Defendants that you find are liable on that claim. Although there are three Defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each Defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other Defendants. If you find that only one Defendant - for example, - is responsible for a particular injury, then you must award damages for that injury only against that Defendant.*

*You may find that more than one Defendant is liable for a particular injury.*

*AuthoritiesFifth Circuit Pattern Jury Instructions (Civil) Cautionary Instructions P.15 Damages (modified).*

_____

**Plaintiffs object to this instruction as it is confusing because Plaintiffs are not precluded from recovering under the FLSA and under their Florida State law claims simultaneously, but the instruction seems to suggest otherwise.**