UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ and
RAFAELA VALIENTE,

       Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ
QUINTERO,

       Defendants.

_____/

**PLAINTIFFS' MOTION IN LIMINE AND/OR TO EXCLUDE**

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, request that the Court enter an Order *in limine* and/or excluding any evidence, argument, inference, or reference at trial on the following underlined issues: (1) attorneys' fees; (2) liquidated damages; (3) inability to pay or Defendants status as a small/family business; (4) documents not timely disclosed/produced in discovery.

Plaintiffs also request the Court to enter an Order *in limine* on the following disputed issues: (5a) what the records from the insurance companies would have shown (as inadmissible hearsay because the source documents were not produced); (5b) emails in which any of the Plaintiffs requested to be treated/paid as independent contractors (as inadmissible hearsay because the source documents were not produced); (6) the timing of when Defendants served a cease and desist

letter or filed their lawsuit against Plaintiffs; (7) Plaintiffs having worked as employees or independent contractors in their employment before and after working for Defendants; (8) Plaintiffs' work or insurance-related activities after they ceased working for Avant Assurance Inc. ("Avant"); (9) the mental state of Plaintiffs as independent contractors; (10) Plaintiff Delio Batista's inter-family relationship with Defendant Reinier Cortes; (11) Plaintiffs never making as much money before as they did being employed by Defendants; (12) Department of Labor "opinion" letters or proposed rules.

The purpose of a motion *in limine* as facilitating pre-trial rulings to streamline the trial proceedings:

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, Plaintiffs are raising several pre-trial evidentiary issues with the Court.

## A. STIPULATED ISSUES

### (1) *No Reference To Attorneys' Fees*

1.      The parties agree not to attempt to introduce evidence or to make arguments, references, or inferences at trial regarding the award of attorneys' fees and costs to a prevailing FLSA plaintiff under 29 U.S.C. §216(b) and/or under Florida law, Fla. Stat. §448.08.

### (2) *No Reference to Liquidated Damages*

2.      The parties agree not to attempt to introduce evidence or make arguments, references, or inferences regarding the award of liquidated damages to a prevailing FLSA plaintiff under 29 U.S.C. §216(b).

### **(3)** *No Financial Hardship/Small Business*

3.      The parties agreed not to attempt to introduce evidence or make arguments, references, or inferences at trial that Defendants would have a hard time satisfying any judgment/damages, that they could not pay any judgment/damages awarded, or that they are a small or family business.

### **DISPUTED ISSUES**

### **(4)** *No Reference To Documents Not Timely Disclosed*

4.      Plaintiffs are concerned that Defendants will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial regarding documents/materials that were not timely disclosed according to Rule 26 or produced before the June 2, 2023, discovery cut-off.

5.      The Plaintiffs asked the Defendants to agree not to sandbag them with undisclosed documents, but they only partially agreed to this issue.

6.      Defendants agreed not to use or refer to documents not timely produced in part but <u>did not agree</u> to the extent that they would be prevented from using such evidence <u>for impeachment</u>.

7.      Rule 26 requires parties to provide to the other party, regardless of whether the information is requested in discovery, and regardless of whether it is being used for a party's case in chief or for impeachment purposes:

(a) Required Disclosures

   (1) *Initial Disclosure*

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

(ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment….

8.     Rule 26 also requires parties to supplement their discovery responses and requires the Court to preclude the introduction of documents that were not previously and timely disclosed:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) Failure to Disclose or Supplement. **<u>If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence</u>** on a motion, at a hearing, or **<u>at a trial</u>**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

[*Emphasis added*.]

9.     Rule 26 precludes Defendants from referring to or introducing at trial any documents or evidence that they failed to disclose timely (prior to June 2, 2023).

10.     Plaintiff requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding documents that were not timely disclosed or produced in discovery, including the contents of any documents not timely disclosed or produced.

## (5) Inadmissible Hearsay Is Properly Excluded

11.     Plaintiffs anticipate that Defendants will attempt to introduce hearsay at trial about (a) what certain records establish or (b) what is contained in certain records.

12.     Plaintiffs expect the Defendants will seek to testify about what certain documents say or would establish without the documents first being introduced into evidence.

13.     By their very nature, the statements/materials that Defendants may seek to introduce (whether verbal or in writing) are hearsay. Fed. R. Evid. 801.

14.     Hearsay is generally not admissible unless it meets an exception or is otherwise permitted by law. Fed. R. Evid. 802.

15.     Defendants' reference to what they claim certain documents or materials contain or would show, without admitting the actual documents into evidence, amounts to the improper introduction of "inferential hearsay":

> Black's Law Dictionary defines "inferential hearsay" as "Hearsay that is implied in testimony that suggests the contents of a conversation that is not explicitly disclosed by the testimony." Black's Law Dictionary (10th ed.2014); *see also Hutchins v. Wainwright,* 715 F.2d 512, 516 (11th Cir.1983) (Prosecution's proffer of evidence of what detectives did based on their conversations with non-testifying informant—even without offering content of conversations with informant—constituted hearsay because what the informant "knew was readily inferred").

*Pena v. Handy Wash, Inc.*, 114 F. Supp. 3d 1239, 1243. (S.D. Fla. 2015).

16.     The introduction of inferential hearsay is improper. *Id.*, at 1244; *accord Schultze v. 2K Clevelander LLC*, 2018 WL 4859070, at *2 (S.D. Fla. Aug. 29, 2018).

17.     The Court should not allow Defendants to testify about what documents contained or showed, as doing so would violate the prohibition against inferential hearsay.

### (a) No evidence, argument, or reference to what the records from the insurance companies or the Radius Bob CRM software indicated.

18.    In his deposition as the Corporate Representative for Avant Assurance Inc., Mr. Cortes testified that he would receive a commission statement in Excel format from each health insurer, that he would normally be identified as the selling agent on those commissions statements, and so he would then go into his company's CRM (Radius BOB)[1] to determine which agent should be paid for the insurance policy. (Depo. Cortes, pp. 99-102: 18-2.)

19.    The Defendants did not produce the records (commission statements) they received from the various insurance companies. These documents would have contained the insurers' names, the insureds' names, and the dates of each policy issued.

20.    Defendants also did not produce in digital/native or any other format the documents from its CRM (Radius BOB) that they claimed to have used to determine which insurance policies were attributable to which insurance agent.

21.    Without having produced the actual commission statements or Radius BOB CRM information, Defendants nonetheless seek to testify at trial about the contents of the documents.

22.    Mr. Cortes' testimony in deposition that he calculated the commissions owed to each agent based on his review of the contents of Radius BOB and the commission statements from the insurers – which are out-of-court statements/documents and not made under oath – but which Defendants may seek to introduce for their truth through their own "understanding" or testimony. Thus, his statements would be hearsay based on hearsay. Fed. R. Evid. 801.

23.    Any testimony by Defendants (or Mr. Cortes) about the contents of commission statements from insurers and/or the Radius BOB CRM would amount to Defendants offering two

---

[1]    Depo. Cortes, p. 27: 11-20 (Radius BOB is the CRM used by Avant Assurance Inc.)

layers of inadmissible hearsay. *See. e.g.*, *Williams v. Consol. City of Jacksonville*, 2006 WL 305916, at *12 (M.D. Fla. 2006) (excluding statement as "inadmissible double hearsay") (citing *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 n. 1 (11th Cir. 1999).

24.     Testimony by Defendants (or Mr. Cortes) about the contents of commission statements from insurers and/or the Radius BOB CRM does not meet any of the requirements for any hearsay exception identified in Fed. R. Evid. 803 and is properly excluded.

### *(b) No evidence, argument, or reference about the contents of emails purportedly sent by Plaintiffs because the emails were not produced*

25.     In his deposition as the Corporate Representative for Avant Assurance Inc., Mr. Cortes testified that the Plaintiffs sent him emails requesting to be classified and/or paid as independent contractors:

Q.     Did they make that request in writing?

A.     They did.

Q.     And in writing, was that through an e-mail?

A.     Yes.

Q.     Do you know if you've sent any of those e-mails where they requested to be independent contractors over to us or my law firm?

A.      I'm not sure.

(Depo. Cortes, p. 68: 4-23.)

26.     The Defendants did not produce or disclose the emails in which Plaintiffs supposedly requested to be independent contractors.

27.     Mr. Cortes' deposition testimony that the Plaintiffs verbally requested to be independent contractors – which are out-of-court statements and not made under oath – but which Defendants may seek to introduce for their truth are hearsay. Fed. R. Evid. 801.

28.     Likewise, any testimony by Defendants (or Mr. Cortes) about the Plaintiffs sending emails requesting to be independent contractors would amount to Defendants offering two layers of inadmissible hearsay. *See. e.g.*, *Williams v. Consol. City of Jacksonville*, 2006 WL 305916, at *12 (M.D. Fla. 2006) (excluding statement as "inadmissible double hearsay") (citing *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 n. 1 (11th Cir. 1999).

29.     Testimony by Defendants (or Mr. Cortes) about any request by Plaintiffs to be independent contractors does not meet any of the requirements for any hearsay exception identified in Fed. R. Evid. 803 and is properly excluded.

### (6) *The Timing Of When Defendants Served A Cease-And-Desist Letter Or Filed Their Lawsuit Against Plaintiffs*

30.     Plaintiffs are concerned that the Defendants may seek to create a sideshow at trial by attempting to introduce evidence or argument that the Plaintiffs filed this lawsuit for an ulterior motive after receiving a cease-and-desist letter from Defendant, Avant Assurance Inc.

31.     Plaintiffs also are concerned that the Defendants may seek to create a sideshow at trial by attempting to introduce evidence or argument that the Plaintiffs filed this lawsuit for an ulterior motive after Defendant, Avant Assurance Inc., filed its lawsuit against Mariana Lopez and Carlos Lopez the day before the filing of the Complaint in the case at bar.

32.     The Plaintiffs' motives behind filing this lawsuit are irrelevant to the issues in this case – they will not tend to prove or disprove whether they are employees, owed overtime, exempt, or owed bonuses or commissions. *See Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162 (10th Cir. 2000)

(finding that testimony about plaintiff's motivation for bringing lawsuit "was irrelevant, and unfairly prejudicial" and properly excluded by the district court.) *See also Sierra Club v. Union Elec. Co.*, 42015 WL 9583394, at *5 (E.D. Mo. Dec. 31, 2015) (motive for brining lawsuit "is irrelevant to any issue in this case"); and *Tallman v. Freedman Anselmo Lindberg, L.L.C.*, 11-3201, 2013 WL 2631754, at *3 (C.D. Ill. June 12, 2013) ("The Court finds that Plaintiff's motive in bringing the lawsuit is not relevant on the issue of whether Defendant violated the Act" and finding evidence of motive more prejudicial than probative).

33.    For evidence to be admissible at trial, it must be relevant. *See* Fed.R.Evid. 401, 402.

34.    None of this evidence about whether the Plaintiffs filed this lawsuit for an ulterior motive after receiving a cease-and-desist letter from Defendant, Avant Assurance Inc., will tend to prove or disprove whether the Defendants employed Plaintiffs, the hours they worked, the value of Plaintiffs' claims, or any defenses thereto.

35.    Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice.

36.    Any evidence regarding the cease-and-desist letter and State Court proceedings should be excluded because their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. *See Hodgetts v. City of Venice, Florida*, 2011 WL 2183709 (M.D. Fla. June 6, 2011). Such evidence will result in significant litigation time on issues unrelated to Plaintiff's claims asserted herein for FLSA overtime and other compensation, and the inevitable result of having to conduct several "mini-trials" within this trial. *McWhorter v. City of Birmingham*, 906 F.2d 674, 679 (11th Cir. 1990).

**_(7) Plaintiffs worked as employees or independent contractors in their previous employment._**

37.     For evidence to be admissible at trial, it must be relevant. *See* Fed.R.Evid. 401, 402.

38.     Whether the Plaintiffs worked as independent contractors or as employees before they started working for Defendants would not tend to prove or disprove that Defendants employed Plaintiffs, the hours they worked, the value of their claims, or any defenses thereto.

39.     Finding that private security guards were employees (and not independent contractors), the Fourth Circuit Court of Appeals stated "[a]lthough control is an important part of the *Silk* test, the issue is not the degree of control that an alleged employer has over the manner in which the work is performed in comparison to that of *another employer*. Rather, it is the degree of control that the alleged employer has in comparison to the control exerted by the *worker*." *Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006) (emphasis in original); *Buttita v. DIRECTV LLC*, 2017 WL 10456972, at *23 (N.D. Fla. Sept. 28, 2017) (citing *Schultz* for the same proposition).

40.     *Schultz* explains that work performed for another employer is not relevant to the analysis of whether the Plaintiffs in this case operated as employees or independent contractors for the Defendants.

41.     Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

42.     In this case, Defendants seek to introduce evidence of each Plaintiff's prior work history as evidence that they knew they were independent contractors, which would mislead the jury into thinking that the Plaintiffs performed work in the same exact manner at their prior places

of employment as they did for Defendants. In turn, this misleading evidence could only be obtained by having an extensive examination of each Plaintiff's employment practices at each place they previously worked, which would inevitably lead to undue delay at trial (by convening mini-trials to determine if the Plaintiffs were independent contractors or employers at their prior places of employment). *See Mcwhorter, supra.*

### (8) Plaintiffs' work or insurance-related activities after they ceased working for Avant is irrelevant.

43.     For evidence to be admissible at trial, it must be relevant. *See* Fed.R.Evid. 401, 402.

44.     Plaintiffs' work activities after they stopped working for Defendants would not tend to prove or disprove that Defendants employed Plaintiffs, the hours they worked, the value of their claims, or any defenses thereto.

45.     Plaintiffs advance the same argument presented in paragraphs 39-42 above to support this motion *in limine*, since the analysis for employment before and after they worked with the Defendants rests on the same analysis.

### (9) The mental state of the Plaintiffs as independent contractors.

46.     For evidence to be admissible at trial, it must be relevant. *See* Fed.R.Evid. 401, 402.

47.     During depositions, the Defendants asked Plaintiffs questions of the following sort: whether they were independent contractors; whether they requested benefits from Avant that employees are usually given (such as paid time off); whether they received unemployment or other government assistance; whether they filed 1099s issued by Avant; whether they claimed deductions from the Internal Revenue Service through filing those 1099s, and other questions seeking to ascertain whether Plaintiffs thought they were independent contractors.

48.     Defendants should be precluded from asking these questions at trial or eliciting any testimony that seeks the Plaintiffs' mental states as to their statuses as independent contractors.

49.     Plaintiffs' testimony about their state of mind (as independent contractors or employees) would be irrelevant because it does not tend to prove or disprove employment if the Plaintiffs thought they were independent contractors, whether they requested benefits typically afforded to employees, whether they filed 1099s, or whether they claimed deductions as 1099 workers. *See Harrell v. Diamond A Ent., Inc.*, 992 F. Supp. 1343, 1353 (M.D. Fla. 1997) (court declined to consider the "intent of the parties," the "way in which the parties characterize themselves for tax purposes," or "the extent to which the putative employer provided employment benefits" when ruling on Defendant's motion for partial summary judgment to determine whether Plaintiff was an independent contractor or employee because the label attached to the employment relationship is not dispositive of the economic reality of the relationship); *Gordilis v. Ocean Drive Limousines, Inc.*, 2014 WL 2214289, at *3 (S.D. Fla. May 28, 2014) ("District courts have found that the label workers used with respect to the IRS is irrelevant in considering whether the person was an independent contractor."); *Clincy v. Galardi S. Enterprises, Inc.*, 808 F. Supp. 2d 1326, 1349 (N.D. Ga. 2011) (finding Plaintiffs to be employees even though they elected to be treated as independent contractors and held themselves out to the IRS as independent contractors); *Baker v. Barnard Const. Co. Inc.*, 860 F. Supp. 766, 772 (D.N.M. 1994), aff'd sub nom. *Baker v. Flint Eng'g & Const. Co.*, 137 F.3d 1436 (10th Cir. 1998) ("The Court also finds the fact that the Plaintiffs knew they were treated as independent contractors, and the fact they listed themselves as such on their tax forms, to be of little, if any, relevance.").

50.     The cases cited in the preceding paragraph confirm that employees' mental states in thinking of themselves as independent contractors or even taking actions in furtherance of being independent contractors are not determinative of their actual statuses as employees under the FLSA.

51.     The only relevant analysis is "whether the individual is or is not, as a matter of economic fact, in business for himself." *Donovan v. Tehco, Inc.*, 642 F.2d 141, 143 (5th Cir. 1981). In the Eleventh Circuit, courts are required to determine whether an individual is an employee or independent contractor by looking at the "economic reality" of the relationship to see if the alleged employee is dependent on the alleged employer. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). *Scantland* recognizes a six-factor "economic reality" test that is not exclusive and no single factor of the test is dominant. *Id.* at 1312. While courts can consider factors outside of the six recognized in *Scantland*, many have already determined that factors relating to an individual's mental state of being an independent contractor are not relevant to the economic dependence analysis. *See Gordilis v. Ocean Drive Limousines, Inc.* at *4 ("The factors governing 'economically dependent' do not ponder personal tax returns. Moreover, it is entirely possible Plaintiffs were simply wrong in their preparation of their tax returns. Accordingly, Plaintiffs' tax returns do not create a genuine issue of material fact and Defendants did not meet their burden of showing a such a dispute. Thus, summary judgment must be entered to find that Defendants were Plaintiffs' FLSA employers.); *Harrell v. Diamond A Ent., Inc.* at 1353 ("Defendant cites no case which considers [characterization for tax purposes and the provisions of employee benefits] in the context of the broad 'suffer or permit to work' definition of employment contained in the FLSA.").

52.     Furthermore, Rule 403 of the Federal Rules of Evidence dictates that the Court

should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

53.     If this Court finds evidence of whether the Plaintiffs thought they were independent contractors, whether they asked questions of Avant officers to gauge their employment status, or whether they filed tax returns to be relevant in any way, then that evidence would still run afoul of Rule 403. Any evidence related to these issues would confuse the issues in this case and mislead the jury since the main consideration for the fact finder is to determine if the Plaintiffs were economically dependent on the Defendants.

### (10) *Plaintiff Delio Batista's Interfamily Relationship to Defendant Reinier Cortes*

54.     Plaintiffs are concerned that the Defendants may seek to introduce evidence that Plaintiff Delio Batista is romantically involved with the mother of Defendant Reinier Cortes.

55.     Due to this fact, Defendants may attempt to argue that Mr. Batista is seeking revenge on Mr. Cortes through this lawsuit because the relationship between Mr. Cortes and his mother swiftly devolved after Mr. Batista's employment ended at Avant Assurance, Inc. The details of the rift in the relationship between Mr. Cortes and his mother are sordid (amongst other things, Mr. Cortes ejected his mother from his house and prevents her from seeing her grandchild), and unnecessary to the legal issues present in this trial.

56.     The Defendants would only use this evidence to establish that Mr. Batista filed this lawsuit for an ulterior motive.

57.     Mr. Batista's motive(s) for filing this lawsuit is irrelevant to the issues in this case – they will not tend to prove or disprove whether they are employees, owed overtime, exempt, or

owed bonuses or commissions. *See Caldwell v. Wal-Mart Stores, Inc.*, 229 F.3d 1162 (10th Cir. 2000) (finding that testimony about plaintiff's motivation for bringing lawsuit "was irrelevant, and unfairly prejudicial" and properly excluded by the district court.) *See also Sierra Club v. Union Elec. Co.*, 42015 WL 9583394, at *5 (E.D. Mo. Dec. 31, 2015) (motive for brining lawsuit "is irrelevant to any issue in this case"); and *Tallman v. Freedman Anselmo Lindberg, L.L.C.*, 11-3201, 2013 WL 2631754, at *3 (C.D. Ill. June 12, 2013) ("The Court finds that Plaintiff's motive in bringing the lawsuit is not relevant on the issue of whether Defendant violated the Act" and finding evidence of motive more prejudicial than probative).

58.    For evidence to be admissible at trial, it must be relevant. *See* Fed.R.Evid. 401, 402.

59.    None of the evidence about Mr. Batista's relationship with Mr. Cortes's mother, and the resultant fallout between Mr. Cortes and his mother, will tend to prove or disprove whether the Defendants employed Mr. Batista, the hours he worked, the value of his claims, or any defenses thereto.

60.    Rule 403 of the Federal Rules of Evidence dictates that the Court should exclude relevant evidence (argument, inference, or reference) when the potential probative value is substantially outweighed by the danger of unfair prejudice.

61.    Any evidence regarding the afore-mentioned relationships should be excluded because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. *See Hodgetts v. City of Venice, Florida*, 2011 WL 2183709 (M.D. Fla. June 6, 2011). Such evidence will result in significant litigation time akin to reality TV drama on issues unrelated to Mr. Batista's claims asserted herein for FLSA overtime and other compensation, and will ultimately confuse the issues before the jury.

### *(11) Plaintiffs made more money working for Defendants than they ever had before in their lives.*

62.      For evidence to be admissible at trial, it must be relevant. *See* Fed.R.Evid. 401, 402.

63.      Based on questions posed during depositions, Plaintiffs are concerned the Defendants will attempt to introduce evidence that they made more money working for the Defendants than they ever had before in their lives. Indeed, at least two of the Plaintiffs testified that certain compensation they received from Avant Assurance, Inc. was more substantial than payments from their previous places of employment.

64.      Through this evidence, the Defendants will implicitly or explicitly be arguing that the Plaintiffs should not have brought this lawsuit and should be awarded damages based on their earnings already received, and thereby give the jury the impression that they should be grateful for being provided with the means to live a better lifestyle.

65.      This argument is improper as it would not tend to prove or disprove that Defendants employed Plaintiffs, the hours they worked, the value of their claims, or any defenses thereto. As such, any or all of the Plaintiffs statements that they made more money working for the Defendants is irrelevant to those issues.

66.      This evidence should also be excluded under Federal Rule of Evidence 403 because it only serves to confuse the issues in this case and mislead the jury into believing the Plaintiffs should not have vindicated their legal rights in court. *See* Fed.R.Evid. 403.

67.      Therefore, the Plaintiffs move this Court to prevent Defendants from questioning Plaintiffs about whether the compensation they received from Avant was more than they had received before.

### _(12) Department of Labor Opinion Letters and Proposed Rule are not relevant, are hearsay and cannot be properly authenticated_

68.     Defendants produced four (4) documents, including one Department of Labor "opinion letter", two proposed rules (with procedural histories), and one article from an "Employer's Guide to the Fair Labor Standards Act" by email to Plaintiffs' counsel at 4:38PM on June 12, 2023 – the same day this Court set a deadline for submissions of motions _in limine_.

69.     As an initial matter, these materials were produced after the discovery deadline of June 2, 2023, imposed in this Court's Order at ECF No. 66, and the Parties already agreed that no documents produced after the discovery deadline would be admissible at trial in motion _in limine_ number four above.

70.     Therefore, they should be excluded on that basis alone.

71.     Furthermore, the Plaintiffs have not had an adequate opportunity to thoroughly review each of the four letters and conduct research into their contents for the propositions they would be introduced for due to their late production.

72.     However, Plaintiffs object to the admission of these letters to the extent the Defendants attempt to bolster a good faith defense that they relied on them to not pay overtime, and ultimately avoid having to pay liquidated damages.

73.     Plaintiffs object to the admission of these materials as they are not relevant to any issue in the case under Federal Rules of Evidence 401 and 402, they are hearsay with no applicable exceptions, and they cannot be properly authenticated at trial.

74.     These documents are also subject to exclusion under Federal Rule of Evidence 403 because they would confuse the issues in this case and mislead the jury.

75.     Plaintiffs request and reserve the right to make further argument against the admissibility of these documents at a later time, and/or in the alternative, request additional time to write a more extensive motion *in limine* to flesh out their arguments due to their late production.

WHEREFORE Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

## RULE 7.1 CERTIFICATION

Counsel for the movants conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, by exchanging numerous emails. The parties ***agreed*** to the issues identified above and ***disagreed on the remaining issues*** contained in the foregoing Motion.

Dated this 12th day of June 2023.

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> s/Toussaint Cummings, Esq.
> Toussaint Cummings, Esq. (119877)
> toussaint@fairlawattorney.com
> FAIRLAW FIRM
> 135 San Lorenzo Avenue
> Suite 770
> Coral Gables, FL 33146
> Tel:     305.230.4884
> *Counsel for Plaintiffs*