UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ, and
RAFAELA VALIENTE,

    Plaintiffs,
vs.

AVANT ASSURANCE INC.,
REINIER CORTES, and
ANDREA GONZALEZ QUINTERO,

    Defendants.
_____/

**DEFENDANTS' AMENDED RESPONSE TO PLAINTIFF'S MOTION IN LIMINE AND INCORPORATED MEMORANDUM OF LAW AND TO DEEM MATTERS ADMITTED PURSUANT TO RULE 201**

Defendants, AVANT ASSURANCE INC., and REINIER CORTES, and ANDREA GONZALEZ QUINTERO ("Defendants"), through their undersigned counsel, file this Response to Plaintiff's Motion in Limine and memorandum of law in opposition to Plaintiff's Motion in Limine and/or to Exclude, and to deem matters sought to be excluded in their motion in limine admitted pursuant to Rule 201 and Section 90.201, Florida Statutes, and states as follows:

### *I.   BACKGROUND*

1. The Plaintiffs consist of four (4) former Insurance Sales agents for Defendants who have have filed a three (3) count complaint for Count I – FLSA Overtime Wage Violation(S) ; Count II- Breach of Contract (alleging unpaid commissions and Bonuses owed); and Count III - Unjust Enrichment (also for commissions and bonuses allegedly owed) . At all times, the Defendants have

1

maintained that the plaintiffs are exempt from the FLSA as independent contractors amongst other applicable exemptions for insurance sales agents paid via commissions and bonuses.

2. The Plaintiffs Motion in Limine seeks to exclude certain disputed matters from being referred to at trial, including any references to:

> *1)* No Reference to Documents Not Timely Filed; 2) Inadmissible Hearsay (reference Documents); (a) No evidence, argument, or reference to what records from the insurance companies or the Radius Bob CRM software indicated; (b) No evidence, argument, or reference about the contents of emails purportedly sent by Plaintiff's because the emails were not produced; 3) The Timing of when Defendants served a Cease and Desist Letter or filed their lawsuit against Plaintiffs; 4) Plaintiffs worked as employees or independent contractors in their previous employment; 5) Plaintiffs work or insurance-related activities after they ceased working for Avant is Irrelevant: 6) The mental state of the Plaintiffs as independent contractors; 7) Plaintiff Delio Batista's Interfamily Relationship to Defendant Reinier Cortes; 8) Plaintiff's made more money working for Defendants than they ever had before in their lives. **(9) Department of Labor Opinions Letters and proposed Rule are not relevant, are hearsay and cannot be properly authenticated.**

## *II. GENERAL STANDARDS FOR MOTIONS IN LIMINE AND RULE 403*

3. A motion *in limine* is a pretrial effort to prevent the admission of evidence. *Biscayne Cove Condo. Ass'n Inc. v. QBE Ins. Corp.,* 2013 WL 2646828 (S.D. Fla. June 12, 2013), citing *Stewart v. Hooters of America, Inc.,* 2007 WL 1752873 (M.D. Fla. June 18, 2007). Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir. 1997). A motion *in limine* is traditionally disfavored because questions of admissibility should be dealt with at trial. *Biscayne Cove, supra,* citing *Stewart, supra.* The purpose of a motion *in limine* is to give the judge notice of a party's desire to prevent the introduction of damaging evidence that may impact the fairness of a trial. *Id.* In practice, federal district courts have the authority to make *in limine* rulings pursuant to their

authority to manage trials. *Id.,* citing *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). In order to exclude evidence *in limine* it must be inadmissible on *all* potential grounds. *Id., citing Hawthorne Partners v. AT& T Technologies,* 831 F. Supp. 1398, 1400 (N.D. 111.1993). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. *Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846-47 (N.D. Ohio 2004).

4. Under Rule 403, a court may exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Ostrow v. GlobeCast Am. Inc.,* 825 F. Supp. 2d 1267 (S.D. Fla. 2011), citing Fed. R. Evid. 403. The Eleventh Circuit has emphasized repeatedly that courts should use Rule 403 to exclude evidence only "very sparingly." *Id.,* citing *Wilson v. Attaway,* 757 F.2d 1227, 1242 (11th Cir. 1985); *Luka v. City of Orlando,* 382 Fed. Appx. 840, 841 (11th Cir. 2010); *Tambourine Comercio Internacional v. Solowsky,* 312 Fed. Appx. 263, 287 (11th Cir. 2009). Moreover, in determining whether evidence should be excluded under Rule 403, courts must "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its prejudicial impact." *Id.,* citing *Luka,* 382 Fed. Appx. at 841 (quoting *United States v. Brown,* 441 F.3d 1330, 1362 (11th Cir. 2006). Indeed, analysis under Rule 403 requires that "[t]he balance ... be struck in favor of admissibility." *Id.,* citing *Tambourine Comercio Internacional,* 312 Fed. Appx. at 287 (quoting *United States v. Tinoco,* 304 F.3d 1088, 1120 (11th Cir. 2002).

### A. The Defendant's documents timely produced showing regularly kept proof of payments received and made are admissible.

5. The Plaintiffs central argument to exclude reference to documents not timely documents is incorrect and their motion in limine, disguised as a motion to compel seeking discovery sanctions, is improper. In fact, the Defendants have timely produced authenticated and regularly kept business records of payments made and received to each Plaintiff. On November 30th, 2022, the court ordered "Defendants to provide Plaintiffs with all of their requested information necessary to prepare a more accurate statement of claim or a notice with the court explaining why they have not done so or why Defendants deem the records already provided to be sufficient. If Defendants provide Plaintiff's with all of the requested information, Plaintiffs shall have seven (7) days from when they receive the requested records to file their statement of Claim. Defendants produced all requested documents and filed its notice of compliance on December 2, 2022. On December 12, 2022, a hearing was held and the court ordered Defendants to produce detailed time, pay, and commission records for 2021 and 2022 within 15 days stating ***Once Defendants provide said records, Plaintiffs would have seven days to file their within their statement of claim, which they did file on 1/11/2023.*** There were no follow-up motions, hearings or orders regarding discovery violations or failure to produce.

6. Furthermore, the evidence and argument Plaintiff wants to exclude is part of his burden of proof. Under *Reich v. Department of Conservation and Natural Resources,* 28 F.3d 1076 (11th Cir. 1994), a plaintiff must prove that his employer knew or should have knowledge of the overtime work to show that he was employed within the meaning of the FLSA. Here, Plaintiff regularly accepted their commissions and bonuses without ever once protesting throughout their employment. Not until this action was filed months after their employment ended, did any of the Plaintiffs ever mention or claim a right to receive overtime pay.

7. Moreover, any evidence of alleged record-keeping violations should be excluded because it is

irrelevant to any legal issue in the case. *See* Fed. R. Evid. 402. ("Evidence which is not relevant is not admissible."). Evidence that the employer committed a record-keeping violation is not evidence that the employer acted willfully in failing to pay overtime. See, e.g., Elwell v. *University Hospitals Home Care Services,* 276 F.3d 832, 843-844 (6th Cir. 2002). Lastly, the 2021 IC Rule explained that independent contractors are not employees under the FLSA and are therefore not subject to the Act's minimum wage, overtime pay, or ***recordkeeping requirements.***

      b***. The emails from the Plaintiffs to Defendants asking that payments be made to their LLC's and as Independent Contractors were timely produced and admissible.***

8. The Plaintiff's are mistaken in their assertion that the emails from Plaintiffs wherein they ask to be paid to their LLC's and as independent contractors were timely produced and the emails were exhaustively admitted in all depositions of plaintiffs and/or attached to the depositions.

      c. **Plaintiffs are asking the court to exclude all the bad facts and the Truth from the Jury.**

9. This is an action under the Fair Labor Standards Act ("FLSA") intertwined with a Breach of Contract/Unjust enrichment claim outside of the FLSA purview. From the onset, Plaintiffs knew they were independent contractors, they all prepared LLC's for their own companies they were actually working, were paid via 1099's and claimed business. Not once did any of the Plaintiff's complain of anything unpaid or entitlement to any hourly or overtime payments. Their credibility before the Jury will be a central issue. Delio Batista is married to Avant CEO's mother, was formerly "best friends" with the Avant CEO Reinier Cortes, and worked together for years as W-9 employees paid hourly.

10. Defendants deny the Plaintiff's claim for unpaid overtime and liquidated damages for willful and reckless disregard and knowledge of his obligation to pay overtime and Defendants deny this. The truth is, and what Defendants intend to present to the jury for the jury's determination of fact, is the fact that Plaintiff Batista and the other Plaintiffs knew that they were never supposed to receive any hourly payments or overtime and that the Plaintiffs never complained of not receiving any payments. In fact, the Plaintiffs left Plaintiffs employment taking his confidential client lists and operating model and system and started their own copycat insurance selling agency's business. The Defendants had to hire this firm to issue cease and desist letters which was followed by a state court case just around the same time as this action was filed. The cease and desist letters and the state based action were answered and responded to by Plaintiffs pre-textually in the form of this invented and FLSA contract-based commission action intertwined and disguised as a FLSA overtime claim amounting to about 10% of what the Plaintiffs are seeking in alleged damages essentially "bootstrapping" the FLSA and its liquidated damages and fee exposure.

11. The Jury should and must weigh all evidence and facts and decide such issues based upon everything presented. However, these independent contractor agreements, together with all other evidence to be presented at trial on this issue, is the only way to give the jury a full, fair and appropriate presentation of all evidence relevant to this issue. Plaintiff's Motion seeks to improperly block the relevant, probative, and material existence of the written independent contractor agreements, the Plaintiffs knowledge therein, their credibility or lack thereof, is entirely improper.

12. That being said, it is up to the Plaintiff to present evidence at trial, if any, which suggests that Plaintiff, under the facts presented in this case and evidence adduced at trial, was not an independent contractor and was instead an employee under the FLSA. Then, based upon the parties' presentation of the facts to the jury, it is up to the jury to decide.

13. For Plaintiff to claim that the existence of the independent contractor agreements would "unfairly prejudice" the jury in its thinking, is disingenuous and is legal fiction. Plaintiff and Defendants will have the benefit of appropriate jury instructions on this issue, and the jury will and should have all facts adduced at trial, for each side to argue their respective position. Conversely, for Defendants to not be able to present the independent contractor agreements to the jury would or may result in an unfair, unjust and unsubstantiated result.

15. The jury has the ability to weigh all evidence presented, both documents and testimony. Anything less, would unfairly benefit the Plaintiff before the jury, and unfairly prejudice Defendants.

### d. **The United States Department Of Labor (DOL) Wage And Hours Letters And Proposed Rule Are Relevant, Not Hearsay And Can Be Properly Authenticated.**

16. The DOL's Wage and Hour Division issues opinion letters to explain the requirements of the FLSA and the Secretary of Labor's regulations. The DOL considers these opinion letters to be "rulings," 29 C.F.R. § 790.17(d). Given their provenance and legal effect, DOL opinion letters are entitled to great weight when they interpret the DOL's own regulations. *Archuleta v. Wal-Mart Stores, Inc., 543 F.3d 1226, 1232 n.7 (10th Cir. 2008); see also Arriaga v. Fla. Pac. Farms, L.L.C., 305 F.3d 1228, 1238 (11th Cir. 2002).* "The Skidmore Court held that when considering the

deference to 'rulings, interpretations and opinions of the Administrator,' the 'weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Arriaga, 305 F.3d at 1238* (quoting *Skidmore v. Swift, 323 U.S. 134, 140, 89 L. Ed. 124, 65 S. Ct. 161 (1944)).* (Copies of WHD DOL letters and Opinions attached and are a exact copy of the USDOL WHD website publications.)

17. Respectfully, Defendants request this Honorable court deem said actual copies admitted and judicially noticed pursuant to pursuant to Rule 201 and Section 90.201**,** Florida Statutes.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine and for such further relief as is just in the premises.

### RULE 7.1 CERTIFICATION

Counsel for Defendants conferred with all parties or non-parties who may be affected by the relief sought in this reply and made a good faith effort to resolve the issues raised in this reply and attachments.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via CMF efiling portal .to attorney for Plaintiffs on June 26, 2023.

Respectfully submitted,

**CUETO LAW GROUP P.L.**

Attorneys for Employer/Contractor

4000 Ponce de Leon Blvd.,

Suite 470 Coral Gables, Florida 33146

Tel.:    (305) 777-0377

By: */s/* Daniel E. Tropp, Esq.

Fla. Bar #948128

Tel.: (direct line) (786) 306-1293

Email: dantroppesq@gmail.com




By:  *Daniel Tropp*

---

**DANIEL E. TROPP, ESQ.**

Fla. Bar Lic. #948128