UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ and
RAFAELA VALIENTE,

      Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ QUINTERO,

      Defendants.

_____/

## **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente,

and Defendants, Avant Assurance Inc. Reinier Cortes, and Andrea Gonzalez

Quintero, pursuant to the Court's Trial Order [ECF No. 18], Local Rule 16.1 of the

Southern District of Florida and Fed. R. Civ. P. 51, hereby submit their revised Joint

Proposed Jury Instructions, as follows[1]:

---

[1]     The parties were unable to agree to the proposed language that Defendants seek to add. Plaintiffs believe that Defendants inappropriately seek to re-litigate issues previously decided by the Court at Calendar Call and to raise new issues at this late juncture on the eve of trial. The language to which the Plaintiffs object is in **boldface and underline**. The language that Plaintiffs propose for Defendants' statement of the case is in ***boldface and italics***.

Respectfully submitted this <u>7th</u> day of July 2023,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Toussaint Cummings (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33156
Tel:   305.230.4884
*Counsel for Plaintiff*

<u>s/Santiago A. Cueto, Esq.</u>
Santiago A. Cueto, Esq. (0162566)
sc@cuetolawgroup.com
CUETO LAW GROUP P.L.
4000 Ponce de Leon Blvd.
Suite 470
Coral Gables, FL 33146
Tel:   (306) 777-0377
*Counsel for Defendants*

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, claims the Defendants, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, misclassified and paid them as independent contractors instead of properly classifying and paying them as employees. As a result of this misclassification, The Plaintiffs claim that they were not paid overtime wages when the worked more 40 hours in a workweek in violation of United States law known as the Fair Labor Standards Act, or FLSA. The Plaintiffs also claim that the Defendant, Avant Assurance, Inc., agreed to pay them nondiscretionary bonuses and commissions based on the sales they made, but that ***despite their requests for those bonuses and commissions***, it failed and refused to pay them the bonuses and commissions they earned.

Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero deny those claims and contend that they properly classified Plaintiffs as independent contractors and are not entitled to overtime pay. Defendants also contend that they properly paid Plaintiffs the commissions and bonuses they earned for sales of

insurance policies to customers. Defendants deny that they "refused" to pay Plaintiffs what was owed to them

Burden of proof:

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente have the burden of proving their case by what the law calls a "preponderance of the evidence." That means Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove that, in light of all the evidence, what they claims is more likely true than not. So, if you could put the evidence favoring Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente and the evidence favoring x Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero on opposite sides of balancing scales, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente need to make the scales tip to their side. If Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente fail to meet this burden, you must find in favor of Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

**On certain issues, called "affirmative defenses," Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero must prove for any affirmative defense. After considering all the evidence, if you decide that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.**

**\*\*Plaintiffs' position is that the Court either struck at Calendar Call or should strike the Defendants' Affirmative Defenses, and so this portion of the jury instructions is irrelevant and unnecessarily confusing.**

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me

and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente will present their witnesses and ask them questions. After Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente question the witness, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero may ask the witness questions – this

is called "cross-examining" the witness. Then Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero will present their witnesses, and Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

## 1.3

## Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know *[Spanish]*, you must accept the English [interpretation/translation] provided and disregard any different meaning.

## 1.4

## Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness

has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**1.5**

**Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1**

**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.6**

**Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called

"interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

## 2.5

### Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.4

### Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

## 3.1

### Introduction

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**3.2.2**

**The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**3.3**

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4**

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1

### Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiffs to prove every essential part of their claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that [the Plaintiff's] [the party's] claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who

may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

### 3.7.2
### Responsibility for Proof – Affirmative Defense
### Preponderance of the Evidence

**In this case, the Defendants assert the affirmative defenses:**

**Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero asserts the affirmative defenses of:**

**Defendants First Affirmative Defense**

***(Retail or Service Establishment Exemption a/k/a Commission work exemption)***

**Under the FLSA , 29 U.S.C. §207(i) each of the Plaintiff's claims for overtime in this case , and All Others Similarly Situated, Are Exempt From Overtime Pay as commissioned Sales  Agents in a Retail  Establishment. Also known as the commissioned work exemption, § 207(i) provides as follows:**

> **No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a**

**representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.**

**29 U.S.C. § 207(i).**

**Three elements must be met to establish the exemption. First, the employees must work for a retail or service establishment. Next, the employees must regularly receive a rate of pay over one and one-half times the federal minimum wage. Finally, they must earn more than one-half of their salary in commissions from goods or services during a representative period of not less than one month. § 207(i); 29 C.F.R. §§ 779.410** *et seq. Retail or Service Establishment.*

**  Under 29 C.F.R. § 776.20 (b), Insurance policies are "goods" within the meaning of the Act (1)** [i]  **Defendants need only show that each Plaintiff's "regular rate of pay exceeds one and one-half times the federal minimum wage," and that each Plaintiff earned "more than half his salary in commissions from goods and services during a representative period of not less than one month."** *See* **29 U.S.C. § 207(i); 29 C.F.R. § 779.412 (restating these requirements)  An employer need not specifically state the legal conclusion that an employee holding the job held by the plaintiff is exempt, however, if the employer's answer specifies the nature of the employee's work, and it is clear**

that the capacity specified is one that falls within an exemption. **Am. Jur. 2d,**

**Labor and Labor Relations § 3303.**As to exemptions under the Fair Labor

Standards Act, see **Am. Jur. 2d, Labor and Labor Relations §§ 2822 et seq.**

See 29 C.F.R. § 776.*20 (a) & (b) and Darr v. Mutual Life Ins. Co., 169 F. 2d 262 (C.A. 2), certiorari denied 335 U.S. 871.*

**\*\*Plaintiffs object to the inclusion of the First Affirmative Defense as having been stricken by the Court at the Calendar Call. "Insurance" is an industry that the 29 C.F.R. §779.316 identifies as lacking a "retail" component. ("For example, transactions of an insurance company are not ordinarily thought of as retail transactions.")**

**The binding law in this Circuit is that selling insurance lacks a retail or service component. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 628 (11th Cir.2004) ("the regulations state that insurance companies are not retail or service establishments within the meaning of the FLSA.") This result is due, in part, to U.S. Supreme Court precedent determining that insurance lacks a retail or service component. *Mitchell v. Kentucky Fin. Co.*, 359 U.S. 290, 294–95 (1959). The recent decision in *Merritt v. Texas Farm Bureau*, 2023 WL 3520322, at \*5 (W.D. Tex. May 16, 2023) surveyed the law and echoed that selling insurance lacks a retail or service component, making the exemption inapplicable in FLSA an overtime case.**

### SECOND AFFIRMATIVE DEFENSE

#### (Defendants acted in Good Faith)

Although Defendants deny that they owe any overtime wages, minimum wages

or other amounts to Plaintiff, and any acts or omissions giving rise to this action

were made in good faith and that Defendant's had reasonable grounds for

believing that all of their acts or omissions were not in violation of the Fair Labor Standards Act. Therefore, the Plaintiffs are not entitled to liquidated damages. As a result of the Plaintiff's failure to notify of overtime owed, and Defendant's actions supported by legitimate business reasons.  The Plaintiff's are not entitled to liquidated damages and Reinier Cortes And Andrea Gonzalez Quintero are not individually liable.

 *See* Alv Stelly v. City of W. Palm Beach, Fla., No. 1080794-CIV, 2010 WL 11596542, at *3 (S.D. Fla. Sept. 28, 2010); compare Aidone v. Nationwide Auto Guard, L.L.C., 295 F.R.D. 658, 662 (S.D. Fla. 2013) (denying motion to strike and finding sufficient detail allege where defendant specified that its theory of defense relied on its good faith

> \*\* Plaintiffs object to the inclusion of the Second Affirmative Defense as having been stricken by the Court at the Calendar Call., and it does not relate to any issue to be decided by the jury. The Court will decide the issue of liquidated damages after trial, and the Court already entered an Order *in limine* on this issue.

Even if the Plaintiff's bringing the claim proves [his/her/its] claim[s] by a preponderance of the evidence, the Defendants, can prevail in this case if [he/she/it] proves an affirmative defense by a preponderance of the evidence. I caution you that the Defendants does not have to disprove the Plaintiff's claim[s], but if the Defendants raises an affirmative defense, the only way [he/she/it] can prevail on that specific defense is if [he/she/it] proves that defense by a preponderance of the evidence.

## THIRD AFFIRMATIVE DEFENSE –

**(Accord and Satisfaction )**

**The Defendants have paid and satisfied all amounts owed and the Plaintiffs are barred from any recovery because they have received everything owed to them under any contract not breached by the Defendants or any other contract related claim. The Defendants paid the Plaintiff's  a discretionary bonus pursuant to agreement, thereby treating the Plaintiff's fairly and potentially that it has made up for any unpaid wages.**

> **\*\*Plaintiffs object to the inclusion of the Third Affirmative Defense as having been stricken by the Court at the Calendar Call. In addition, there is no defense of accord and satisfaction in an FLSA case, while the defense is akin to a denial of Plaintiffs' breach of contract and unjust enrichment claims. Furthermore, if such an affirmative defense is to be raised, Defendants failed to identify/allege the elements necessary to establish the defense.**

**FOURTH AFFIRMATIVE AFFIRMATIVE DEFENSES
( THE DOCTRINE OF UNCLEAN HAND)**

**The Plaintiffs claims for overtime are barred because they were, at all times relevant, independent contractors and plaintiff's wrongdoings are directly related to this claim. The Plaintiffs began to directly compete with Plaintiff's business using Plaintiff's confidential and trade secret information to solicit Plaintiff's customers for their benefit causing loss and detriment to the Defendant's . Moreover, Plaintiff's have contacted hundreds of Defendants customers using Plaintiff's confidential and trade secret information, causing**

**many of those customers to discontinue their contractual and/or business relationships with Plaintiff by interference. The Plaintiff's never claimed unpaid overtime wages owed or any amounts owed for their sales commissions or bonuses and concocted a fictional FLSA unpaid overtime scheme and defense to defend and justify their wrongdoing and are seeking a windfall and revenge against the Defendants.**

## AUTHORITY

**See Aidone v. Nationwide Auto Guard LLC, 295 F.R.D. 658, 661 (S.D. Fla. 2013) (citations omitted) ("The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and f that plaintiff was an independent contractor).**
**("The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result."). Accordingly, the Court will strike Defendants' Eighth Affirmative Defense as to unclean hands and estoppel. "Court . . . should, at a minimum, take into account Plaintiff's alleged misconduct when analyzing remedies." ""Court . . . should, at a minimum, take into account Plaintiff's alleged misconduct when analyzing remedies."" *Kendrick v. Alternative Care, Inc.*, Case No. 5:06-cv-235-Oc-10GRJ, 4 (M.D. Fla. Oct. 25, 2006)**

**\*\*Plaintiffs object to the inclusion of the Fourth Affirmative Defense as having been stricken by the Court at the Calendar Call. "Unclean hands" is not recognized defense to an FLSA overtime claim. Defendants did not allege the elements of a defense for "unclean hands," and do not indicate how or why such a defense would apply in a situation involving the failure to pay commissions and bonuses when there was no evidence adduced in discovery that would support any wrongdoing by Plaintiffs in seeking the wages (bonuses and commissions) in Counts II and III.**

## FIFTH AFFIRMATIVE DEFENSE

## (SET-OFF/CREDITS)

**The Plaintiffs are not entitled to overtime wages under the FLSA since the amount they received from their commissions and bonuses paid and received were well in excess of the statutory minimum wage when computed monthly they received every month and for all applicable periods**

## AUTHORITY

**"an affirmative defense of a set-off may be properly asserted in an FLSA case, so long as such a set-off does not reduce the amount a plaintiff can recover below the statutory minimum wage." Laferte v. Murphy Painters, Inc., No. 17-CIV-60376, 2017 WL 2537259, at \*4 (S.D. Fla. June 12, 2017). See also Leite, 2012 WL 4049962, at \*3; Fernandez, 2012 WL 3562255, at \*9 ("an employer could raise the affirmative defense of set-off in a case where the employee received overpayment of wages"). "Whether Plaintiff's wages will fall beneath the statutory minimum must be determined**

**\*\*Plaintiffs object to the inclusion of the Fifth Affirmative Defense as having been stricken by the Court at the Calendar Call. Moreover, there was no evidence adduced in discovery that Defendants paid Plaintiffs money that went above and beyond the wages (commissions and bonuses) that they earned to substantiate a claim for set-off.**

**Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately.**

**I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise an affirmative defense, the only way they can**

**prevail on that specific defense is if they prove that defense by a preponderance of the evidence.**

**Even if the Plaintiffs prove their claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.**

**When more than one affirmative defense is involved, you should consider each one separately.**

**I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.**

**\*\*Plaintiffs' position is that the Court either struck at Calendar Call or should strike the Defendants' Affirmative Defenses, and so this portion of the jury instructions is irrelevant and unnecessarily confusing.**

### 4.14

### Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.

In this case, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, claim that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero did not pay Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on their claim against Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove each of the following facts by a preponderance of the evidence:

First: Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente were employees of Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero and; and

Second: Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to pay Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente the overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove by a preponderance of the evidence that they were employees engaged in commerce or in the production of goods for commerce/employed by an enterprise engaged in commerce or in the production of goods for commerce.

The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. Delio Batista, Carlos Lopez, Mariana Lopez, and

Rafaela Valiente were engaged in the "production of goods" if they were employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.

Overtime claim: The FLSA requires [an] employer(s) to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer(s) must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the period during which commissions were earned by the total number of hours Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente worked during each week that the commissions were earned. To calculate how much overtime pay was owed to Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente for a certain week, subtract 40 from the total number

of hours they worked and multiply the difference by the overtime rate. Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to pay Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente the required pay if they paid them less than that amount.

**If you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are exempt, you will not decide the issue of the Plaintiffs' damages. But if you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are not exempt, you must decide the issue of Plaintiffs' damages.**

**\*\*Plaintiffs' position is that the Court either struck at Calendar Call or should strike the Defendants' Affirmative Defense of retail sales exemption for the reasons cited above.**

The amount of damages is the difference between the amount Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente should have been paid and the amount they were actually paid.  Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente are entitled to recover lost wages from the date of your verdict back to no more than two years before they filed this lawsuit on August 23, 2022.

Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to keep and maintain

adequate records of their hours and pay. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente also claim that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero's failure to keep and maintain adequate records has made it difficult for Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente to prove the exact amount of their claims.

If you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero failed to keep adequate time and pay records for Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente and that Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente work for which they should have been paid, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente may recover a reasonable estimation of the amount of their damages. But to recover this amount, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

Individual Liability: An individual can also be liable for a plaintiff's damages under the FLSA if the individual played a substantial role in causing the FLSA violation. To determine whether the individual is liable, you must consider all the relevant circumstances rather than any one technical factor. Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove that Reinier Cortes and Andrea Gonzalez Quintero had operational control over Avant Assurance Inc. In

other words, Reinier Cortes and Andrea Gonzalez Quintero must have controlled significant aspects of Avant Assurance Inc.'s day-to-day functions, including employee compensation, or had direct responsibility for the supervision of Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente.

**[Exemptions: In this case, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero claim[s] that they are exempt from the FLSA's overtime provisions. To establish that they are exempt, Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero must prove each of the following facts by a preponderance of the evidence:   Plaintiff's were not "Employees" and properly classified as "Independent Contractor -See section 4.24. Furthermore, the Defendants contend that the  Retail sales/ Commission exemption under 217(i) discussed above applies to each plaintiff .**

**The FLSA (at 18 U.S.C. § 207(i)) explains the commission-based employee exemption:  No employer shall be deemed to have violated [overtime law] by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under [federal minimum wage law], and (2) more than half his compensation for a representative period (not less than one month)**

**represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.**

**If you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are exempt, you will not decide the issue of the Plaintiffs' damages. But if you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are not exempt, you must decide the issue of Plaintiffs' damages.**

**\*\*Plaintiffs' position is that the Court either struck at Calendar Call or should strike the Defendants' Affirmative Defense of retail sales exemption for the reasons cited above.**

### 4.24

### Miscellaneous Issues – Employee or Independent Contractor

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: Were Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente employees of Avant Assurance Inc., Reinier Cortes,

and Andrea Gonzalez Quintero, or Delio Batista, Carlos Lopez, Mariana Lopez, and

Rafaela Valiente independent contractors? You should answer this question in light

of the economic realities of the entire relationship between the parties. There are a

number of factors you must consider, based on all the evidence in the case:

(a) Who controls Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente's work? In an employer/employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and set the hours of work. In contrast, an independent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

(b) How are Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente paid? An employer usually pays an employee on a time worked, piecework, or commission basis, and an employer usually provides vacation or sick time, insurance, retirement, and other fringe benefits to the employee. An independent contractor is ordinarily paid an agreed or set amount, or according to an agreed formula, for a given task or job, and no benefits are provided.

(c) How much risk or opportunity does Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente have? An independent contractor is generally one who has the opportunity to make a profit or faces a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

(d) Who provides Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente's tools, equipment, and supplies? An independent contractor usually provides the tools, equipment, and supplies necessary to do the job – but an employee usually does not.

(e) How do Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente offer services? Independent contractors generally offer their services to the public or others in a particular industry, have

procured the necessary licenses for performing their services, and may have a business name or listing in the phone book. Employees ordinarily work for only one or just a few employers, and do not have business names or listings.

(f) What is the parties' intent? The parties' intent is always important. But the description the parties themselves give to their relationship is not controlling – substance governs over form.

You should consider all the circumstances surrounding the work relationship – no single factor determines the outcome. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor. The factors listed above are guides for your determination of employee status under the FLSA, but the most important question is whether Plaintiffs were economically dependent upon Defendants or were they independent contractors in business for themselves. The question of employee or independent contractor status is not governed by the "label" put on the relationship by the parties, nor is it relevant whether the parties intended to create an employment relationship. Whether an individual is an independent contractor or employee requires the Court to look past "the 'label' put on the relationship by the parties" and "look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence."

**OVERTIME WORKED – KNEW OR REASONABLY SHOULD KNOW**

To prevail on their claims for unpaid overtime wages under the FLSA, Plaintiffs must prove that (1) they worked overtime without the receipt of overtime pay and (2) that Defendants knew or should have known about the overtime work.

An employer must exercise its control and see that work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating its employees for that work.

"Numerous factual circumstances [indicate] an employer's knowledge of overtime work, including that (1) the employer was in a position to see the employee work, (2) work performed exceeded hours allotted, (3) there were repeated and numerous occasions of extra work, (4) there was a pattern or practice of employer acquiescence to the work, or (5) employees entered orders into a computer prior to clocking in.

**4.25**

**Miscellaneous Issues – Joint Employers**

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors. Others are clearly employees. But it may not always be clear who is an employer of the employee. Sometimes an employee may have more than one employer at the same time.

So, in this case, you must decide: Was Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente Avant Assurance Inc.'s employee as well as an employee of Reinier Cortes and Andrea Gonzalez Quintero? You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider all the following factors to the extent you decide that each applies to this case:

(a) the nature and degree of control over the employee and who exercises that control;

(b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c) who exercises the power to determine the employee's pay rate or method of payment;

(d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e) who is responsible for preparing the payroll and paying wages;

(f) who made the investment in the equipment and facilities the employee uses;

(g) who has the opportunity for profit and loss;

(h) the employment's permanence and exclusiveness;

(i) the degree of skill the job requires;

(j) the ownership of the property or facilities where the employee works; and

(k) the performance of a specialty job within the production line integral to the business.

Consideration of all the circumstances surrounding the work relationship is essential. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

### 3.8.1

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### 3.9

**Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## COMMISSIONS ARE INCLUDED IN THE REGULAR RATE OF PAY

Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours

worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.-Defendant objects to this sentence.

If it is not possible or practicable to allocate the commission among the workweeks of the period in proportion to the amount of commission actually earned or reasonably presumed to be earned each week, some other reasonable and equitable method must be adopted by allocating equal amounts of commission to each week. Assume that the employee earned an equal amount of commission in each week of the commission computation period and compute any additional overtime compensation due on this amount.

> ***\*Defendant's object to this computation and assert that the minimum hourly rate under the federal minimum wage law applies as set forth below***
>
> **\*\*<u>Plaintiffs contend that the Court already ruled on the issue of how to compute their overtime wage damages at Calendar Call and that the Court should not allow a rehearing of the issue.</u>**

**The FLSA (at 18 U.S.C. § 207(i)) explains the commission-based employee exemption:   No employer shall be deemed to have violated [overtime law] by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under [federal minimum wage law], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.**

**If you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are exempt, you will not decide the issue of the Plaintiffs' damages. But if you find that Avant Assurance Inc., Reinier Cortes, and Andrea Gonzalez Quintero are not exempt, you must decide the issue of Plaintiffs' damages.**

**\*\*Plaintiffs' position is that the Court either struck at Calendar Call or should strike the Defendants' Affirmative Defense of retail sales exemption for the reasons cited above.**

**WORK TIME**

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business. Permitting an employee to engage in an activity is considered "work" under the FLSA. Only time spent primarily benefiting the employer is compensable, that is, counts towards determining how many hours Plaintiff worked in a given week for determining whether Plaintiffs are owed any   wages. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case.

## EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under the FLSA.

## SUFFERED OR PERMITTED TO WORK

Work not requested but suffered or permitted is work time. If Defendants knew or had reason to believe that a Plaintiff was continuing to work, including work performed away from the premises or the job site, then the time is work time and it is compensable.

"For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records.

The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."

"[Defendants are] said to have constructive knowledge of [their] employee's overtime work when [they have] reason to believe that their employee[s] [are] working beyond his shift. [Defendants'] knowledge "is measured in accordance with his 'duty ... to inquire into the conditions prevailing in his business.'" "If [Defendants] had an opportunity to acquire knowledge of an employee's work by using reasonable diligence, then [Defendants] can be charged with constructive knowledge."

"It is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so."

"It is not relevant that the employer did not ask the employee to do the work. The reason that the employee performed the work is also not relevant. '[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted.'

In order to prevail on his claim in this case, each Plaintiffs must prove that he or she was suffered or permitted to work without compensation. Courts have

interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [Defendants] knew or should have known of the overtime work.

## RIGHT TO OVERTIME PAY NON-WAIVABLE

The rights and requirements of the FLSA are mandatory and cannot be waived, negotiated, or bargained away between employers and employees. These rights and requirements cannot be abridged by contract or otherwise waived by an employee and can only be compromised when supervised for fairness by either the United States Department of Labor or a Court. The rights and requirements of the FLSA do not apply to independent contractors.

## RECORDKEEPING

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act. "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's

evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

The FLSA requires employers to keep records of the number of hours worked by its employees, like the Plaintiffs. This obligation includes the requirement that employers maintain records of the dates of work and the hours worked each day. It is the employer, not the employee that has the duty under the FLSA to maintain proper and accurate records of when wages were paid.

If you find that Defendants kept inaccurate or inadequate records and because of such inaccurate or inadequate records, the Plaintiff cannot offer any convincing substitutes for the inaccurate or inadequate records, the burden of proof on Plaintiff only requires that Plaintiff has, in fact, performed work for which he or she was paid late.

If a Plaintiff shows that he or she performed work for which he or she was paid as a matter of just and reasonable inference, that Plaintiff has satisfied his or her burden of proof, since the FLSA does not require that a Plaintiff prove damages with exactness or precision. In this event, the burden of proof shifts to Defendants to come forward with evidence of the hours that each Plaintiff worked.

**Under 29 U.S.C. §211(c); 29 C.F.R. §§516.2(1)(12) and 516.2(b)   The Defendants are not required to maintain records for independent contractors.**

**\*\*Plaintiffs' position is that the Court struck this proposed language at Calendar Call and that the Court specifically ruled it would not read**

**statutory references (including these) to the jury. The Court should not provide this extraneous information as the jury instructions are clear that the FLSA applies to employers and employees.**

## BREACH OF CONTRACT

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that they and Avant Assurance Inc. entered into a contract to pay bonuses and commissions based on the insurance policies they sold.

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that Avant Assurance Inc. breached this contract by failing to pay them all the commissions and bonuses they earned, and that the breach resulted in damages to each of them.

## CONTRACT FORMATION — ESSENTIAL FACTUAL ELEMENTS

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that the parties entered into a contract. To prove that a contract was created, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove all of the following:

1. The essential contract terms were clear enough that the parties could understand what each was required to do;

2. The parties agreed to give each other something of value. [A promise to do something or not to do something may have value]; and

3. The parties agreed to the essential terms of the contract. When you examine whether the parties agreed to the essential terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude,

from the words and conduct of each party, that there was an agreement.  The making of a contract depends only on what the parties said or did.  You may not consider the parties' thoughts or unspoken intentions.

If Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente did not prove all of the above, then a contract was not created.

## BREACH OF CONTRACT – ESSENTIAL FACTUAL ELEMENTS

To recover damages from (defendant) for breach of contract, (claimant) must prove all of the following:

1.      Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente and Avant Assurance Inc. entered into a contract;

2.      Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente did all, or substantially all, of the essential things which the contract required them to do or that they were excused from doing those things;

3.      All conditions required by the contract for Avant Assurance Inc.'s performance had occurred;

4.      Avant Assurance Inc. failed to do something essential which the contract required it] to do; and

5.      Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente  were damaged by that failure.

## ORAL OR WRITTEN CONTRACT TERMS

Contracts may be written or oral.

Contracts may be partly written and partly oral.

Oral contracts are just as valid as written contracts.

## CONTRACT IMPLIED IN FACT

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or under the circumstances should know, that the other party will understand the conduct as creating a contract.

In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as all of the circumstances.

## CONTRACT IMPLIED IN LAW/UNJUST ENRICHMENT

Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente claim that Avant Assurance Inc. owes them money for selling policies of insurance for it.  To establish this claim, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente must prove all of the following:

1.      Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente gave a benefit to Avant Assurance Inc.;

2.      Avant Assurance Inc. knew of the benefit;

3.      Avant Assurance Inc. accepted or retained the benefit; and

4.      The circumstances are such that Avant Assurance Inc. should, in all fairness, be required to pay for the benefit.

## **INTERPRETATION — REASONABLE TIME**

If a contract does not state a specific time within which a party is to perform a requirement of the contract, then the party must perform the requirement within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter and purpose of the contract and the expressed intent of the parties at the time they entered into the contract.

————————————————