UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-22671-CIV-ALTONAGA/Torres

DELIO BATISTA , et al,,

    Plaintiffs,

v.

AVANT ASSURANCE INC. et al,

    Defendants.

**DEFENDANT'S MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION OF JUDGMENT PENDING APPEAL AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Avant Assurance, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to Rule 62(b) of the Federal Rules of Civil Procedure and Rule 62.1 of the Local Rules of the United States District Court for the Southern District of Florida, hereby files its Motion to Approve Supersedeas Bond and Stay Execution of Judgment Pending Appeal, requesting that the Court enter an Order which approves a supersedeas bond posted by Defendant in the amount of $194,880.40 (110% of the July 15, 2023 Final Judgment in the amount of $177,164.00) and stays execution of said judgment until the appellate process is concluded. In support of this Motion, Defendant states as follows:

## PROCEDURAL POSTURE

1.  A jury trial in this matter was completed on July 14, 2023, and the jury returned a verdict in favor of Plaintiffs Delio Batista, Carlos Lopez, Mariana Lopez and Rafaela Valiente totaling $177,164.00. See **[D.E. #104].**

2.  On July 15, 2023, the court entered its Final Judgment **[D.E. #106]** in favor of Plaintiffs for $177,164.00.

3.  Defendant's Notice of Appeal is forthcoming and is not yet due.

4.  Defendant seeks an order that approves a supersedeas bond in the amount of $194,880.40, which is 110% of the Final Judgment in the amount of $177,164.00.

5.  The bond has already been obtained and is being mailed today. It will reach the clerk's office within three business days.

## MEMORANDUM OF LAW

A. The Relief Sought Is Permitted Under the Federal and Local Rules

Federal Rule of Civil Procedure 62(b), entitled "STAY BY BOND OR OTHER SECURITY," provides: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or security." Local Rule 62.1, entitled "APPEAL BONDS OR OTHER SECURITY," provides: "A supersedeas bond or other security staying execution of a money judgment shall be entered in the amount of 110% of the judgment, to provide security for interest, costs, and any award of damages for delay." The purpose of the

supersedeas bond is to secure the prevailing party against the risk that the judgment debtor will be unable to meet the obligation pending appeal and to protect the prevailing party from costs that it incurs in foregoing execution of judgment until the appeal is decided. *Chalfonte Condo Apartment Ass'n Inc. v. QBE Ins. Corp.*, 695 F. 3d 1215, 1232 (11th Cir. 2012).

Finally, "Rule 62(d)," now 62(b), "provides that an appellant may obtain a stay pending appeal, *as of right*, by posting a supersedeas bond." Cohen v. Metro. Life Ins. Co., 334 Fed. Appx. 375, 378 (2d Cir. 2009) (emphasis added); *see Jones v. Campbell Univ.*, 5:20-CV-29-BO, 2021 WL 4302244, at *1 (E.D.N.C. Sept. 21, 2021) ("A party that posts a supersedeas bond pursuant to Rule 62(b) is entitled to a stay of execution of a final judgment as a matter of right." (citing *Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 194–95 (W.D.N.C. 2000), *aff'd*, 20 F. App'x 167 (4th Cir. 2001))); *see also* Matter of Ridgemont Apartment Associates, Ltd., 93 B.R. 788, 789 (Bankr. N.D. Ga. 1988) ("[T]he provisions of Rule 62 . . . contemplate that an appellant may obtain a stay pending appeal as of right as to some orders by filing a bond which is approved by the Court.").

## **CONCLUSION**

The posting of a supersedeas bond is proper "[a]t any time after judgment is entered." Rule 62. Because Local Rule 62.1 specifies that a bond in the amount of 110% of the Final Judgment, Defendant has obtained a bond in that amount.

Therefore, Defendant, Avant Assurance, Inc., respectfully requests that the Court enter an Order which approves the supersedeas bond in the amount of

3

$194,880.40 (110% of the Final Judgment in the amount of $177,164.00) and stays execution of judgment until the appellate process is concluded.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

Counsel for Defendant certifies that, in accordance with S.D. Fla. L.R. 7.1(a)(3), they conferred with counsel for Plaintiffs on July 28, 2023, via electronic correspondence, in a good faith effort to resolve the issues raised in the instant Motion, and the parties are not in agreement as to same.

                                                Respectfully submitted,

                                                /s/ Samuel Alexander
                                                Samuel Alexander
                                                Fla Bar No. 1007757
                                                Alexander Appellate Law P.A.
                                                120 S Woodland Blvd Suite 200
                                                DeLand, Florida 32720
                                                (407) 907-4305
                                                samuel@alexanderappeals.com
                                                *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                /s/ Samuel Alexander
                                                Samuel Alexander