UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-22671-CIV-ALTONAGA/Torres

DELIO BATISTA , et al,,

Plaintiffs,

v.

AVANT ASSURANCE INC. et al,

Defendants.

**DEFENDANT'S RULE 59 MOTION FOR NEW TRIAL AND UNOPPOSED MOTION FOR LEAVE TO AMEND**

Defendant, Avant Assurance, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to Rule 59 of the Federal Rules of Civil Procedure, hereby files Defendant's Rule 59 Motion for New Trial and Unopposed Motion for Leave to Amend, requesting that the Court grant a new trial or remittitur, and in support states as follows:

**PROCEDURAL POSTURE**

1. A jury trial in this matter was completed on July 14, 2023, and the jury returned a verdict in favor of Plaintiffs Delio Batista, Carlos Lopez, Mariana Lopez and Rafaela Valiente totaling $177,164. *See* Doc. 104.

2. On July 15, 2023, the court entered its Final Judgment in favor of Plaintiffs for $177,164. Doc. 106.

3. Defendant's Notice of Appeal deadline is tolled by this timely motion for new trial. *See* Fed. R. App. P. 4; Fed. R. Civ. P. 59.

4. In order to prepare post-trial motions, on July 25, 2023, Defendant ordered the full trial transcript requesting 3-day expedited delivery. *See* Ex. A.

5. However, the Court's reporter informed Defendant that the transcripts could not be completed within that time-frame, but that the reporter would provide the transcripts as soon as possible. *See* Ex. B.

6. The transcripts have not yet been provided.

7. Defendant files this motion for new trial without the benefit of a trial transcript. Therefore, Defendant also hereby requests leave to amend or supplement this motion upon receipt and review of the trial transcripts in this case.

8. Defendant requests for leave to amend or supplement this motion is unopposed.

## MEMORANDUM OF LAW

A. Standard for Rule 59 Relief

Rule 59 governs motions for new trial, providing that a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal." Fed. R. Civ. P. 59(a)(1). Federal case law clarifies that a motion for new trial may be granted on the grounds that "the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged

substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).

The decision to grant a new trial rests within the sound discretion of the trial court. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). In exercising its discretion, a trial court may grant a motion for new trial if it determines that a jury's verdict is against the great (but not merely greater) weight of the evidence. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982). And unlike on a motion for judgment as a matter of law, on a motion for new trial a judge is permitted to independently re-weigh the evidence. *Id.* The judge should consider not just the evidence in favor of the verdict, but also the evidence in favor of the moving party's position. *Id.*

B. The Jury's Verdict Was Speculative and Against the Great Weight of the Evidence

In breach of contract action, the damages awarded must not be the result of "speculation or guesswork." *Constr. Aggregate Transp., Inc. v. Florida Rock Indus., Inc.*, 710 F.2d 752, 786 (11th Cir. 1983). Instead, "all damages recovered for a breach of contract must be proven with certainty, and not left to speculation or conjecture." *Hodges v. Fries*, 15 So. 682, 684 (Fla. 1894). Although uncertainty or difficulty in proving a precise amount of damages will not prevent recovery, the damages awarded must still have some reasonable basis in the evidence adduced at trial. *Storfer v. Guarantee Tr. Life Ins. Co.*, 666 F.3d 1277, 1280 (11th Cir. 2012) (citing *Centex-Rooney Const. Co., Inc. v. Martin Cnty.*, 706 So. 2d 20, 28 (Fla. 4th DCA 1997)).

Importantly, when damages must be calculated, conclusory testimony as to a total amount of damages does not provide a reasonable basis in the evidence from which to award damages. *Instant One Media, Inc. v. EzFauxDecor, LLC*, 22-11374, 2023 WL 2422196, at *2 (11th Cir. Mar. 9, 2023). Instead, there must be some basis in the evidence from which a total amount of damages can be independently calculated by the jury. *Id.*

Here, there was no evidence from which the jury could have independently reached the precise amounts of damages it awarded each plaintiff. In fact, the damages awarded do not even match the amounts requested in closing argument, although the plaintiffs expressly asked that they be awarded "no more" and "no less" than the amounts they requested. Because the damages could not be independently calculated from the testimony or documentary evidence, and because the damages did not match the amounts requested of the jury, the damages awarded were speculative and not supported by the greater weight of the evidence.

For example, Rafaela Valiente's presentation included a detailed explanation, including detailed calculations, of the overtime she believed she was owed—$26,968.60. But she did not provide any calculations for commission and overtime other than to assert that she was owed $25,000 in bonuses. By her own calculation, she was owed "no more" and "no less" than $51,968.59 in overtime and bonuses. Yet the jury awarded her $68,120. Doc. 104. There was simply no basis in the evidence from which the jury could have reached this number. Thus, the jury's award was not founded on any reasonable basis in the evidence. To permit the jury to calculate a

specific damages amount, the Plaintiffs would have had to show the jury a basis for each individual commission—the date, the amount, the insurer—and whether or not it was paid. Instead, the Plaintiffs simply provided dozens of spreadsheets with commission amounts, none of which explain which individual commissions were paid and which were not. For example, Mariana Lopez provided spreadsheets that add up to $40,225 in commissions. The sheets do not explain which commission were paid and which were not. The jury awarded her $15,576 in bonuses and commissions. There is simply no way to derive this number from the evidence she provided the jury.

In fact, none of the Plaintiffs provided a reasonable basis from which the jury could calculate a specific damage amount, for similar reasons, as will be laid out in more detail (with this Court's permission) in an amended motion once the transcripts are completed. Instead, each of the Plaintiffs relied on a conclusory total of damages that did not correspond to the total amount of damages the jury awarded, showing that the jury was left with no choice but to speculate in granting an award.

C. The Jury's Verdict Excessive

Defendant also seeks a new trial or remitter on the ground that the damages are excessive. Here, state law governs whether the breach of contract verdict is excessive, while federal law governs whether a new trial or remittitur should be granted. *Roboserve, Ltd. v. Tom's Foods, Inc.*, 940 F.2d 1441, 1446 (11th Cir. 1991). Under Florida Statutes section 768.74, upon a motion this Court is tasked with determining whether the verdict "is excessive or inadequate in light of the facts and

circumstances which were presented to the trier of fact." In determining whether the verdict is excessive, this Court should consider:

> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

§ 768.74(5), Fla. Stat. (2023). When deciding whether to grant a new trial based on an excessive verdict, the verdict must be so grossly high as to shock the conscience of the Court. *Goldstein v. Manhattan Indus., Inc.*, 758 F.2d 1435, 1447 (11th Cir. 1985).

Here, the verdict is grossly disproportionate to the amounts shown at trial. For example, Rafaela Valiente claimed $25,000 in bonuses and $26,968.59 in overtime. The jury found against her on her overtime claim, leaving only her $25,000 claim for bonuses. Yet the jury awarded her $68,120 in commissions and bonuses, which is $43,120 more than she requested for those damages. This shows that the jury either ignored the evidence, took improper elements into account, or speculated as to the total. Because the damages are nearly three times the amount requested by Ms. Valiente, the damages bear no reasonable relation to the amount of damages proved,

and the award is not supported by the evidence. This disproportionate ratio should shock the conscience of this Court, warranting a new trial. *Goldstein*, 758 F.2d at 1447.

As for the other Plaintiffs, the verdicts likewise cannot be relied upon, because like Ms. Valiente's they do not match the amounts requested and are not supported by a reasonable basis in the evidence—the jury was not given a means in the evidence or testimony to determine for each Plaintiffs which individual commissions were paid and which were owed. Instead, the jury was simply given total numbers. Conclusory testimony of this sort does not create a reasonable basis for the independent calculation of damages. *See Instant One*, 22-11374, 2023 WL 2422196, at *2.

D. Defendant Should Be Granted Leave to Amend or Supplement This Motion

Defendant has used its best efforts to draft a motion for new trial in the absence of a trial transcript. Ex. A, B. Defendant respectfully requests that this Court grant leave to amend or supplement this motion upon receipt and review of the transcript. *See, e.g.*, *Wright v. Sprayberry*, 5:19-CV-237 (MTT), 2020 WL 529693, at *4 (M.D. Ga. Feb. 3, 2020) ("Wright complained that he could not proceed because he did not have the necessary transcripts. . . . The court told Wright that it would give him at least 60 days to amend his motion for new trial . . . ."); *Rebarber-Ocasio v. Feliciano-Munoz*, 3:16-CV-02719-JAW, 2022 WL 17813005, at *1 (D.P.R. Nov. 2, 2022) ("The upshot of these motions and this Court's posttrial orders is that Mr. Feliciano is awaiting the completion of the trial transcripts before supplementing his

motion for new trial. The latest word is that the court reporter estimated the transcript will be ready in a couple of weeks.”).

## CONCLUSION

Defendant, Avant Assurance, Inc., respectfully requests that this Court grant a motion for new trial on the claim for breach of contract. Defendant also requests that this Court grant Defendant leave to amend or supplement this motion for new trial.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

Counsel for Defendant certifies that, in accordance with S.D. Fla. L.R. 7.1(a)(3), he conferred with counsel for Plaintiffs on August 10, 2023, via electronic correspondence, in a good faith effort to resolve the issues raised in the instant Motion. Plaintiffs stated that they oppose the motion for new trial or remittitur, but have no opposition to the request to supplement or amend the motion upon receipt of the trial transcripts.

Respectfully submitted,

/s/ Samuel Alexander

Samuel Alexander
Fla Bar No. 1007757
Alexander Appellate Law P.A.
120 S Woodland Blvd Suite 200
DeLand, Florida 32720
(689) 259-5010
samuel@alexanderappeals.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Samuel Alexander
Samuel Alexander