UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22671-CV-ALTONAGA/TORRES

DELIO BATISTA, *et al.*,

    *Plaintiffs,*

v.

AVANT ASSURANCE INC., *et al.*,

    *Defendants.*

_____/

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION FOR A NEW TRIAL OR REMITTITUR**

This matter is before the Court on Defendants' renewed motion for a new trial or alternatively remittitur. [D.E. 124]. Plaintiffs responded to Defendants' motion on October 4, 2023. [D.E. 131]. Defendants did not reply to Plaintiffs' response, and the time to do so has since passed. Therefore, Defendants' motion is now ripe for disposition. After careful consideration of the record, briefing, relevant authority, and for the reasons discussed below, Defendants' motion should be **DENIED**.[1]

---

[1] On October 6, 2023, Judge Altonaga referred Defendants' motion to the undersigned for disposition. [D.E. 132].

## I. BACKGROUND

In a three-count complaint, Plaintiffs sued Defendants for overtime-wage violations of the Fair Labor Standards Act, breach of contract, and unjust enrichment. The case proceeded to a jury trial before Chief Judge Altonaga.

During the course of the trial the parties stipulated to the introduction of 17 trial exhibits, and Plaintiffs further introduced testimony from themselves as well as Defendant Reinier Cortes, Defendant Avant Assurance's Office Administrator, and Defendant Avant Assurance's Senior Call Center Manager. At the close of Plaintiffs' case in chief, Plaintiffs moved for a directed verdict on their FLSA claim, which the Court denied before asking Defendants whether they wanted to move for any relief before they called any witnesses in their defense. "No, Judge," replied counsel for the defense. [D.E. 135 at 154].

Defendants' case then began, which consisted largely of the testimony from Defendant Avant Assurance's Call Center Manager. Defendants then rested their case. At the close of all the evidence, Plaintiffs renewed their motion for a directed verdict. But when asked again whether Defendants wished to move for any relief from the Court, Defendants expressly declined to do so. [D.E. 136 at 62]. The Court denied Plaintiffs' motion and submitted the case to the jury.

The jury then returned a verdict finding that Plaintiffs had failed to prove their FLSA claim. But the jury also found Defendants liable on the breach of contract claim

and awarded $177,164.00 in damages in Plaintiff's favor on that claim.² The Court accordingly entered Final Judgment for Plaintiff the following the day. [D.E. 106].

Through the pending post-judgment motion, Defendants now submit that the contractual damages amount should be reduced to *zero* – or otherwise that a new trial should be ordered – because, in calculating that sum, the jury must have improperly relied on Plaintiffs' speculation about that damages amount. In other words, Defendants argue that Plaintiffs failed to introduce sufficient evidence to justify an award of $177,164.00 in damages and therefore Defendants are entitled to pay either nothing or, absent that relief, for a new trial on damages.

As we discuss below, the problem with Defendants' argument is that they repeatedly waived this "sufficiency of the evidence" argument throughout the trial. A review of the record reveals that, not only that Defendants twice neglected to move for relief under Federal Rule of Civil Procedure 50, which is the appropriate vehicle for attacking the sufficiency of the evidence, but also that Defendants never objected to Plaintiffs' evidence as improperly calling for speculation. It is too late to do so now, and therefore Defendants are not entitled to their requested relief.

## II.   APPLICABLE PRINCIPLES AND LAW

Pursuant to Federal Rule of Civil Procedure 59(a), a court may grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a). A party may seek a new trial by

---

² Plaintiffs did not recover on their unjust enrichment claim, which was pled as an alternative to their breach of contract claim.

3

arguing that "the verdict is against the great weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Steger v. General Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003). However, a motion brought pursuant to Rule 59 may not "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (motion to amend or alter judgment was essentially a motion to reconsider the district court's prior summary judgment order).

Resolution of a motion for a new trial is committed to the discretion of the trial court. *See Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999). When ruling on a motion for a new trial, the judge must determine "if in his opinion, 'the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" *Insurance Co. of N. America v. Valente*, 933 F.2d 921, 922-23 (11th Cir. 1991) (quoting *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)). "[T]o assure that the judge does not simply substitute his judgment for that of the jury, . . . we have noted that new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence." *Id*. at 923 (quoting *Hewitt*, 732 F.2d at 1554). The judge must protect against manifest injustice in the jury's verdict, but it is not her role to

4

assess credibility where conflicting testimony has been presented during the trial. *Id*. at 1558-59. Instead, the judge must defer to the jury on the weight to be given to each witness' testimony. *Id*.

When a court finds that a jury's award of damages is excessive, it may grant the defendant a new trial. *E.g., Johansen v. Cobustion Eng'g, Inc.*, 170 F.3d 1320, 1329 (11th Cir. 1999) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 433, (1996)); FED. R. CIV. P. 59. Alternatively, the court can enter a remittitur order and reduce the damages to the highest allowable amount under the law, which the plaintiff can accept or instead seek a new trial on damages. *See, e.g., Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1310 (11th Cir. 1990); *Wilson v. Taylor*, 733 F.2d 1539, 1549B50 (11th Cir. 1984), *overruled on other grounds, Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989). Pursuant to the Seventh Amendment, a plaintiff must be given that option of a new trial in lieu of remitting a portion of the jury's award. *See* U.S. CONST. amend. VII; *Johansen*, 170 F.3d at 1329 ("[N]o judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact."). Finally, the decision whether to grant a new trial or remittitur on the grounds of excessive damages is also a matter within the sound discretion of the district court. *E.g., Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1249 (11th Cir. 2001); *Simon*, 895 F.2d at 1310.

### III. ANALYSIS

Federal Rule of Civil Procedure 50(a) provides the mechanism for challenging the sufficiency of a party's evidence.[3] Despite the Court's invitation to do so, however, Defendants never moved for relief pursuant to Rule 50(a). Likewise, Defendants never objected to Plaintiffs' testimony as calling for "speculation" – the alleged flaw in Plaintiffs' evidence that renders it insufficient to support the jury's damages calculation. Nor did Defendants move to strike any of Plaintiffs' testimony on the basis that it was improperly speculative. This is problematic for purposes of the pending motion, though it was filed under Rule 59, because the record reflects that Defendants effectively failed to object to the sufficiency of Plaintiffs' evidence at a time that would have permitted the trial judge to avoid the purported error.

---

[3]   (a) JUDGMENT AS A MATTER OF LAW.

(1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

FED. R. CIV. P. 50(a).

"One of the fundamental purposes of the contemporaneous objection rule is to protect judicial resources, in particular by ensuring that trial courts will have the opportunity to avoid errors that might otherwise necessitate time-consuming retrial." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (alterations adopted). "Another purpose of the contemporaneous objection rule is to prevent counsel from 'sandbagging' the courts by withholding a valid objection from the trial court in order to obtain a new trial when the error is recognized on appeal." *Id.* Neither of these purposes would be served by providing Defendants with the relief they seek here; indeed, the reason for the rule would likely be undermined. *See id.*; *see also United States v. Walton*, 909 F.2d 915, 924 (6th Cir. 1990) ("[A] new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result."). And to be clear, we do not find that there was a fundamental error in this case that would result in gross injustice.

Because Defendants failed to object to the sufficiency of Plaintiffs' evidence during the trial, "our inquiry is limited to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency." *Palmer v. Robbins,* No. 23-10433, 2023 WL 5786381, at *1 (11th Cir. Sept. 7, 2023) (quoting *Hercaire Int'l, Inc. v. Argentina*, 821 F.2d 559, 562 (11th Cir. 1987)) (emphasis in original); *Doe v. Fairfax Cty. Sch. Bd.*, 1 F.4th 257, 269 (4th Cir. 2021) ("But where, as here, a party did not move for judgment as a matter of law before moving for a new trial, this Court's 'scope of review is exceedingly confined, being limited to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency.'") (emphasis in original).

Beyond the lack of a contemporaneous objection to the sufficiency of Plaintiffs' evidence, the Court notes that at least three more things are clearly established in the trial record.  First, Defendant Cortes took the position at trial that Plaintiffs were accurately paid their commissions and bonuses; in other words, Plaintiffs were paid in a manner that was consistent with the commission and bonus structure that the parties agreed to when Plaintiffs were working at Defendant Cortes' company.

Second, Plaintiffs' testimony (and many of the admitted exhibits) evidenced the opposite; they were being short-changed and therefore thousands of dollars in commissions and/or bonuses were improperly withheld by Defendants.  The jury was presented with evidence supporting Plaintiffs' version of the parties' contractual arrangement, which included trial testimony that Defendant agreed to pay $10 per month for each member enrolled prior to the 2021-22 Open Enrollment Period, other than when Plaintiffs received as salary.  Plaintiffs then introduced evidence identifying the extent of underpayment of commissions, the number of completed Oscar sales, and the bonuses that should have been earned based on those sales.

Third, the jury obviously found Plaintiffs' testimony credible and Mr. Cortes' contrary testimony was deemed less credible. In other words, they believed Plaintiffs but did not believe Defendants.  "[I]t is not within the court's discretion to overturn the jury's determination on issues of credibility." *See, e.g., Palmer*, 2023 WL 5786381, at *4; *Hewitt*, 732 F.2d at 1558.  Thus, there was evidence in the record, indeed substantial evidence, to support the jury's damage calculation.

Despite these incontrovertible points about the trial record, the pending motion requires that we review the "excessiveness" of the jury's verdict on the contract claim. To do so, however, we are bound by Florida law. The contract claim arises in our case under diversity jurisdiction. Thus, Florida law sets out the governing rule of decision. *See, e.g., AM Grand Ct. Lakes LLC v. Rockhill Ins. Co.,* 68 F.4th 1354, 1360 (11th Cir. 2023) ("Under Florida law, it is the responsibility of 'the court, upon proper motion, to review the amount of' a damages award to determine whether the amount is 'excessive ... in light of the facts and circumstances which were presented to the trier of fact.' Fla. Stat. § 768.74(1).") (citing Florida statute that requires a court to review whether a damages award is excessive in "any action for damages, whether in tort or in contract." Fla. Stat. § 768.71(1)).

Under Florida law, "assessing the amount of damages is within the province of the jury." *Odom v. R.J. Reynolds Tobacco Co.,* 254 So. 3d 268, 277 (Fla. 2018) ("[A] court should never declare a verdict excessive merely because it is above the amount which the court itself considers the jury should have allowed.") (citation omitted). Uncertainty as to the precise amount of damages, or difficulty in proving the exact amount of damages, does not mean a jury's decision was based on guesswork or speculation. *See, e.g., Smith v. Austin Dev. Co.,* 538 So. 2d 128, 129 (Fla. 2d DCA 1989). A jury is permitted to employ its own logic in coming to a precise amount. *Id.*

This standard is similar in federal court: so long as there is a "reasonable basis" for the jury's verdict, the verdict should not be cast aside because of "uncertainty or

9

difficulty in proving the amount of damages." *Storfer v. Guarantee Tr. Life Ins. Co.,* 666 F.3d 1277, 1279-80 (11th Cir. 2012).

For purposes of a Rule 59 motion like this that is governed by Florida law, the ultimate question is whether there is some basis from which the jury can make its own determination of damages. *See, e.g., Centex-Rooney Const. Co., Inc. v. Martin Cnty.,* 706 So. 2d 20, 28 (Fla. 4th DCA 1997). And the degree of certainty required is no more than would satisfy "the mind of a prudent impartial person." *Born v. Goldstein,* 450 So. 2d 262, 264 (Fla. 5th DCA 1984) ("[I]t is sufficient if there is a reasonable basis in the evidence for computation of damages, although the result may be only approximate."); *accord IBP, Inc. v. Hady Enterprises, Inc.,* 267 F. Supp. 2d 1148, 1169 (N.D. Fla. 2002), *aff'd sub nom. IBP, Inc. v. Hady Enterprises,* 52 F. App'x 487 (11th Cir. 2002) ("If it is clear that substantial damages have been suffered, the impossibility of proving its precise limits is no reason for denying substantial damages altogether." (quoting *Twyman v. Roell,* 166 So. 215, 218 (Fla. 1936)).

Once the burden of proof with regard to the "*fact* of damage" is met, a "relaxed burden of proof [applies] to ascertainment of the amount of damage." *Alphamed Pharm. Corp. v. Arriva Pharm., Inc.,* 432 F. Supp. 2d 1319, 1342 (S.D. Fla. 2006), *aff'd,* 294 F. App'x 501 (11th Cir. 2008) (emphasis in original). As the Supreme Court put it, "there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage and the measure of proof necessary to enable the jury to fix the amount." *Story Parchment Co. v. Patterson Parchment Paper Co.,* 282 U.S. 555, 562 (1931) (reversing set aside of jury verdict of

economic damages resulting from antitrust violation) ("while the damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result be only approximate"); *see also Swain v. Curry,* 595 So. 2d 168, 173 (Fla. 1st DCA 1992) ("Once the commercial claimant has established causation, the law will tolerate some approximation in the determination of amount.").

This is why, in our circuit and elsewhere, once a range of damages has been set by the evidence at trial, a "jury enjoys substantial discretion in awarding damages within [that] range." *United States v. Sullivan,* 1 F.3d 1191, 1196 (11th Cir. 1993). Hence, in *AM Grand Court Lakes,* the Eleventh Circuit rejected a losing defendant's case for reversing a jury verdict that purportedly bore no relationship to the evidence presented at trial because it differed from the damages theories the parties presented. Because the jury was entitled to credit some of the parties' evidence and reject others, it was the jury's role as fact finder to make those credibility determinations and reach an award that the evidence admitted at trial could support. 68 F.4th at 1364 (citing *Moore v. Chesapeake & O. Ry. Co.,* 340 U.S. 573, 576 (1951) (recognizing that a jury may "credit or discredit all or part of" a witness's testimony); *Seymour v. Oceanic Navigating Co.,* 453 F.2d 1185, 1190 (5th Cir. 1972) (recognizing that a factfinder "may, of course, choose to reject certain portions of a witness's testimony while accepting other portions")).

Applying these settled principles here, the argument that this verdict was so manifestly against the weight of the evidence is meritless. The jury was presented

with a credible version of the parties' contractual arrangement and a basis for calculating the amounts that should have been paid under that arrangement. The jury could set aside the Defendant's version and accept the Plaintiff's testimony as to the range of sums that should have been due. The jury was then entitled to review the exhibits at trial to calculate whether or not to accept the Plaintiffs' calculations or to award a different amount. In this case, it appears that the jury accepted the Plaintiffs' version and adjusted, with some precision, the claimed amounts to reach the net amounts ultimately awarded in the verdict form.

It is also noteworthy that the record shows no contemporaneous objection was made to the Plaintiff's counsel's requested damages in his closing argument. Defendants thus waived any argument that such damages were unsupported by the evidence in the case. And when the jury's verdict comes in at *less* than what the Plaintiffs asked for, it is a hard case to make that the verdict is grossly excessive or beyond the pale. To the contrary, the verdict is entirely supported by the evidence that was presented at trial. It should not be disturbed. *E.g., Hercaire*, 821 F.2d at 562; *First United Pentecostal Church v. Guideone Specialty Mut. Ins. Co.,* 189 F. App'x 852, 856 (11th Cir. 2006) (in breach of contract action, affirming denial of new trial motion where defendant waived Rule 50 argument on sufficiency of evidence; verdict was not speculative or unsupported for Rule 59 purposes where plaintiff presented evidence to support the jury's award of damages).

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 31st day of October, 2023.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge