UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 22-22671-CIV-ALTONAGA/TORRES

DELIO BATISTA, et al,,

    Plaintiffs,

v.

AVANT ASSURANCE INC. et al,

    Defendants.

## AVANT ASSURANCE'S OBJECTIONS TO THE AMENDED REPORT AND RECOMMENDATION RECOMMENDING DENIAL OF THE MOTION FOR NEW TRIAL OR REMITTITUR

Pursuant to Federal Rule of Civil Procedure 72(b)(2), and Local Magistrate Rule 4(b), Defendant, Avant Assurance Inc., ("Avant"), objects to Magistrate Judge Edwin G. Torres' Amended Report and Recommendation Denying Avant's Motion for New Trial or Remittitur (the "Recommendation"). As advised by the Recommendation, these objections are required for purposes of preservation. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1.

1

# INTRODUCTION

Avant objects to the Recommendation for five principal reasons.

**First**, there is no contemporaneous objection requirement to preserve Avant's arguments of insufficiency of the evidence or a speculatively reached verdict. But the Recommendation determined otherwise. *See* Doc. 139 at 3 (concluding Avant "repeatedly waived" the "sufficiency of the evidence argument" by, *inter alia*, "never object[ing] to Plaintiffs' evidence as improperly calling for speculation").

Speculative testimony is different from a speculative verdict. With speculative testimony, a contemporaneous objection is required to preserve challenges to the evidentiary *admissibility* of the testimony. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1310 (11th Cir. 2021) ("We review evidentiary rulings for an abuse of discretion, or for plain error where a party fails to preserve its objection."). However, to challenge a verdict based on conclusory testimony, insufficient evidence, speculative testimony, or speculation by the jury itself, all Avant was required to do was file a motion for new trial or for remittitur. *See, e.g.*, *Roboserve, Ltd. v. Tom's Foods, Inc.*, 940 F.2d 1441, 1444 (11th Cir. 1991) (affirming portion of ruling in which "district judge granted Tom's motion for new

trial because [it] concluded that the verdict was speculative and excessive"). Avant is challenging the verdict itself, not the admissibility of the evidence that led to it. Even if Avant never challenged the admissibility of Plaintiffs' speculative and conclusory testimony regarding damages by failing to object to its admissibility, that does not mean that Avant waived its ability to challenge the verdict as speculative or excessive under Florida law. Accordingly, Avant objects to the Recommendation's erroneous analysis of preservation requirements.

To illustrate the difference, Avant notes that part of its challenge to the sufficiency of the verdict is the *absence* of evidence. For example, Avant has challenged the absence of evidence as to whether Plaintiffs satisfied the primary requirement for entitlement to commissions: that the putatively "sold" policies were activated and paid out. *See* Doc. 124 at. 2, 12, 14-16. It is impossible to object to evidence that was never presented. All Avant could do is challenge this lack of evidence in a post-trial motion. Avant objects to the Recommendation's conclusion that Avant waived arguments on the speculative or excessive nature of the verdict by failing to contemporaneously object to a *lack* of testimony and evidence.

**Second**, Avant was not required to move for a directed verdict to preserve its arguments as to insufficient evidence or speculatively reached verdict. But the Recommendation determined otherwise. *See* Doc. 139 at 3 (concluding Avant "repeatedly waived" the "sufficiency of the evidence argument" by, "twice neglect[ing] to move for relief under Federal Rule of Civil Procedure 50, which is the appropriate vehicle for attacking the sufficiency of the evidence"). Notably, one of the cases that the Recommendation determined weighed against Avant actually shows that either a directed verdict motion *or* a post-trial motion is sufficient to challenge sufficiency of the evidence. *Cf. First United Pentecostal Church v. Guideone Specialty Mut. Ins. Co.*, 189 Fed. App'x 852, 856 (11th Cir. 2006) ("Because GuideOne failed to renew its motion *or file a post-trial motion for new trial,* we are precluded from entering judgment as matter of law in GuideOne's favor or granting it a new trial based on the sufficiency of the evidence." (emphasis added)).

Failure to move for a directed verdict (which is often joined with a new trial simply for efficiency purposes) does not restrict this court's ability to consider a motion for new trial. In fact, there may be times when a party is not entitled to a directed verdict, but is entitled to a new trial.

4

*Thor Bear, Inc. v. Crocker Mizner Park, Inc.*, 648 So. 2d 168, 173–74 (Fla. 4th DCA 1994) ("The standard for granting a new trial is different from that of a directed verdict and the decision of whether to grant a new trial rests within the sound discretion of the trial court." (citing *Kilburn*, 286 So. 2d at 244)); *see also Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1499 (11th Cir. 1985) (affirming when district court "denied the motion for J.N.O.V. and granted PACCAR's alternative motion for a new trial"). A motion for new trial is always directed to the sound discretion of the trial court, regardless of whether a motion for directed verdict is filed. *See id.*; *Thor Bear*, 648 So. 2d at 173.

Relatedly, the Recommendation conflates two different kinds of "discretion" that are relevant here. Specifically, the Recommendation conflates the appellate standard of review (for an abuse of discretion) with the trial court's broad discretion to grant a motion for new trial. See Doc. 139 at 4-5. To be clear, the cases cited in the Recommendation do not hold that the failure to move for a directed verdict limits in any way this court's discretion to decide a motion for new trial.

**Third**, Avant did not seek new trial or remittitur by arguing that Plaintiffs' testimony as to damage calculation was not credible. To the

5

contrary, Avant argued that—taking Plaintiffs' damages testimony at face-value—the testimony was speculative, evidentiarily unfounded, and unsupportive of the verdict. *See* Doc. 124 at (arguing that "at least two Plaintiffs simply conceded that their damages calculations were approximations"). And yet, the Recommendation was partially premised on the rejection of a credibility argument that Avant never raised. *See* Doc. 139 at 8 ("Third, the jury obviously found Plaintiffs' testimony credible and Mr. Cortes' contrary testimony was deemed less credible."); *see also* Doc. 139 at 12 ("The jury could set aside the Defendant's version and accept the Plaintiff's testimony as to the range of sums that should have been due."). Credible or not, Plaintiffs' damages testimony suffered evidentiary gaps and admitted weaknesses (like estimation, unfounded conclusions, and guesswork) that required the jury to speculate to reach its verdict. Avant objects to its motion being denied on the basis of an argument not raised.

**Fourth**, there was no "range" or otherwise discernable "basis for calculating the amounts that Plaintiffs requested as damages—only lump amounts. Doc. 139 at 12. Without having been presented a "range of damages," Doc. 139 at 11, the jury was presented with what amounted

6

to speculative, evidentiarily unsupported testimony as to damages—*i.e.,* insufficient evidence. *See Instant One Media, Inc. v. EzFauxDecor, LLC*, 22-11374, 2023 WL 2422196, at *2 (11th Cir. Mar. 9, 2023) ("Conclusory testimony about the estimated amount of profits and generic comments on her calculation process do not provide a sufficient 'basis of computation' for a jury to determine actual damages under the Lanham Act.").

As argued in the motion for new trial, if the Plaintiffs wished to give the jury the means to calculate damages, they were required to show for each individual policy (1) its commission price, (2) that the commission was owed (because the policy ended up being activated), and (3) that the commission was not paid. For the bonuses, the Plaintiffs were required to show the policies they "sold" ended up being activated—and thus owed commissions—in sufficient quantities to entitle them to bonuses. This evidence was not presented. Instead, the Plaintiffs *admitted* that they did not keep track of which policies were actually activated (i.e. whether commissions were actually owed) and *admitted* that they estimated their owed commissions.

7

This case is not like *AM Grand Court Lakes LLC v. Rockhill Ins. Co.*, 68 F.4th 1354, 1362 (11th Cir. 2023). The plaintiffs expert witnesses in that case provided the jury with a method of calculating rebuild costs—a range of price per square foot to rebuild buildings, based on their experience; the square footages of buildings; and pictures of the damage to determine the extent of rebuild necessary. *Id.* That permitted the jury to select a price per square foot based on the quality of the building, to determine a square footage amount that required rebuild, then to calculate an amount of damages. *Id.* That is precisely what did not happen here—the jury was not given dollar values that they could assign to specific *completed* sales, to help them calculate a total. Instead, they were simply given "estimates" of total amounts owed, without any supporting model or backing data. This is insufficient. *See, e.g.*, *Shumate & Co., Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 509 F.2d 147, 153 (5th Cir. 1975) (reversing when "[t]he only evidence [the plaintiff] presented regarding his damages at trial was his own testimony, unsupported by any relevant data"); *Instant One Media, Inc. v. EzFauxDecor, LLC*, 22-11374, 2023 WL 2422196, at \*2 (11th Cir. Mar. 9, 2023).

**Fifth**, the Recommendation erroneously relies upon *First United,* 189 Fed. App'x. at 856, to recommend ruling against Avant on the basis of waiver. *See* Doc. 139 at 13. But the appellant in *First United* waived arguments by failing to either move for directed verdict *or* file a motion for new trial. *Id.* at 855. In this case, Avant did file a motion for new trial. Therefore, under not only does *First United* not support the determination of waiver in the Recommendation, it affirmatively demonstrates Avant's preservation of the issues—as argued above.

## CONCLUSION

Defendant, Avant Assurance, Inc., respectfully objects to the Amended Report and Recommendation recommending denial of its Motion for New Trial or Remittitur.

Respectfully submitted,

/s/ Samuel Alexander
Samuel Alexander
Fla Bar No. 1007757
Alexander Appellate Law P.A.
120 S Woodland Blvd Suite 200
DeLand, Florida 32720
(689) 259-5010
samuel@alexanderappeals.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Samuel Alexander
Samuel Alexander
