UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ, and
RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ QUINTERO,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
AVANT ASSURANCE INC'S OBJECTIONS**

### I.  INTRODUCTION

The judgment Defendant, Avant Assurance Inc., continues its assault on the jury's verdict and the Final Judgment by raising five (5) issues for the Court to conduct a *de novo* review of its Renewed Motion for Remittitur or New Trial. [ECF No. 141.] Avant acknowledges the futility of the arguments it raised in its Motion by advancing untimely new theories that are equally unavailing. The Court properly overrules Avant's objections and adopts the Amended Report and Recommendations [ECF No. 139.].

### II. ARGUMENT

**1.**     **Avant Waived Its Arguments By Failing To Contemporaneously Object.**

Avant agrees that its trial counsel never contemporaneously objected or requested the

1

Court to strike any testimony during the trial. Its new argument for post-trial relief is that it was not required to contemporaneously object or move to strike any testimony during trial. This argument, like the argument that the verdict was manifestly against the weight of the evidence, is "meritless." [ECF No. 139 at 11.]

The law in this Circuit requires a contemporaneous trial objection to claim after trial that the trial court erred. *See e.g.*, *United States v. Sharpe*, 2022 WL 16835532, at *2 (11th Cir. Sept. 11, 2022) (citing *Puckett v. United States*, 556 U.S. 129, 133–35 (2009)). "The purpose of [the contemporaneous objection] rule is to assure that the trial judge makes an informed decision, and to allow the judge and opposing counsel to take whatever corrective action is needed." *United States v. Astling*, 733 F.2d 1446, 1459 (11th Cir. 1984).

Avant claims that it is "challenging the verdict itself, not the admissibility of evidence that led to it," which it clarifies as being based on the "*absence* of evidence." [ECF No. 141 at 3.] The Amended Report and Recommendation identifies the sources of evidence on which the jury relied to reach its verdict and further explained that "the jury obviously found Plaintiffs' testimony credible and Mr. Cortes' contrary testimony was deemed less credible. In other words, they believed Plaintiffs but did not believe Defendants." *Id.*, at 8. Avant's argument about the "absence" of evidence was waived – including during closing arguments – and unsupported by the trial record. *Id.*, at 12.

2. **Avant Waived Its Sufficiency Arguments By Failing To Move For A Directed Verdict.**

Avant lacks a reasonable basis under the law to argue that seeking relief under Rule 50 was not required as a precondition to post-trial relief under Rule 59. Binding precedent required Avant to have moved for a directed verdict before submitting the case to the jury and to have renewed its

2

motion after the jury's verdict. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006). Avant did neither. Consequently, this Court and the Eleventh Circuit Court of Appeals are "powerless" to disturb the jury's verdict. *Id.*, at 405. Avant "gambled on the verdict" without preserving its arguments, precluding any post-trial relief. *Quinn v. Sw. Wood Products, Inc.*, 597 F.2d 1018, 1026 (5th Cir. 1979). Avant cannot resurrect arguments it never made by asserting them for the first time in a post-trial motion. *Democratic Republic of the Congo v. Air Capital Group, LLC*, 614 Fed. Appx. 460, 472 (11th Cir. 2015) (quoting ^, 408 F.3d 757, 763 (11th Cir.2005).)

3.   **Avant's Sufficiency Of The Evidence Arguments Are Unsupported.**

Avant's arguments about the approximation of damages were unpersuasive and contrary to the law. Plaintiffs cited cases establishing the propriety of approximating damages in breach of contract cases and identified Plaintiffs' evidence at trial regarding their damages and how their damages should be calculated. [ECF No. 131.] The Amended Report and Recommendation identified federal and Florida cases supportive of the jury's ability to approximate damages. [ECF No. 139 at 10-12.] Furthermore, the jury's verdict reflected its having calculated (adjusted) the amounts awarded to each Plaintiff with the benefit of the trial exhibits. *Id.*, at 12.

4.   **No Range Of Damages Was Required.**

Plaintiffs were not required to provide a "range" of their damages; instead, they calculated their damages for the jury based on the evidence introduced at trial. [ECF No. 131 at ¶¶28-42.] Avant did not even mention the word "range" in its Renewed Motion for Remittitur or New Trial. [ECF No. 124.] Instead, as the Amended Report and Recommendation recognized, it argued for relief based on inapposite law applicable to lost profits. [ECF No. 139 at 12.] Plaintiffs submitted evidence to the jury about the number of insurance policies they sold, thereby establishing their damages. [ECF No. 131 at ¶¶28-42.] Although Avant argued at trial that those numbers were

3

inaccurate, it failed to carry its burden by introducing evidence that contradicted or reduced the policies the Plaintiffs testified they sold. Mr. Cortes testified that the records identifying all policies sold were not in evidence and that the jury did not need to believe him. *Id.*, at ¶¶12-27.

5. **The Amended Report And Recommendation's Citation To *First United* Is Supportive Of The Determination That Avant Failed To Preserve Its Arguments.**

Avant failed to follow the procedural steps necessary to preserve its contest to the jury's verdict, opting only to file its motion for a new trial. [ECF No. 141 at 9.] The Amended Report and Recommendation cited *First United Pentecostal Church v. Guideone Specialty Mut. Ins. Co.*, 189 F. App'x 852, 856 (11th Cir. 2006) for the proposition that a litigant must make a Rule 50(a) motion pre-verdict and then renew its motion postverdict or file a motion for new trial pursuant to Rule 50(b). Rule 50(b) required Avant to have sought relief in the trial court under Rule 50(a), but it did not. The Amended Report and Recommendation properly concluded that Avant could only proceed under Rule 59, based on the waiver of its arguments under Rule 50, and that "the verdict is entirely supported by the evidence that was presented at trial." [ECF No. 139.]

6. **Any New Arguments Or Facts In Reply Should Not Be Considered.**

It would be improper for Avant to offer new arguments supported by case law or new facts for the first time in his reply:

> But it is improper for a party to raise a new argument in its reply. *See Foley v. Wells Fargo Bank, N.A.*, 849 F. Supp. 2d 1345, 1349 (S.D. Fla. 2012) ("Because it is improper for [the party] to raise this new argument in its Reply brief, the argument will not be considered") (citing *Herring v. Sec. Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court")). Accordingly, the Court will not consider this argument from the reply memorandum at this time.

4

*Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, 2016 WL 1756911, at *1 (S.D. Fla. May 3, 2016); *see also Around the Clock A/C Service, LLC v. Air Pros LLC*, 2020 WL 4561217, at *3 fn. 5 (S.D. Fla. May 7, 2020) (collecting cases).

If Avant were to raise new arguments in reply, then the Court should disregard those new arguments as improper:

> But a party cannot raise new arguments in a reply brief without affording the opposing party an opportunity to respond. *See Cost Recovery Servs. LLC v. Alltel Commc'ns, Inc.*, 259 F. App'x 223, 226 (11th Cir. 2007) (holding that a party cannot raise a new argument or evidence in a reply brief to a motion for summary judgment without giving the non-movant an opportunity to respond); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that the district court erred when the defendants presented new evidence in a reply brief and the district court denied the plaintiffs motion to strike and plaintiffs' surreply). Because Ms. Garcia did not have an opportunity to respond to these arguments, the court will not consider them now.

*Garcia v. Casey*, 439 F. Supp. 3d 1283, 1294 (N.D. Ala. 2020). The significance of this prohibition is to avoid sandbagging Plaintiffs with new arguments that should have been – but were not – previously raised and to which she will hereafter be unable to respond.

### III. CONCLUSION

The Amended Report and Recommendation properly denied the relief requested by Avant. "[T]he problem with Defendants' argument is that they repeatedly waived this 'sufficiency of the evidence' argument throughout the trial." [ECF No. 139 at 3.] The Amended Report and Recommendation properly determined that Avant's argument "that this verdict was so manifestly against the weight of the evidence is meritless." *Id.*, at 11. Plaintiffs introduced sufficient evidence at trial to support their methodology for the jury to award them damages, and the jury utilized the evidence in the record to calculate the damages awarded to each Plaintiff. As the Amended Report and Recommendation summarized:

> The jury was presented with a credible version of the parties' contractual arrangement and

5

>a basis for calculating the amounts that should have been paid under that arrangement. The jury could set aside the Defendant's version and accept the Plaintiff's testimony as to the range of sums that should have been due. The jury was then entitled to review the exhibits at trial to calculate whether or not to accept the Plaintiffs' calculations or to award a different amount. In this case, it appears that the jury accepted the Plaintiffs' version and adjusted, with some precision, the claimed amounts to reach the net amounts ultimately awarded in the verdict form.

*Id.*, at 12. The jury's verdict should remain undisturbed, and the Court should find that Avant's arguments and quest to disturb the jury's verdict are "meritless."

Dated this 23rd day of November 2023,

Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiffs*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*