UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22671-CIV-ALTONAGA/Torres

**DELIO BATISTA**, *et al.*,

    Plaintiffs,
v.

**AVANT ASSURANCE INC.**, *et al.*,

    Defendants.
_____/

**ORDER**

On September 21, 2023, Defendant, Avant Assurance Inc., filed a Renewed Rule 59 Motion for Remittitur, or Alternatively, New Trial [ECF No. 124]. The Court referred the Motion to Magistrate Judge Edwin G. Torres to take all necessary and proper action as required by law. (*See* Oct. 6, 2023 Order [ECF No. 132]). The matter is now before the Court on the Magistrate Judge's Amended Report and Recommendation [ECF No. 139], entered on November 1, 2023, recommending the Court deny Avant's Motion. (*See id.* 13). Avant timely filed Objections [ECF No. 141] to the Report, to which Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente filed a Response [ECF No. 142].

When a magistrate judge's findings or recommendations have been properly objected to, district courts must review the objected-to findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). Given Avant's Objections, the Court reviews the Amended Report *de novo*.

In his comprehensive analysis, the Magistrate Judge considered Avant's sole argument purportedly justifying remittitur or a new trial: that Plaintiffs "failed to introduce sufficient evidence" to justify the jury's award of $117,164.00 in contractual damages. (Am. Report 3). The

Magistrate Judge concludes that Defendants "repeatedly waived th[e] 'sufficiency of the evidence' argument throughout the trial" (*id.* (alteration added)), and the verdict was not "manifestly against the weight of the evidence" (*id.* 11). In its Objections, Avant raises five arguments (*see* Objs. 2–9), all of which the Court finds unpersuasive. The Court explains.

Avant's first two arguments relate to the Magistrate Judge's conclusion that Avant waived its ability to challenge the sufficiency of the evidence. (*See id.* 2–5). Avant first argues the Magistrate Judge erred in applying a contemporaneous objection requirement and then maintains it was not required to move for judgment as a matter of law to preserve its arguments as to the sufficiency of the evidence. (*See id.*). According to Avant, a contemporaneous objection is only required to preserve challenges to the admissibility of speculative testimony, not a speculatively reached verdict. (*See id.* 2). Avant insists "[i]t is impossible to object to evidence that was never presented[,]" and its only option was to "challenge th[e] lack of evidence in a post-trial motion." (*Id.* (alterations added)).

Avant is wrong. The issue of whether the verdict was speculative relies on the sufficiency of the underlying evidence. At trial, pre-verdict, Defendants could have, but did not, object to the sufficiency of evidence under Federal Rule of Civil Procedure 50(a) by raising a motion for judgment as a matter of law. (*See* Am. Report 6).

Further, regardless of whether a pre-verdict motion is required, the Court is guided by governing waiver principles. When a litigant "gamble[s] on a jury's verdict" and waits until after the verdict to raise a sufficiency of the evidence claim, the litigant "sandbag[s]" the court and counsel, and "nothing can be done except by way of a complete new trial." *Quinn v. Sw. Wood Prods. Inc.*, 597 F.2d 1018, 1024–25 (5th Cir. 1979) (alterations added; citation omitted).[1]

---

[1] Avant's reliance on *First United Pentecostal Church v. GuideOne Specialty Mutual Insurance Company* for the proposition that "either a directed verdict motion or a post-trial motion is sufficient to challenge

Avant's failure to move for judgment as a matter of law, even after the undersigned "ask[ed] Defendants whether they wanted to move for any relief" (Am. Report 2 (alteration added)), demonstrates Avant was "of the view that the evidence made a case for the jury[,]" *Quinn*, 597 F.2d at 1024 (alteration added; citation omitted). Avant offers no legitimate reasoning why its view has changed other than the outcome of the verdict, and "[a] party is not entitled to a new trial because it disagrees with the jury's verdict." *Handley v. Werner Enters., Inc.*, 655 F. Supp. 3d 1348, 1368 (M.D. Ga. 2023) (alteration added).

Avant's third and fourth arguments relate to the Magistrate Judge's review of the evidence. (*See* Objs. 5–6). Avant first takes issue with the Magistrate Judge's consideration of a credibility argument Avant says it never raised (*see id.*), and then insists there was no "range" or "discernable basis" for calculating Plaintiffs' damages (*id.* 6).

The Magistrate Judge never suggests Avant raised a credibility argument. (*See generally* Am. Report). Rather, he mentions "the jury obviously found Plaintiffs' testimony credible[,]" only to suggest that "there was evidence in the record . . . to support the jury's damage calculation." (*Id.* 8 (alterations added)). The Magistrate Judge then correctly states that the jury's determination may "be only approximate[,]" so long as it is "not determined by mere speculation[.]" (*Id.* 11 (alterations added; quotation marks omitted; quoting *Story Parchment Co. v. Patterson Parchment Paper Co.*, 282 U.S. 555, 562 (1931))); (*see also* Am. Report 11–12); (Resp. 3–4 (citations omitted) (describing evidence produced at trial)). Avant's arguments to the contrary are unavailing.

---

sufficiency of the evidence" is inapt. (Objs. 4 (emphasis omitted; citing 189 F. App'x 852, 856 (11th Cir. 2006))). The movant in that case filed a Rule 50(a) motion for judgment as a matter of law but "failed to renew its [Rule 50(a)] motion . . . or file a motion for new trial pursuant to Rule 50(b)." *First United Pentecostal Church*, 189 F. App'x at 856 (alterations added). Avant did not move for judgment as a matter of law at any point; moreover, the case does not suggest Avant should be entitled to a new trial under the present circumstances.

CASE NO. 22-22671-CIV-ALTONAGA/Torres

Avant's final argument is somewhat of a last-ditch regurgitation of its waiver arguments. (*Compare* Objs. 9 *with id.* 2–5). It contends the Magistrate Judge errs in relying on *First United Pentecostal Church* to recommend a finding of waiver because Avant filed a motion for new trial and therefore did not waive any arguments. (*See id.* 9 (citing 189 F. App'x at 856)). As explained, Avant's failure to move for a new trial informs the Court's discretion on this issue — discretion it declines to exercise in Avant's favor. Going further, the Magistrate Judge cites *First United Pentecostal Church* only to support the proposition that "the verdict is entirely supported by the evidence that was presented at trial" and "should not be disturbed." (Am. Report 13 (citing *First United Pentecostal Church*, 189 F. App'x at 856; other citation omitted)). The Court agrees.

Having reviewed the Report, the record, and the applicable law *de novo*, the undersigned agrees with the analysis and recommendations stated in the Amended Report and agrees with the Magistrate Judge's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant, Avant Assurance Inc.'s Objections **[ECF No. 141]** are **OVERRULED**.

2. The Amended Report and Recommendation **[ECF No. 139]** is **ACCEPTED AND ADOPTED**.

3. Avant's Renewed Motion for Remittitur, or Alternatively, New Trial **[ECF No. 124]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of December, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record