UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-CV-22671-ALTONAGA/TORRES

DELIO BATISTA,
CARLOS LOPEZ,
MARIANA LOPEZ and
RAFAELA VALIENTE,

    Plaintiffs,

vs.

AVANT ASSURANCE INC.,
REINIER CORTES, AND
ANDREA GONZALEZ
QUINTERO,

    Defendants.
_____/

## **PLAINTIFFS' RENEWED MOTION FOR RULE 11 SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL**

Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, renew their request for the Court to enter an Order sanctioning Defendant, Avant Assurance Inc., and its counsel under Fed. R. Civ. P. 11, and the following good cause:

### **I.  INTRODUCTION**

Plaintiffs served a copy of their Motion for Rule 11 Sanctions on November 6, 2023, and thereafter spoke with defense counsel on November 7, 2023, satisfying the requirements imposed by both Rule 11 and Local Rule 7.1. [ECF No. 143.] The Court denied it premature, instructing that "Plaintiffs would be well served to await the Court's decision on Avant's Renewed Motion for Remittitur, or Alternatively, New Trial and the Eleventh Circuit's decision, before re-filing a motion for sanctions." [ECF No. 145.] Earlier today, the Court ruled against the Defendant. [ECF

1

No. 145.] Plaintiffs renew their request for the Court to grant their November 28, 2023, Motion for Rule 11 Sanctions [ECF No. 143] and/or the instant Renewed Motion.[1]

Defendant, Avant Assurance, Inc., litigated this case in a way that the Court was on the brink of referring its counsel to The Florida Bar following the attempt to engage in *ex parte* communications with the Court and its subsequent (mis)representations about the interactions with defense counsel. [ECF No. 26.] The Court determined that these shenanigans would not delay the trial but reserved from ruling on whether to refer defense counsel based on ethical considerations. *Id.* The trial resulted in a verdict for the Plaintiffs on their breach of contract claim(s) and an award of $177,164.00 in breach of contract damages, before considering prejudgment interest. [ECF Nos. 104, 106.] The Defendant requested a new trial or remittitur by arguing the jury's verdict was either "speculative," "against the greater weight of the evidence," and/or "excessive." [ECF No. 113.] In dispensing with the Defendant's Motion, Magistrate Judge Torres categorized the Defendant's arguments as "waived" and "meritless." [ECF No. 139.] The Defendant objected to the Amended Report and Recommendation, to which the Plaintiffs responded. [ECF Nos. 141, 142.] The Court conducted a *de novo* review of the post-trial motion practice and entered an Order that overruled the Defendant's Objections, Accepted and Adopted the Amended Report and Recommendation, and Denied the Motion for Remittitur, or, Alternatively, New Trial. [ECF No. 145.] Rule 11 was designed to curtail the meritless and ill-fated arguments the Defendant advanced, and its stubborn refusal to accept the jury's well-reasoned verdict requires the Court to sanction the Defendant and its counsel for proceeding with its futile attempt to avoid the jury's

---

[1] Due to the pending appeal, Plaintiffs submit that the Court should state/abate ruling on the previously filed Motion for Rule 11 Sanctions [ECF No. 143] and/or the instant Renewed Motion for Rule 11 Sanctions until after the appellate proceedings conclude.

2

decision. The Plaintiffs gave Defendant and its counsel 21 days to consider whether to withdraw the Motion for New Trial [ECF No. 113] voluntarily and to abandon the attempt(s) to avoid the jury's verdict (and the final judgment entered thereon), considering the facts and the law unequivocally establish that its arguments for a new trial, for remittitur, and to disturb the jury's verdict are meritless and lack any legitimate legal or factual basis. The Defendant's tactics are nothing more than a futile attempt to delay Plaintiffs' receipt of the money the jury decided they earned and for which the Court entered a final judgment. The baseless pursuit of meritless arguments for a new trial and remittitur are of the type that entitle Plaintiffs to the imposition sanctions contemplated by Rule 11 against the Defendant and its counsel.

## II. FACTUAL HISTORY

1. The Court scheduled this case for trial commencing on Monday, July 10, 2023.

2. On the Friday before the start of the trial, the Court conducted a telephonic hearing because the individuals named as Defendants, Reinier Cortes and Andrea Gonzalez Quintero, went to the chambers of the Chief Judge of the District Court for the Southern District of Florida, Cecilia Altonaga, and complained that they had not heard from their counsel in weeks and requested that the trial be postponed. [ECF Nos. 96-97.]

3. At the hearing, the Court heard from Mr. Cortes, Ms. Gonzalez Quintero, and counsel of record. The Court declined to continue the trial and reserved jurisdiction on referring defense counsel to the Committee on Attorney Admissions, Peer Review, and Attorney Grievance until after the trial. *Id.*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

4. At trial, Defendants waived the ability to seek post-trial relief from the verdict, whether through Rule 59 or appellate review, by failing to allow this Court to address the evidentiary issues:

    a. Defendants did not contemporaneously object to any testimony about breach of contract damages and

    b. Defendants did not argue for a directed verdict under Rule 50 before submitting the case to the jury.

5. The jury deliberated with their recollection of the testimony at trial and with the Exhibits used at trial before returning a verdict on July 15, 2023, as follows:

    a. $54,511.00 in breach of contract damages to Plaintiff Delio Batista against Defendant Avant Assurance, Inc.;

    b. $38,957.00 in breach of contract damages to Plaintiff Carlos Lopez, against Defendant Avant Assurance, Inc.;

    c. $15,576.00 in breach of contract damages to Plaintiff Mariana Lopez, against Defendant Avant Assurance, Inc.; and

    d. $68,120.00 in breach of contract damages to Plaintiff Rafaela Valiente, against Defendant Avant Assurance, Inc.

[ECF No. 106.]

6. The Defendant[2] timely filed its Motion for Remittitur or New Trial, but which was denied without prejudice to renew it after receipt of the trial transcript. [ECF Nos. 113, 114.]

7. The Defendant took an appeal to the Eleventh Circuit Court of Appeal, which is pending with Appellate Case No.: 23-13046-F.

8. The Defendant received the trial transcripts on September 11, 2023, and filed its Renewed Motion for Remittitur or New Trial on September 21, 2023. [ECF No. 124.]

---

[2] Only Defendant, Avant Assurance Inc. sought post judgment relief, and so the references to "Defendant" throughout pertain to the corporate Defendant.

4

9. Although Defendant and its counsel were fully aware that Avant Assurance, Inc. waived any argument regarding the sufficiency of the evidence at trial and that the record at trial contained sufficient evidence upon which the jury could award damages to the Plaintiffs, they argued otherwise in its Renewed Motion for Remittitur and New Trial. [ECF No. 124.]

10. Plaintiffs responded on October 4, 2023, by pointing out the fallacious legal and factual underpinnings of the Renewed Motion for Remittitur or New Trial. [ECF No. 131.]

11. Defendant never addressed any factual or legal points raised by the Plaintiffs in their Response. *Id.*

12. The Court referred Defendant's Renewed Motion for Remittitur, Or Alternatively, New Trial to Magistrate Judge Torres [ECF No. 132], who issued a Report and Recommendation on October 31, 2023, and then an Amended Report and Recommendation on November 1, 2023. [ECF Nos. 138, 139.].

13. The Report and Recommendation and Amended Report and Recommendation determined that Defendant's arguments for remittitur and new trial were futile, not properly preserved, and not supported by the facts or the law.

14. Defendant, Avant Assurance Inc., continues to pursue post-trial relief from the jury's verdict and judgment rendered thereon to unreasonably forestall and delay the payment of the money Plaintiffs earned, but that the jury determined it failed to pay to Plaintiffs timely.[3]

---

[3] To wit, the Defendant filed its Objections to the Amended Report and Recommendations, and the Plaintiffs filed their Response in Opposition. The Court denied the post-judgment relief requested by the Defendant. [ECF No. 145.]

5

15.     Plaintiffs served a copy of this Motion on Defendant, Avant Assurance Inc., and its counsel on November 6, 2023, more than 21 days ago.[4]

### III. THE LAW

Rule 11 includes provisions intended to dissuade litigants and their counsel from pursuing claims or defenses for an improper purpose and those that were not legally or factually supported.

> In pertinent part, Rule 11 provides that when an attorney signs or files a pleading, motion, or other paper, he or she certifies certain things, to the best of his or her knowledge, information and belief, formed after an inquiry reasonable under the circumstances: First, that the pleading is not being submitted for an improper purpose [Rule 11(b)(1)]; second, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending the law [Rule 11(b)(2)]; and third, that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. [Rule 11(b)(3)]. *See* Fed. R. Civ. P. 11(b). The Rule authorizes courts to sanction attorneys, law firms or parties who have violated these provisions. Fed. R. Civ. P. 11(c)(1).

*Estrada v. FTS USA, LLC*, 2018 WL 1836007, at *2 (S.D. Fla. Jan. 23, 2018), *report and recommendation adopted*, 2018 WL 1811907 (S.D. Fla. Mar. 16, 2018). "The purpose of Rule 11 sanctions is to '"reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers."' *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (*quoting Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir.2001).)

The 1993 Advisory Committee's notes reflect the requirement for "litigants to 'stop-and-think' before initially making legal or factual contentions." Fed. R. Civ. P. 11. The Rule provides for sanctions to be imposed when a filing is frivolous, legally unreasonable, without factual

---

[4] The Court denied the Motion for Rule 11 Sanctions without prejudice as premature until after the Court's ruling on the Defendant's Renewed Motion for Remittitur, or Alternatively, New Trial and appeal. [ECF No. 144 at 2.] The Court since ruled against the Defendant on its challenges to the Amended Report and Recommendation. [ECF Nos. 145.] In renewing their Motion, Plaintiffs acknowledge the Court's ability to abate or stay resolution of the merits of the instant Motion until after the appellate proceedings have concluded pursuant to Fed. R. Civ. P. 54 and 58.

foundation, or is brought for an improper purpose. Specifically, Fed. R. Civ. P. 11(b) provides:

> By presenting to the Court a pleading, written motion, or other paper- whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party ce1tifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ....

Rule 11 imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. *See Collins v. Walden*. 834 F.2d 961 (11th Cir. 1987. In addition, an attorney is required "to perform a reasonably thorough and objective investigation of the facts before asserting them as bases for [the] causes of action." *Byrne v. Nezhat*, 261 F.3d 1075, 1115 (11th Cir. 2001); Fed R. Civ. P. 1l(b).

While the "selection of the type of sanction to be imposed lies within the district court's sound exercise of discretion," *Massengale*, 267 F.3d at 1301, once a court determines that a party violated Rule 11, a court is "mandated to impose sanctions." *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F. 2d 676, 685 (5th Cir. 1989). Sanctions under the Rule can be imposed against a party and its counsel. *Byrne*, 261 F.3d at 1106.

To determine whether a filing is frivolous and subject to Rule 11 sanctions, the Court traditionally engages in a two-step analysis involving "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they

7

were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

If the first prong of the analysis is met, then the court will move to analyze the second prong, which focuses on whether the non-moving party should have been aware the claim was frivolous. *Id.* Concerning the second prong, the court will look to the amount of time that was available for investigation before filing the document in question, whether the signing attorney had to rely on a client for the underlying facts at issue, and whether the document was based upon a plausible view of the law. *See Jones*, 49 F.3d 692 at 695. In the instant case, both prongs are met.

### III. ARGUMENT

No legal basis exists for this Court (or the Eleventh Circuit Court of Appeals) to reduce the breach of contract damages awarded to the Plaintiffs to zero or require a retrial, as Defendant requests. The trial evidence established that Defendant breached its contract agreements with each Plaintiff and caused the damages awarded by the jury. If the Defendant had an issue with the reliability of the trial evidence, it was required to object contemporaneously but did not. If the Defendant thought that no reasonable jury could find for the Plaintiffs, or if it did not believe that the Plaintiffs had introduced admissible evidence establishing the elements necessary to recover on their breach of contract claims, it should have moved for relief under Rule 50. The Defendant did neither, specifically rejecting the Court's invitation(s) to seek relief under Rule 50. Defendant and its counsel should have never filed or pursued the Renewed Motion for Remittitur or New Trial or the appeal, and the continuation of these courses of action in the face of such clear law and facts should subject Plaintiff and its counsel to sanctions under Rule 11.

**A.     Defendant And Its Counsel Knew That Any Errors Claimed To Have Occurred During The Trial Were Waived.**

If they did not realize it before, the Amended Report and Recommendation made clear

8

that the Defendant (through its trial counsel) unequivocally waived any argument about the trial's results by failing to object simultaneously.

> As we discuss below, the problem with Defendants' argument is that they repeatedly waived this "sufficiency of the evidence" argument throughout the trial. A review of the record reveals that, not only that Defendants twice neglected to move for relief under Federal Rule of Civil Procedure 50, which is the appropriate vehicle for attacking the sufficiency of the evidence, but also that Defendants never objected to Plaintiffs' evidence as improperly calling for speculation. It is too late to do so now, and therefore Defendants are not entitled to their requested relief.

[ECF No. 139 at 3.] The Amended Report and Recommendation solidifies that the Defendant's trial blunders were fatal to the arguments advanced post-trial because "Defendants effectively failed to object to the sufficiency of Plaintiffs' evidence at a time that would have permitted the trial judge to avoid the purported error." *Id.*, at 6. The Amended Report and Recommendation continued by recognizing that "Defendants thus waived any argument that such damages were unsupported by the evidence in the case." *Id.*, at 12-13. The Defendant and its counsel are savvy enough to know that waived objections and arguments cannot be resurrected after the jury returns its verdict. Nonetheless, they continue their futile post-judgment litigation to forestall Plaintiffs from receipt of money the jury found should have been paid over a year ago.

### B. The Defendant Was On Notice That Its Arguments Were "Meritless"

The Amended Report and Recommendation may as well have incorporated a blaring siren with flashing red lights to warn the Defendant that any continued effort to pursue the "meritless" arguments would not be well-received by the Court. The Amended Report and Recommendation provides that "…the argument that this verdict was so manifestly against the weight of the evidence is **meritless**." [ECF No. 139 at 11] [*emphasis added*]. By continuing to pursue post-judgment relief, whether in this Court or the Eleventh Circuit Court of Appeals, the Defendant and its counsel do

9

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

so in the face of the Court's categorization of its arguments as "meritless." It is rare for a Court to use the term "meritless" to describe a litigant's arguments, and doing so is a harbinger for the imposition of sanctions for continued litigation. *See Zinman v. Nova Se. Univ., Inc.*, 2021 WL 4025722, at *22 (S.D. Fla. Aug. 30, 2021) ("Furthermore, Plaintiff's decision to advance the argument, after both Judge Bloom and the Court in this case had given him indication that his claim was meritless, is worse still."), report and recommendation adopted sub nom. *Zinman v. Nova Se. Univ.*, 2021 WL 4226028 (S.D. Fla. Sept. 15, 2021), aff'd sub nom. *Zinman v. Nova Se. Univ., Inc.*, 2023 WL 2669904 (11th Cir. Mar. 29, 2023). Upon a finding of a meritless argument, sanctions are all but required. *Collar v. Abalux, Inc.*, 2018 WL 3328682, at *24 (S.D. Fla. July 5, 2018) (sanctioning attorney for advancing "meritless" argument).

> If someone violates Rule 11, a court must, upon motion or its own initiative, impose on the person who signed the pleading, a represented party, or both, an "appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." Fed.R.Civ.P. 11; *see Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 876 (5th Cir.1988) (en banc) (once a violation of Rule 11 is found, the Court *must* impose appropriate sanctions on the plaintiffs or plaintiffs' attorney).

*Howard v. Liberty Mem'l Hosp.*, 752 F. Supp. 1074, 1080 (S.D. Ga. 1990). The Court properly sanctions Defendant and its counsel.

### C. Plaintiff And Its Counsel Knew The Arguments Were Meritless.

The second prong of the court's inquiry into whether sanctions are appropriate considers whether the individual signing and certifying the assertions should have been aware that they were frivolous; "that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). In this action, neither Defendant nor its counsel have any excuse for seeking relief from the jury's verdict or the final

10

judgment. The Defendant could have, but did not, file a Reply to try and argue against a (a) finding of waiver or (b) the other arguments supportive of the jury's verdict and final judgment. This failure was a tacit acknowledgment that Defendant had no retort to the arguments against waiver, the jury's verdict, or the final judgment rendered thereon.

Defense counsel is a seasoned appellate attorney whose practice is "dedicated to appellate practice and litigation support." (https://www.alexanderappeals.com/samuel-alexander.) Mr. Alexander's website boasts that he is "dedicated almost exclusively to appeals" and has no excuse for continuing to pursue relief based on arguments that are, at best, "meritless." The continued pursuit of relief – whether in the form of a new trial or remittitur – is frivolous, and the Defendant's experienced appellate counsel knows better.

### D.      Defendant And Its Counsel Should Be Sanctioned.

Having established that the Defendant's arguments against the jury's verdict and judgment thereon are "meritless'" the second prong of the court's inquiry into whether sanctions are appropriate considers whether the individual signing and certifying the assertions should have been aware that they were frivolous; "that is, whether he would have been aware had he made a reasonable inquiry." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). In this action, neither Defendant nor its counsel have any excuse for pursuing any post-judgment relief.

The Amended Report and Recommendation explains in detail how and why the Defendant's objections to discovery were "waived" and how its arguments are "meritless." [ECF No. 139.] Under the circumstances, there is no excuse to continue pursuing post-judgment relief, and experienced appellate counsel knows better than to advocate for waived objections or make meritless arguments. Yet, the post-judgment litigation continues.

11

The monetary sanctions properly awarded are calculated by determining the number of hours reasonably expended on the Defendant's attempt to obtain a new trial or reduce the jury's verdict multiplied by a reasonable hourly rate, known as the "lodestar approach." *See Bivins v. Wrap It Up, Inc.*, 380 Fed. Appx. 888, 890 (11th Cir. 2010). The Eleventh Circuit utilizes a 12-prong test to determine what constitutes a reasonable hourly rate. *Id*. Also, the reasonable number of hours expended is the hours that the Court finds were reasonably spent in obtaining the result for the client. *See Norman v. Haus. Author. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (abrogated on other grounds). In this case, Plaintiffs ask that the Court sanction the Defendant and its counsel commensurate with the amount spent addressing the Defendant's Motion for New Trial filed on August 3, 2023, and all ensuing time and efforts in this Court as related to the Defendant's attempt to avoid or reduce the jury's verdict and the final judgment rendered thereon.

## V. CONCLUSION

WHEREFORE Plaintiffs, Delio Batista, Carlos Lopez, Mariana Lopez, and Rafaela Valiente, request that the Court sanction Defendant and its counsel pursuant to Rule 11.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that he emailed defense counsel to address the issues raised herein on November 3, 2023, then sent a copy of this Motion to defense counsel on November 6, 2023, and thereafter spoke with defense counsel on November 7, 2023, satisfying the requirements imposed by both Rule 11 and Local Rule 7.1. Plaintiffs originally filed this Motion at ECF No. 143, which was

12

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

denied as premature. [ECF No. 145.] They updated and refiled their Motion as Renewed after the Court's Order [ECF No. 145] to address the intervening events.

Dated this 8th day of December 2023.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
Fax:    305.230.4844
*Counsel for Plaintiffs*

13

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*